UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————x
:
CYNTHIA A. BENNETT and GUY E. MILLER,  :
: Civil Action No. 04cv11651 (MLW)
Plaintiffs,  :
:
vs.  :
:
FIDELITY MANAGEMENT AND RESEARCH  :
COMPANY, et. al.,  :
:
Defendants.  :
:
———————————————————x
:
NANCY HAUGEN, MICHAEL F. MAGNAN,  :
KAREN L. MAGNAN, ROSE M.  : Civil Action No. 04cv11756 (MLW)
IANNACCONE, PRESLEY C. PHILLIPS,  :
ANDREA M. PHILLIPS, and CINDY  :
SCHURGIN, for the use and benefit of FIDELITY  :
MAGELLAN AND FIDELITY CONTRAFUND,  :
:
Plaintiffs,  :
:
vs.  :
:
FIDELITY MANAGEMENT AND RESEARCH  :
COMPANY, et. al.,  :
:
Defendants.  :
:
———————————————————x

**MEMORANDUM OF LAW IN SUPPORT OF THE *GILLIAM*
PLAINTIFFS' MOTION TO INTERVENE AND TO STAY ALL PROCEEDINGS**

The *Gilliam* Plaintiffs respectfully submit this memorandum of law in support of their motion for intervention and to stay all proceedings.[1]

There are currently seven cases pending in this District alleging excessive fees charged to investors in Fidelity mutual funds. All of these cases allege claims under section 36(b) of the Investment Company Act of 1940. The *Gilliam* Plaintiffs believe that all seven cases are related and should be consolidated into a single action. To this end, the *Gilliam* Plaintiffs filed a Motion to Consolidate Cases on September 1, 2004 (the "Consolidation Motion") in all seven cases. The Consolidation Motion is opposed by Defendants and by the *Haugen* and *Bennett* plaintiffs. On November 8, 2004, before the Consolidation Motion was decided, Judge Richard G. Stearns recused himself from the *Gilliam*, *Bogatin*, *Awali*, *Groeschel*, and *Fallert* cases. On November 16, 2004, the cases were reassigned. The lowest numbered case in this District, *Gilliam*, and *Bogatin Family Trust* are currently pending before Judge Gertner, while *Bennett, Awali, Haugen* and *Fallert* are pending before Judge Wolf and *Groeschel* is pending before Judge O'Toole.[2] On November 17, 2004, following Judge Stearns' recusal, the *Gilliam* Plaintiffs filed a Notice of

---

[1] The *Gilliam* Plaintiffs consist of the plaintiffs in the following five cases: *Gilliam v. Fidelity Management & Research Co.*, No. 04-cv-11600 (NG); *Bogatin Family Trust v. Fidelity Management and Research Co.*, No. 04-cv-11642 (NG); *Awali v. Fidelity Management and Research Co.*, No. 04-cv-11709 (MLW); *Groeschel v. Fidelity Management and Research Co.*, No. 04-cv-11735 (GAO); and *Fallert v. Fidelity Management and Research Co.*, No. 04-cv-11812 (MLW) (collectively these five cases will be referred to as the "*Gilliam* Plaintiffs"). No party is disputing that these five cases should be consolidated. The only issue is whether *Bennett* and *Haugen* should also be consolidated. *See Bennett v. Fidelity Management and Research Co.*, No. 04-cv-11651 (MLW); *Haugen v. Fidelity Management & Research Co.*, No. 04-cv-11756 (MLW).

[2] In fact, because pending before Judge Wolf are *Fallert* and *Awali* (which are part of the *Gilliam* Plaintiffs' cases), as well as the *Haugen* and *Bennett* cases, the *Haugen* and *Bennett* plaintiffs are asking that all of these cases, which are essentially the same, be on separate tracks. This is even more of a reason for a stay because *Fallert* and *Awali* will not be proceeding at the same time with *Haugen* and *Bennett.*

Pending Motions in Related Cases (the "Notice") to apprise Judge Gertner and the other Judges of, among other things, the outstanding Consolidation Motion. The *Haugen* and *Bennett* plaintiffs responded to the Notice and indicated that their cases were moving forward and gave as an example the fact that Defendants had already served answers to the *Haugen* and *Bennett* complaints and that the parties were preparing a discovery schedule.

The *Gilliam* Plaintiffs believe all seven of the pending actions should be consolidated due to the factual and legal similarities between and among the actions. Any actions taken in the *Haugen* and *Bennett* cases is prejudicial to the *Gilliam* Plaintiffs who are bringing the same claims. Therefore, the *Gilliam* Plaintiffs' motion to intervene in the *Haugen* and *Bennett* cases should be granted. In addition, the *Gilliam* Plaintiffs' motion to stay all proceedings pending a decision on the Consolidation Motion should be granted or, in the alternative, the *Gilliam* Plaintiffs should be allowed to participate in the *Haugen* and *Bennett* action as fully as if they were named plaintiffs. This is essential to prevent prejudice to the *Gilliam* Plaintiffs who have the very same claim against the very same defendant on behalf of the very same five Fidelity Funds as the *Haugen* and *Bennett* plaintiffs.

I.      **THE *GILLIAM* PLAINTIFFS MAY INTERVENE AS OF RIGHT**

Under Federal Rule of Civil Procedure 24(a), the *Gilliam* Plaintiffs may intervene as of right. Rule 24(a)(2) permits intervention upon timely application:

> [w]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The *Gilliam* Plaintiffs' application is timely. It was brought upon learning that Defendants and the *Haugen* and *Bennett* plaintiffs are continuing to litigate despite their knowledge that there is a

3

disputed pending motion to consolidate outstanding. The *Gilliam* Plaintiffs also meet all the additional requirements for intervention as of right.

      A.      **The *Gilliam* Plaintiffs Claim an Interest Relating to the Property That is the Subject of the *Haugen* and *Bennett* Actions**

The *Haugen* and *Bennett* actions bring claims under Section 36(b) of the Investment Company Act on behalf of a total of five Fidelity Funds. The *Gilliam* Plaintiffs also allege a Section 36(b) claim. The *Gilliam* Plaintiffs collectively own 32 Fidelity Funds, ***including all five of the Funds in the Haugen and Bennett actions***.[3] As shareholders in the Fidelity Funds that are the subject of the *Haugen* and *Bennett* actions, the *Gilliam* Plaintiffs have an interest relating to the property that permits intervention as of right. *See, e.g.*, Miracle Mart v. Margolis, 46 F.R.D. 458 (D. Mass. 1969) (allowing intervention of minority shareholder in case involving illegal sale of corporations stock).

      B.      **Disposition of the *Haugen* and *Bennett* Actions May as a Practical Matter Impair or Impede the *Gilliam* Plaintiffs' Ability to Protect Their Interest in the Fidelity Funds**

Unlike *Haugen* and *Bennett,* who limit their Section 36(b) claim to five Funds, the *Gilliam* Plaintiffs represent 32 Funds, including the same five that *Haugen* and *Bennett* own. The *Gilliam* Plaintiffs' ownership of more than six times the Funds of *Haugen* and *Bennett* means that the continued disposition of the *Haugen* and *Bennett* actions would impair the *Gilliam* Plaintiffs' ability to protect their interests in the Funds they own. Furthermore, as the *Gilliam* Plaintiffs seek to represent all 206 Fidelity Funds, their ability to do so is also impaired

---

[3] The *Haugen* plaintiffs allege a Section 36(b) claim on behalf of the Fidelity Magellan Fund and the Fidelity Contrafund. The *Bennett* plaintiffs allege claims on behalf of the Magellan Fund and the Contrafund, in addition to the Fidelity Growth & Income Fund, the Fidelity Blue Chip Fund, and the Fidelity Low-Priced Stock Fund. The *Gilliam* Plaintiffs allege their Section 36(b) claim on behalf of all of the foregoing funds and 27 more funds as well.

by the restrictive *Haugen* and *Bennett* actions. Because the *Gilliam* Plaintiffs own the identical Funds as *Haugen* and *Bennett*, the *Gilliam* Plaintiffs are faced with inconsistent adjudications on identical claims. For example, plaintiff Awali owns the Fidelity Magellan Fund and the Fidelity Contrafund. These Funds are subject to four separate actions, *Awali*, *Gilliam*, *Haugen*, and *Bennett*, impairing plaintiff Awali's ability to protect his interest as decisions concerning those Funds are rendered separately. In addition, plaintiff Awali owns the Fidelity OTC Portfolio that is only a part of the *Gilliam* action. Decisions in the *Haugen* and *Bennett* actions may impede plaintiff Awali's ability to protect his interest in the OTC Fund.

In addition, even though *Gilliam*, *Haugen*, and *Bennett* all allege a common course of conduct by Defendants that harmed all the Fidelity Funds, only *Gilliam* seeks to recover for violations of Section 36(b) on behalf of all 206 Funds. Should *Haugen* and *Bennett* get their way and proceed separately from *Gilliam*, the very real possibility of inconsistent adjudications in two (or three) separate actions, including the possibility that Defendants will settle with *Haugen's* and *Bennett's* five funds and fight to keep the other 201 from any recovery, impairs the *Gilliam* Plaintiffs' ability to protect their interests and the interests of the Class and Funds they seek to represent. (This is precisely why the *Gilliam* Plaintiffs are seeking consolidation.)

### C. The *Gilliam* Plaintiffs' Interest is not Adequately Represented by the *Haugen* and *Bennett* Plaintiffs

The *Haugen* and *Bennett* plaintiffs cannot adequately represent the interests of the *Gilliam* Plaintiffs. *Haugen* and *Bennett* are bringing small, restrictive actions that cover only five of the 206 Fidelity Funds. Because the *Gilliam* Plaintiffs own 27 Funds in addition to the five covered by the *Haugen* and *Bennett* actions, *Haugen* and *Bennett* are not representing the vast majority of the interests held by the *Gilliam* Plaintiffs.

The *Haugen* and *Bennett* plaintiffs are well aware of the pending contested consolidation motion as they both submitted papers in opposition. Furthermore, they are aware that, due to Judge Stearns' recusal and the transfer of the *Gilliam* cases, the Consolidation Motion has not been decided. Despite the pending Consolidation Motion, *Haugen* and *Bennett* are furiously moving forward to maintain the illusion that the cases are not related, rather than allow the Court to determine the necessity of consolidation. Not surprisingly, the Defendants are conspiratorially assisting *Haugen* and *Bennett* to move their cases forward to further the illusion of unrelatedness. This is because Defendants are supporting the plaintiffs who are seeking to hold Defendants responsible for their wrongdoing for only five Funds (instead of the 32 Funds owned by *Gilliam*, who also seek to hold additional Defendants responsible for wrongdoing across all of the 206 Fidelity Funds). If consolidation is granted, a consolidated complaint will be filed and Defendants' previous Answers in *Haugen* and *Bennett* will be moot. In addition, any discovery undertaken in *Haugen* and *Bennett* will have to be redone in light of the additional Fidelity Funds at issue. As a result, the resources of the Court are wasted and all parties are subject to inefficient and duplicative work. *Haugen* and *Bennett* are not adequately representing the interests of the *Gilliam* Plaintiffs and intervention as of right should be granted.

## II.     THE *GILLIAM* PLAINTIFFS ALSO MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

Permissive intervention under Rule 24(b) is allowed upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). *Gilliam*, *Haugen* and *Bennett* all set forth a claim under Section 36(b) for excessive fees. A review of the allegations of the complaints demonstrates the factual similarity of the allegations.

| Allegation | *Gilliam* Complaint | *Haugen* Complaint | *Bennett* Complaint |
|---|---|---|---|
| Excessive management fees | ¶¶ 4, 56, 63, 69-70 | ¶¶ 11-12; 45-56 | ¶¶ 11-12; 41-53 |
| Failure to pass on economies of scale | ¶¶ 4, 68-70 | ¶¶ 60-71 | ¶¶ 57-68 |
| Improper use of directed brokerage | ¶¶ 78-87 | ¶¶ 88, 90 | ¶¶ 86, 88 |
| Improper use of soft dollars | ¶¶ 78-87 | ¶¶ 89-92 | ¶¶ 87-90 |
| Failure to offer breakpoints | ¶ 74 | ¶ 18 | ¶ 18 |
| Growth of client base by pushing brokers to sell Fidelity Funds | ¶¶ 3, 87 | ¶ 86-87 | ¶ 85 |
| Board of Trustees failed in their duty to protect the Funds and investors | ¶¶ 49-64 | ¶¶ 27-29 | ¶¶ 28-30 |
| The dominance and undue influence of Defendants on the Board of Trustees | ¶¶ 54-55 | ¶¶ 110, 114-115 | ¶¶ 112 -113, 116-117 |
| The inter-relationship of the Fidelity Funds family | ¶¶ 13, 18, 49 | ¶ 114 | ¶ 116 |

These common questions of law and fact permit intervention. In addition, as explained above, the application for intervention is timely. Finally, intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). The claims of *Haugen*, *Bennett* and *Gilliam* are the same. Any delay while the Court decides the Consolidation Motion will not prejudice *Haugen's* and *Bennett's* rights because their claims will proceed along with the other consolidated cases. The need to allow the Court to rule on the relatedness of the Actions and to conserve judicial resources during this short time will not unduly prejudice *Haugen* and *Bennett*.

Under either prong of Rule 24, the *Gilliam* Plaintiffs' motion for intervention should be granted.

7

### III. PROCEEDINGS IN *HAUGEN* AND *BENNETT* SHOULD BE STAYED PENDING RESOLUTION OF THE CONSOLIDATION MOTION

A stay of proceedings is appropriate where, as here, a decision by a different court will materially affect the actions. *See, e.g., M.A.S. Realty Corp. v. Travelers Casualty & Surety Co.*, 196 F. Supp. 2d 41 (D. Mass. 2002) (allowing the motion to stay pending completion of the reference proceeding); *Baggesen v. American Skandia Life Assurance Corp.*, 235 F. Supp. 2d 30 (D. Mass. 2002) (staying proceedings pending arbitration); *Goldhammer v. Dunkin' Donuts*, 59 F. Supp. 2d 248 (D. Mass. 1999) (staying proceedings pending decision by English court in related case). The Consolidation Motion will materially impact the *Haugen* and *Bennett* actions. Allowing the *Haugen* and *Bennett* actions to proceed will prejudice the *Gilliam* Plaintiffs if consolidation is granted. This is especially true because the *Gilliam* Plaintiffs own all of the same Funds as *Haugen/Bennett* plus another 27 Funds. Thus, any decisions in the *Haugen* and *Bennett* actions will affect the *Gilliam* Plaintiffs. *See Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003. As the court stated in *Hertz*:

> The Court's considering *Hertz's* motion before the MDL Panel decides the motion for consolidation would deprive TGC of the opportunity to obtain the benefits of MDL Panel consolidation. TCG potentially would have conflicting decisions by this Court and the transferee court, if the MDL Panel grants the motion, thereby decreasing a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues.

*Id.* at 247.

The Consolidation Motion is fully before the Court. The *Gilliam* Plaintiffs expect that the Court will decide the Consolidation Motion shortly. A short stay of the *Haugen* and *Bennett* actions pending resolution of the Consolidation Motion will allow the parties to move forward in a single consolidated case, or in the event that consolidation is denied, will allow the parties to confront important questions as to overlapping claims and representation of the Funds. Judicial efficiency requires that *Haugen* and *Bennett* be temporarily stayed pending the determination of

whether the cases are related and should be consolidated. *See, e.g., Paxonet Communications, Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027 (N.D. Ca. 2003) (after consolidating two related cases, court stayed the litigation pending decision by other district court on whether to dismiss or transfer a third related action). Without the short stay, the actions will be marred by inconsistent adjudications, wasted judicial resources, and duplicative work by the parties.[4]

## CONCLUSION

For all of the foregoing reasons, the *Gilliam* Plaintiffs' Motion to Intervene and to Stay the *Haugen* and *Bennett* Actions Pending Resolution of the Motion to Consolidate should be granted.

Dated: December 8, 2004                **MOULTON & GANS, P.C.**

By: __/s/ Nancy Freeman Gans_____
    Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
(617) 369-7979

*Counsel for Plaintiffs James Gilliam, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Liaison Counsel*

---

[4] In the alternative, if a temporary stay is not granted, the *Gilliam* Plaintiffs request that they be permitted to intervene and participate in the *Haugen* and *Bennett* actions as fully as if they were named parties, including that they receive from Defendants all discovery produced to *Haugen* and *Bennett,* so that the *Gilliam* Plaintiffs are not prejudiced by the *Haugen* and *Bennett* actions moving forward on claims that are the same as those in *Gilliam*.

**MILBERG WEISS BERSHAD**
  **& SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Levy
Michael R. Reese
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Tri-Lead Counsel*

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California  92101
(619) 233-4565

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff James Gilliam*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

*Counsel for Plaintiff Bogatin Family Trust*

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Bogatin Family Trust*

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert*

**CERTIFICATE OF SERVICE**

    I, Daniel P. Dietrich, hereby certify that I served a copy of: (1) The *Gilliam* Plaintiffs' Motion to Intervene and to Stay All Proceedings; (2) Memorandum of Law in Support of the *Gilliam* Plaintiffs' Motion to Intervene and to Stay All Proceedings; and (3) [Proposed] Order Granting Intervention and Staying all Proceedings upon counsel for all parties by facsimile this 8th day of December, 2004.

                                                     /s/ Daniel P. Dietrich
                                                      Daniel P. Dietrich