UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT and<br>GUY E. MILLER,<br><br>      Plaintiffs,<br>v.<br><br>FIDELITY MANAGEMENT &<br>RESEARCH COMPANY and<br>FMR CO., INC.,<br><br>      Defendants. | CIVIL ACTION<br>NO. 04-11651 (MLW) |
| NANCY HAUGEN, MICHAEL F.<br>MAGNAN, KAREN L. MAGNAN,<br>ROSE M. IANNACCONE, PRESELEY C.<br>PHILLIPS, ANDREA M. PHILLIPS,<br>and CINDY SHURGIN, for the use and<br>benefit of FIDELITY MAGELLAN<br>and FIDELITY CONTRAFUND,<br><br>      Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT &<br>RESEARCH COMPANY and<br>FMR CO., INC.,<br><br>      Defendants. | CIVIL ACTION<br>NO. 04-11756 (MLW) |

**OPPOSITION TO GILLIAM PLAINTIFFS' MOTION TO INTERVENE
AND TO STAY ALL PROCEEDINGS IN THE BENNETT ACTION**

**Preliminary Statement**

    Cynthia A. Bennett and Guy E. Miller (the "Bennett Plaintiffs"), plaintiffs in *Bennett v. Fidelity Management and Research Co. et al.*, No. 04-11651 (MLW) (the "Bennett Action"), hereby oppose the Motion To Intervene And To Stay All Proceedings ("Motion to Intervene and

Stay") filed on behalf of the plaintiffs in the following actions: *Gilliam v. Fidelity Management & Research Co. et al.*, No. 04-11600; *Bogatin Family Trust v. Fidelity Management & Research Co. et al.*, No. 04-11642; *Awali et al. v. Fidelity Management and Research Co. et al.*, No. 04-11709; *Groeschel v. Fidelity Management and Research Co. et al.*, No. 04-11735; and *Fallert v. Fidelity Management and Research Co. et al.*, No. 04-11812 (collectively, the plaintiffs in these actions will be referred to herein as the "Gilliam Plaintiffs" and the actions will be referred to herein as the "Class Actions").

The Gilliam Plaintiffs' Motion to Intervene and Stay in the Bennett Action, which also was filed in the related case of *Haugen v. Fidelity Management and Research Co. et al.*, No. 04-11756 (the "Haugen Action"), should be denied because the Gilliam Plaintiffs have failed to show that whatever interests they have in these actions are inadequately represented by the Bennett and Haugen Plaintiffs and their counsel. Moreover, the Gilliam Plaintiffs have failed to sustain their heavy burden in demonstrating the hardship or inequity that would justify a stay of these actions.

The Motion to Intervene and Stay appears singularly motivated by the Gilliam Plaintiffs' counsel's desire to take over the Bennett and Haugen Actions and consolidate them with the Class Actions. Such a motion to consolidate has been filed by the Gilliam Plaintiffs, and their counsel appear concerned that the Bennett and Haugen actions, which both are proceeding into discovery as related cases before Judge Wolf, might continue to progress at a much faster pace than the Class Actions and, thus, make consolidation much less likely. As shown below, this ulterior motive for seeking intervention explains why the Gilliam Plaintiffs cannot articulate how their interests are being inadequately represented in the Bennett Action. Similarly, the request that the Bennett and Haugen Actions be stopped dead in their tracks with the entry of a stay

2

shows that counsel for the Gilliam Plaintiffs care nothing for the various plaintiffs' true interests, which all would be best served by having the Bennett and Haugen Actions proceed as expeditiously as possible.

<u>**Argument**</u>

    A.    **The Motion To Intervene And Stay Should Be Dismissed For Failure To Comply With The Requirements Of Fed. R. Civ. P. 24**

Consistent with liberties they have taken in the past, the Gilliam Plaintiffs have again failed to comply with proper civil procedure now in seeking to intervene in the Bennett Action.[1] Rule 24(c) of the Federal Rules of Civil Procedure requires that a motion seeking intervention be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Failure to file such a pleading, by itself, is enough to require denial of intervention. *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 n.6 (1st Cir. 1998); *School Dist. of Philadelphia v. Pennsylvania Milk Marketing Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995) (motion to intervene was denied where petitioner did not attach a pleading setting forth the claim or defense for which intervention was sought); *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996) (finding that motion to intervene was deficient where the movant failed to submit a pleading setting forth the claim for which intervention was sought). The purpose of this rule is to place the existing parties on notice of the position of the proposed intervenor, the nature and basis of the claim asserted, and the relief sought by the intervenor. *Dillard*, 166 F.R.D. at 506 (citing *WJA Realty Ltd. Partnership v. Nelson*, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989)).

---

[1] The Gilliam Plaintiffs have repeatedly disregarded the Federal Rules of Civil Procedure and local procedural rules and requirements. For instance, the Gilliam Plaintiffs moved to consolidate the Bennett Action with the Class Actions but failed to consult with counsel for the Bennett Plaintiffs prior to filing the motion as required by Local Rule 7.1. The Gilliam Plaintiffs further failed to timely serve the motion to consolidate on counsel for the Bennett Plaintiffs. The Gilliam Plaintiffs then failed to seek leave prior to filing a reply brief in further support of their motion to consolidate, and never informed the Bennett Plaintiffs that they intended to file a reply brief at all.

Here, it is particularly necessary that the Gilliam Plaintiffs attach a pleading setting forth the nature and the basis of any claims they wish to assert in the Bennett Action because the Gilliam Plaintiffs' memorandum of law speaks only of a general, but unsubstantiated, interest in the Bennett Action and a general relation of the Bennett Action to the Class Actions. The Gilliam Plaintiffs make only vague references to claims they have asserted in the Class Actions but do not clearly state what claims, if any, they seek to assert in the Bennett Action. As shown below, the Gilliam Plaintiffs actually do not have an unrepresented interest in the Bennett Action, which is why counsel have not been able to set forth any specific claim or defense in a pleading as required. The Motion to Intervene and Stay, therefore, should be denied outright.

> **B.    The Gilliam Plaintiffs Have No Basis To Intervene As Of Right Because The Bennett Plaintiffs And Their Counsel Are More Than Adequately Representing Any Potential Interest They Might Have In This Matter**

The Gilliam Plaintiffs move to intervene in the Bennett Action under Federal Rule of Civil Procedure 24(a) as a matter of right. Rule 24(a) states:

> (a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, ***unless the applicant's interest is adequately represented by existing parties.***

(Emphasis added.)

One of the fundamental showings a party must make to intervene in a lawsuit is "a satisfactory showing that existing parties inadequately represent its interest." *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998); *see also Daggett v. Commission on Governmental Ethics & Election Practices*, 172 F.2d 104, 111 (1st Cir. 1999). The failure to satisfy this burden dooms intervention. *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 637 (1st Cir. 1989). "Where an existing party adequately represents the interest asserted by the

intervenor, there is no right to intervention." *Smoot v. Mobil Oil Corp.*, 722 F. Supp. 849, 860 (D. Mass. 1989) (citing *Morgan v. McDonough*, 726 F.2d 11, 14 (1st Cir. 1984)). The burden is on the party seeking to intervene to prove inadequate representation. *Ruthardt v. United States*, 303 F.3d 375, 386 (1st Cir. 2002).

Any interests that the Gilliam Plaintiffs could have as investors in the five Fidelity mutual funds at issue in the Bennett Action are already being adequately represented by the Bennett Plaintiffs and their counsel as part of this derivative action on behalf of all such shareholders.[2] Moreover, the Gilliam Plaintiffs have made no showing that the Bennett Plaintiffs and their counsel are in any way inadequate. Instead, the Gilliam Plaintiffs argue only that they somehow are underrepresented in the Bennett Action because they have asserted a number of different claims in the Class Actions, involving hundreds of mutual funds and allegations of widespread fraud and intentional misconduct that are not at issue in the Bennett Action. The claims asserted by the Gilliam Plaintiffs in other actions, however, are irrelevant. The only relevant inquiry is whether the interests of the Gilliam Plaintiffs, as they arise in the Bennett Action, are adequately represented, which they are. *See TPI Corp. v. Merchandise Mart of S. Carolina, Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974) ("Rule 24(a)(2) requires a practical impairment of the ability to **protect** an interest and not a practical impairment of the ability to *assert* an interest.").

As mentioned above, it appears that the Gilliam Plaintiffs' true concern about the Bennett Action has less to do with substantive legal interests than with the fact that the Bennett Action was brought by plaintiffs represented by attorneys other than those filing the Class Actions. It is well settled that unhappiness with chosen counsel in an action alone is insufficient to establish

---

[2] If, in fact, some of the Gilliam Plaintiffs did not own any of the five Fidelity mutual funds at issue, which include the Fidelity Contrafund, the Fidelity Growth & Income Fund, the Fidelity Magellan Fund, the Fidelity Blue Chip Fund, and the Fidelity Low-Priced Stock Fund, during the relevant time period, they would not have any assertable interest at all in the Bennett Action.

inadequacy of representation or to support a motion to intervene. *Atlanta Laundries, Inc. v. Nat'l Linen Serv. Corp.*, 81 F. Supp. 650, 651-52 (N.D. Ga. 1948) (denying shareholders' motion to intervene where they were merely dissatisfied with corporation's lawyers).

### C. Permissive Intervention Is Inappropriate Here Where The Gilliam Plaintiffs' Involvement Would Cause Certain Delay And Undue Prejudice

The Gilliam Plaintiffs' attempt to intervene in the Bennett Action under Fed. R. Civ. P. 24(b), on the basis of the various actions purportedly having a common question of law or fact, is unsupportable where the Gilliam Plaintiffs' primary objective is only to stay these proceedings to advance the goals of counsel in the Class Actions and achieve consolidation. Permitting the Gilliam Plaintiffs to intervene will only delay and prejudice the adjudication of the Bennett Plaintiffs' rights.

"[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and, even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Resolution Trust Corp. v. City of Boston*, 150 F.R.D. 449, 454-55 (D. Mass. 1993). Rule 24(b) specifically instructs that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." A court may block intervention under Rule 24(b) where it would cause undue delay or prejudice. *United States v. Metropolitan Dist. Comm'n*, 147 F.R.D. 1, 6 (D. Mass. 1993).

Aside from the requested stay, it is unclear what claims or relief the Gilliam Plaintiffs would assert or seek in the Bennett Action if permitted to intervene. Their Motion to Intervene and Stay, however, suggests that, at the very least, they will seek to add numerous parties and numerous unrelated claims to the Bennett Action. Whereas the requested stay is sure to immediately delay the proceedings if granted, the numerous claims and parties added by the

Gilliam Plaintiffs also will severely slow the ultimate resolution of the Bennett Plaintiffs' claims. Moreover, the case will become much more complicated and confusing should the extremely broad and fact-intensive Class Action claims -- alleging widespread fraud and malfeasance across hundreds of Fidelity mutual funds by Fidelity fund trustees and brokers within and outside of Fidelity -- be coupled with the Bennett Action claims alleging only that the defendants breached their statutory duty under the Investment Company Act of 1940 by charging excessive portfolio selection fees in five specific funds.[3]

A motion for permissive intervention is properly denied where, as here, the proposed intervenor seeks to greatly expand the litigation. *See Marvel Entertainment Group, Inc. v. Hawaiian Triathalon Corp.*, 132 F.R.D. 143, 146 (S.D.N.Y. 1990) (permissive intervention denied where proposed intervenor sought to assert additional claims that would expand the scope and costs of original litigation and would result in prejudice to the original parties); *SEC v. TLC Ins. & Trade Co.*, 147 F. Supp.2d 1031, 1043 (C.D. Ca. 2001) (finding that allowing intervention would cause undue delay where applicants for intervention sought to add the claims of 700 individual plaintiffs, which would create need to do additional discovery and involve a more extensive trial). A court may also deny intervention where it will result in confusion. *See Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98-99 (2d Cir. 1990) (permissive intervention denied where the injection of new issues would unduly complicate and delay the original litigation); *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978) (affirming decision of district court that permissive intervention would not be

---

[3] The nature of the delay and prejudice which will occur for the Bennett Plaintiffs is set out in detail in the Bennett Plaintiffs' opposition to the Gilliam Plaintiffs' motion to consolidate, and will not be recounted here in full detail, but includes extensive additional discovery obligations, expansion of the claims to include more than 200 Fidelity mutual funds, standing problems, class certification issues, motions to dismiss, and confusion due to different statutes of limitations, the fact that the Bennett Action is a derivative action while the Class Actions assert claims on behalf of a class, and the fact that the Bennett Action requires a bench trial while the Class Actions demand a jury trial.

7

permitted because the addition of thirteen additional plaintiffs would unnecessarily delay and complicate the original case).

Aside from the delay and prejudice that would otherwise result, the Motion to Intervene and Stay should also be rejected as improper to the extent it is only a tactical effort to support the Gilliam Plaintiffs' attempt at consolidation. With the Gilliam Plaintiffs unable to state the specific claim or defense they wish to pursue and the specific legitimate interests they might have in the Bennett Action, the Court properly should be wary of permitting any intervention. *See Edmondson v. Nebraska*, 383 F.2d 123, 128 (8th Cir. 1967) ("When improper motive in seeking intervention appears, the trial court should be wary to grant the request."); *Kozak v. Wells*, 278 F.2d 104, 107 (8th Cir. 1960) ("[C]ourt must be on guard against the improper use of the intervention process.").

### D. The Gilliam Plaintiffs Cannot Properly Stay The Bennett Action Based On The Pendency Of A Motion To Consolidate

A stay of the Bennett Action pending a resolution of the Gilliam Plaintiffs' motion to consolidate is not warranted here. A party seeking a stay must "make out a ***clear*** case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936) (emphasis added); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77-78 (1st Cir. 2004) (upholding trial court denial of motion to stay where the movant did not carry his "heavy burden" of demonstrating hardship); *Nomos Corp. v. ZMED, Inc.*, No. 01-10765, 2002 U.S. Dist. LEXIS 12441, *2-3 (D. Mass. June 26, 2002) (denying motion to stay proceedings where the defendant had not established a clear case of hardship or inequity in being required to go forward); *Dow Chemical Co. v. Composite Container Corp.*, No.

83-1734, 1984 U.S. Dist. LEXIS 17752, *2 (D. Mass. Apr. 10, 1984) (defendant failed to meet standard of hardship or inequity required to grant a stay pending resolution of a separate claim).

The Bennett Plaintiffs presently are developing a discovery plan with the defendants in the Bennett Action and are otherwise acting to move the case through litigation. The defendants have answered the Bennett Plaintiffs' complaint, and there is no reason why the case should not proceed. A stay will immediately halt all action toward an adjudication, resulting in substantial, unnecessary delay. The Gilliam Plaintiffs, on the other hand, are not facing any prejudice by having the Bennett Action proceed on course, even if a motion to consolidate is pending. The fact that the Class Actions may be months or years behind the Bennett Action -- where the Class Actions still must litigate motions to dismiss, class certifications issues, standing issues, and others before commencing discovery -- highlights the differences between the cases that speak against consolidation. These differences, however, do not justify a stay of the claims that the Bennett Plaintiffs are entitled to pursue with all due speed.[4] Moreover, if the Bennett Action proceeds and the cases are ultimately consolidated, the Bennett Action's progress can only benefit, rather than detract from, the Class Actions.

In sum, the Gilliam Plaintiffs have failed to meet their heavy burden of demonstrating the hardship or inequity that would justify a stay of the Bennett Action.

---

[4] Despite the Gilliam Plaintiffs' aspersions to the contrary, counsel for the Bennett Plaintiffs are only pursing this case in accordance with their obligations under the Rules of Professional Conduct, which require prompt and diligent action while zealously representing their clients. *See* Massachusetts Rules of Professional Conduct, Rule 1.3.

## Conclusion

For the foregoing reasons, the Bennett Plaintiffs respectfully request that the Gilliam Plaintiffs' Motion To Intervene And To Stay All Proceedings be denied in its entirety.

Dated:  December 22, 2004

Respectfully submitted,

CYNTHIA A. BENNETT and
GUY E. MILLER,

By their attorneys,


    s/Matthew J. Tuttle
Robert D. Friedman, BBO# 180240
  rfriedman@pscboston.com
Harry S. Miller,  BBO# 346946
  hmiller@pscboston.com
Matthew J. Tuttle,  BBO# 562758
  mtuttle@pscboston.com
Sara B. Davis,  BBO# 648002
  sdavis@pscboston.com
PERKINS SMITH & COHEN LLP
One Beacon Street, 30th Floor
Boston, MA  02108
(617) 854-4000

Thomas R. Grady (*pro hac vice*)
THOMAS R. GRADY, P.A.
720 Fifth Avenue South
Suite 200
Naples, Florida 34102
(239) 261-6555

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party via the electronic filing system or via facsimile on December 22, 2004.

                                                                                s/Sara B. Davis
                                                                                 Sara B. Davis