**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                  Defendants. | Civil Action No. 04cv11600 (NG) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                  Defendants. | Civil Action No. 04cv11642 (NG) |
| CYNTHIA A. BENNETT and GUY E. MILLER,<br><br>                  Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                  Defendants. | Civil Action No. 04cv11651 (MLW) |

[Caption continues on next page]

**MOTION TO STRIKE THE INDEPENDENT TRUSTEE DEFENDANTS'
SUBMISSION IN SUPPORT OF FIDELITY DEFENDANTS' MOTION FOR
<u>CONSOLIDATION AND SEVERANCE OF CLAIMS</u>**

| | |
|---|---|
| GHASSAN J. AWALI et al., Individually And On Behalf Of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04cv11709 (MLW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04cv11735 (GAO)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN AND FIDELITY CONTRAFUND,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 04cv11756 (MLW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[Caption continues on next page]

| | |
|---|---|
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 04cv11812 (MLW) |

Plaintiffs James Gilliam, Bogatin Family Trust, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert (the "*Gilliam* Plaintiffs") hereby move to strike the Independent Trustee Defendants' Submission in Support of Fidelity Defendants' Motion for Consolidation and Severance of Claims.[1]

The Independent Trustee Defendants cite no authority that allows them to slice up the *Gilliam* Plaintiffs' complaint and redistribute the claims to various judges of their own choosing. The Independent Trustee Defendants do not even cite the rule of federal procedure under which they are proceeding.[2]  The submission, made without any legal basis, should be stricken.

Moreover, the Independent Trustee Defendants' submission in support of the Fidelity Defendants' consolidation and severance of claims is just another (belated) response to the

---

[1] The Fidelity Defendants filed their motion on December 22, 2004.  By moving to strike the Independent Trustee Defendants' submission, the *Gilliam* Plaintiffs do not waive any right to respond to the substantive issues raised in the submission.

[2] To the extent the Independent Trustee Defendants may rely on Rule 21 of the Federal Rules of Civil Procedure as authority for their submission, they are mistaken.  Rule 21 governs improper joinder of parties and allows for a party who claims improper joinder to sever claims and litigate them in a separate proceeding.  This is not the case here nor do Defendants claim it is.

- 3 -

*Gilliam* Plaintiffs' motion for consolidation of the seven pending excessive fee cases in this jurisdiction (the "*Gilliam* Consolidation Motion"). That motion has been fully briefed and is pending before the Court. A decision on the *Gilliam* Consolidation Motion will render Defendants' instant submission moot and it therefore should be stricken as it threatens to waste judicial resources and produce inconsistent adjudications. In fact, all of the arguments that Defendants now raise should have been made when they filed their opposition to the *Gilliam* Consolidation Motion during the regular briefing cycle. As there is a fully briefed consolidation motion pending, Defendants' new arguments on the structure of these cases come too late and should be stricken.[3]

## CONCLUSION

For the reasons detailed herein, Plaintiffs respectfully request this Court to strike the Independent Trustee Defendants' Submission in Support of Fidelity Defendants' Motion for

---

[3] Although the *Gilliam* Plaintiffs do not respond to this improper and duplicative submission on the merits, it must be noted that by arguing that claims in the *Gilliam* cases should be transferred to Judge Wolfe and consolidated with the *Bennett* and *Haugen* actions, the Independent Trustee Defendants implicitly concede that there are related claims in the seven actions. Defendants' instant submission therefore fully *supports* the arguments by the *Gilliam* Plaintiffs that these seven excessive fee cases should be consolidated. Nevertheless, the Independent Trustee Defendants' submission attempting, for their own advantage, to maneuver claims into two separate proceedings should be stricken.

Consolidation and Severance of Claims or, in the alternative, grant the *Gilliam* Plaintiffs 14 days to respond to the submission on the merits.

Dated:  January 13, 2005                    **MOULTON & GANS, P.C.**

By: __/s/ Nancy Freeman Gans_____
    Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts  02109-4216
(617) 369-7979

*Counsel for Plaintiffs James Gilliam, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Tri-Lead Counsel*

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California 92101
(619) 233-4565

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030

*Counsel for Plaintiff James Gilliam*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004
(610) 667-7706

*Counsel for Plaintiff Bogatin Family Trust*

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Bogatin Family Trust*

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert*

## LOCAL RULE 7.1(A) (2) CERTIFICATE

I, Nancy Freeman Gans, hereby certify that on January 13, 2005, I spoke by telephone with the John Kiernan, Esquire, of Debevoise & Plympton, counsel for the Independent Trustee Defendants, regarding the Motion to Strike the Independent Trustee Defendants' Submission in Support of Fidelity Defendants' Motion for Consolidation and Severance of Claims, who opposes the motion.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that I served a copy of the foregoing document upon counsel for all parties by facsimile this 13th day of January, 2005.

/s/ Nancy Freeman Gans
Nancy Freeman Gans