UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT and GUY E. MILLER,<br><br>Plaintiffs,<br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-cv-11651-MLW |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESELEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SHURGIN, for the use and benefit of FIDELITY MAGELLAN and FIDELITY CONTRAFUND,<br><br>Plaintiffs,<br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-cv-11756-MLW |

## [PROPOSED] ORDER FOR CONSOLIDATION

WHEREAS, the above-referenced actions (the "Actions") share common issues of law and fact, and consolidation is appropriate under Federal Rule of Civil Procedure 42(a);

THE COURT ORDERS as follows:

1.  The Actions are consolidated for purposes of discovery and trial. The Actions shall be filed into the lowest civil action number, *Bennett v. Fidelity Management & Research Company and FMR Co., Inc.*, No. 04-11651 (MLW) ("*Bennett* Action"), and a Master Docket is hereby established for the Actions under this civil action number.

2.  The Plaintiffs shall file a Consolidated Complaint within fourteen (14) days after the date of this Order. Defendants shall have forty-five (45) days from the date of the filing of the Consolidated Complaint to move, answer, or otherwise respond to the Consolidated Complaint.

3.  When a case that arises out of the same operative facts as these Actions is hereinafter filed in or transferred to this Court, it shall be consolidated into the Bennett Action and the Clerk of this Court shall:

    (a)  File a copy of this Order in the separate file for such action;

    (b)  Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    (c)  Make the appropriate entry in the Master Docket.

4.  This Order will apply to any case that arises out of the same operative facts as these Actions and is hereafter filed in or transferred to this Court, unless a party objecting to the consolidation of that case or any provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

5.  Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, the Consolidated Complaint referred to in paragraph 2 of this Order for Consolidation shall be deemed to be the complaint in such case, and defendants shall not be required to answer, plead, or otherwise move with respect to that complaint separately from their response to the Consolidated Complaint.

6.  The terms of this Order shall not have the effect of making any person, firm, or entity a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order for Consolidation shall not constitute a waiver by any party of any claims or defenses to any action in court.

IT IS SO ORDERED

Dated: October 28, 2005

Marianne B. Bowler, USMJ
~~Honorable Mark L. Wolf~~
United States ~~District Judge~~ Magistrate Judge

3