**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

CYNTHIA A. BENNETT, GUY E. MILLER,
NANCY HAUGEN, MICHAEL F.
MAGNAN, KAREN L. MAGNAN,
PRESLEY C. PHILLIPS, ANDREA M.
PHILLIPS, and CINDY SCHURGIN, for the
use and benefit of THE FIDELITY
MAGELLAN FUND, FIDELITY
CONTRAFUND, FIDELITY GROWTH &
INCOME PORTFOLIO I FUND, FIDELITY
BLUE CHIP GROWTH FUND, and
FIDELITY LOW-PRICED STOCK FUND,

          Plaintiffs,

    vs.

FIDELITY MANAGEMENT & RESEARCH
COMPANY and FMR CO., INC.,

          Defendants.

CIVIL NO. 1:04-cv-11651-MLW
(Lead Case)

CIVIL NO. 1:04-cv-11756-MLW
(Consolidated Case)

---

**DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED COMPLAINT**

        Defendants Fidelity Management & Research Company ("FMRCo") and FMR Co., Inc. ("FMRC") (collectively the "Fidelity Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs' Consolidated Complaint (the "Complaint") as set forth below. Except as admitted, qualified, or otherwise answered below, the Fidelity Defendants deny the allegations of the Complaint.

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis deny the allegations.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis deny the allegations, except

admit the following: that as of December 31, 2003, each of the five Funds at issue in this action (Fidelity Magellan Fund, Fidelity Contrafund, Fidelity Growth & Income Portfolio, Fidelity Blue Chip Growth Fund, and Fidelity Low-Priced Stock Fund) (together, the "Funds") had more than $20 billion in assets under management; that the Funds are advised and managed by FMRCo and FMRC; that as of March 31, 2004, Fidelity Magellan had more than $66 billion in assets under management; and that as of January 31, 2004, Fidelity Growth & Income Portfolio had more than $30 billion in assets under management, Fidelity Blue Chip Growth Fund had more than $22 billion in assets under management, and Fidelity Low-Priced Stock had more than $28 billion in assets under management.

3.     Deny the allegations contained in Paragraph 3 of the Complaint, except admit that Defendants are registered investment advisers to the Funds and other mutual funds and institutional client portfolios, neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and deny knowledge or information sufficient to form a belief as to the truth as to whether Plaintiffs are all shareholders of the Funds and on that basis deny the allegation.

4.     Deny the allegations contained in Paragraph 4 of the Complaint.

5.     Deny the allegations contained in Paragraph 5 of the Complaint, except admit that management fees include fees for investment advisory services and other services provided to the Funds.

6.     Deny the allegations contained in Paragraph 6 of the Complaint.

7.     Deny the allegations contained in Paragraph 7 of the Complaint.

8.      Deny the allegations contained in Paragraph 8 of the Complaint.

9.      Deny the allegations contained in Paragraph 9 of the Complaint, except admit that as of December 31, 2003, each of the Funds had more than $20 billion in assets under management.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Deny the allegations contained in Paragraph 11 of the Complaint.

12.     Deny the allegations contained in Paragraph 12 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and deny that Plaintiffs are entitled to the relief described therein.

13.     Deny the allegations contained in Paragraph 13 of the Complaint to the extent that they are factual, neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and admit that Congress enacted the Investment Company Act of 1940 in 1940.

14.     Admit that Paragraph 14 of the Complaint recites a portion of Section 36(b) of the Investment Company Act of 1940.

15.     Deny the allegations contained in Paragraph 15 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 15 and on that basis deny the allegations.

16.     Deny the allegations contained in Paragraph 16 of the Complaint.

17.    Neither admit nor deny the allegations contained in Paragraph 17 of the Complaint insofar as said allegations constitute conclusions of law.

18.    Deny the allegations contained in Paragraph 18 of the Complaint.

19.    Deny the allegations contained in Paragraph 19 of the Complaint.

20.    Deny the allegations contained in Paragraph 20 of the Complaint.

21.    Deny the allegations contained in Paragraph 21 of the Complaint.

22.    Deny the allegations contained in Paragraph 22 and its subparagraphs (a) - (e), except admit that:

a.    As of March 31, 1994, the Fidelity Magellan Fund had more than $33 billion in assets under management; as of September 30, 2003, the Fidelity Magellan Fund had more than $62 billion in assets under management; and at one time Fidelity Magellan Fund's assets under management totaled more than one hundred billion dollars ($100,000,000,000).

b.    For the year ending December 31, 1993, the Fidelity Contrafund had $6.2 billion in assets under management and FMRCo received $25.8 million in management fees from that Fund, and that for the year ending December 31, 2003, the Fidelity Contrafund had $35.9 billion in assets under management.

c.    For the year ending July 31, 1994, the Fidelity Growth & Income Portfolio had $8.8 billion in assets under management, and FMRCo received $40.96 million in management fees from that Fund.

d.    For the year ending July 31, 1994, the Fidelity Blue Chip Growth Fund had $2.2 billion in assets under management, and FMRCo received $9.6 million in

management fees from that Fund; and as July 31, 2003, the Fidelity Blue Chip Growth Fund had $19.9 billion in assets under management.

        e.      For the year ending July 31, 1994, the Fidelity Low-Priced Stock Fund had $2.2 billion in assets under management; and as of July 31, 2003, the Fidelity Low-Priced Stock Fund had $19.6 billion in assets under management.

23.      Deny the allegations contained in Paragraph 23 of the Complaint.

24.      Deny the allegations contained in Paragraph 24 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

25.      Deny the allegations contained in Paragraph 25 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

26.      Deny the allegations contained in Paragraph 26 of the Complaint.

27.      Deny the allegations contained in Paragraph 27 of the Complaint.

28.      Deny the allegations contained in Paragraph 28 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and admit that the Funds are governed by a common board of trustees and that a majority of the Funds' board of trustees is comprised of trustees who are not interested persons of the Funds.

29.      Deny the allegations contained in Paragraph 29 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

30.      Deny the allegations contained in Paragraph 30 of the Complaint.

31.     Deny the allegations contained in Paragraph 31 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 31 and on that basis deny the allegations.

32.     Deny the allegations contained in Paragraph 32 of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and on that basis deny the allegations, and deny that Plaintiffs are entitled to the relief described therein.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and on that basis deny the allegations.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis deny the allegations.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis deny the allegations.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis deny the allegations.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis deny the allegations.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis deny the allegations.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and on that basis deny the allegations.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and on that basis deny the allegations.

42.    Deny the allegations contained in Paragraph 42 of the Complaint, except admit that FMRCo has its principal place of business in Boston, Massachusetts, and that FMRCo is registered as an investment adviser under the Investment Advisers Act of 1940 and is the investment adviser to the Funds and other Fidelity funds.

43.    Deny the allegations contained in Paragraph 43 of the Complaint, except admit that FMRC has its principal place of business in Boston, Massachusetts, that FMRC is registered as an investment adviser under the Investment Advisers Act of 1940 and is an investment sub-adviser to the Funds and other Fidelity funds.

44.     Neither admit nor deny the allegations contained in Paragraph 44 of the Complaint insofar as said allegations constitute conclusions of law, except admit that Plaintiffs purport to base jurisdiction on the statute identified in Paragraph 44.

45.     Neither admit nor deny the allegations contained in Paragraph 45 of the Complaint insofar as said allegations constitute conclusions of law, except admit that Plaintiffs purport to base jurisdiction on the statutes identified in said paragraph.

46.     Deny the allegations contained in Paragraph 46 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

47.     Deny the allegations contained in Paragraph 47 of the Complaint.

48.     Deny the allegations contained in Paragraph 48 of the Complaint.

49.     Deny the allegations contained in Paragraph 49 of the Complaint.

50.     Deny the allegations contained in Paragraph 50 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

51.     Deny the allegations contained in Paragraph 51 of the Complaint.

52.     Deny the allegations contained in Paragraph 52 of the Complaint, except admit that there is price competition between and among mutual fund advisers and that Fidelity sets and adjusts its fees based upon this competition, as well as other factors.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

55.     Deny the allegations contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny the allegations contained in Paragraph 57 of the Complaint.

58.     Deny the allegations contained in Paragraph 58 of the Complaint.

59.     Deny the allegations contained in Paragraph 59 of the Complaint.

60.     Neither admit nor deny the allegations contained in Paragraph 60 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the case described in Paragraph 60 for the exact content and context thereof.

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

62.     Deny the allegations contained in Paragraph 62 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 62 insofar as said allegations constitute conclusions of law and respectfully refer the Court to the case described in Paragraph 62 for the exact content and context thereof.

63.     Deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny the allegations contained in Paragraph 64 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law,

and respectfully refer the Court to the case, study, and report described in Paragraph 64 for the exact content and context thereof.

65.     Deny the allegations contained in Paragraph 65 of the Complaint.

66.     Deny the allegations contained in Paragraph 66 of the Complaint, except admit that on January 2, 1990, the Dow Jones Industrial Average (the "Dow") opened at 2,753 and that on December 31, 1999, the Dow closed at 11,497.

67.     Deny the allegations contained in Paragraph 67 of the Complaint, except admit that on November 3, 2005 (the date of the Complaint), the Dow opened at 10,501 and closed at 10,522.

68.     Deny the allegations contained in Paragraph 68 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

69.     Deny the allegations contained in Paragraph 69 of the Complaint, and respectfully refer the Court to the report and study described in Paragraph 69 for the exact content and context thereof.

70.     Deny the allegations contained in Paragraph 70 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 70 and on that basis deny the allegations, except admit the following: as of December 31, 1993, the Fidelity Contrafund had $6.2 billion in assets under management; as of March 31, 1994, the Fidelity Magellan Fund had more than $33 billion in assets under management; as of July 31, 1994, the Fidelity Growth & Income Portfolio had $8.8 billion in assets under management; as of July 31, 1994, the Fidelity Blue Chip Growth

Fund had $2.2 billion in assets under management; as of July 31, 1994, the Fidelity Low-Priced Stock Fund had $2.2 billion in assets under management; and that as of August 31, 2004, the assets under management in the Funds was $181.6 billion.

71.     Deny the allegations contained in Paragraph 71 of the Complaint, except admit that as of the annual reporting period ending on or before July 31, 2004 for each Fund, total annual management fees for the Funds exceeded $861 million, and that for the ten-year period ended May 31, 2004, the Fidelity Magellan Fund underperformed the S&P 500 index, and that the Fidelity Contrafund outperformed the S&P 500 index during the same period.

72.     Deny the allegations contained in Paragraph 72 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

73.     Deny the allegations contained in Paragraph 73 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

74.     Deny the allegations contained in Paragraph 74 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     Deny the allegations contained in Paragraph 76 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

77.     Deny the allegations contained in Paragraph 77 insofar as they purport to be factual, neither admit nor deny the allegations contained in Paragraph 77 of the Complaint

insofar as said allegations constitute conclusions of law, and respectfully refer the Court to the case and report described in Paragraph 77 for the exact content and context thereof.

78.    Deny the allegations contained in Paragraph 78 of the Complaint, except admit that Paragraph 78 of the Complaint recites portions of the study referred to therein, and respectfully refer the Court to the study referred to in Paragraph 78 for the exact content and context thereof.

79.    Deny the allegations contained in Paragraph 79 of the Complaint, except admit that Paragraph 79 of the Complaint recites portions of the study referred to therein, and respectfully refer the Court to the study referred to in Paragraph 79 for the exact content and context thereof.

80.    Deny the allegations contained in Paragraph 80 of the Complaint, and respectfully refer the Court to the study referred to in Paragraph 80 for the exact content and context thereof.

81.    Deny the allegations contained in Paragraph 81 of the Complaint, except admit that Paragraph 81 of the Complaint recites portions of the study referred to therein, and respectfully refer the Court to the study referred to in Paragraph 81 for the exact content and context thereof.

82.    Deny the allegations contained in Paragraph 82 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

83.     Deny the allegations contained in Paragraph 83 of the Complaint, except admit that the Fidelity Management Trust Company is a wholly owned subsidiary of FMR Corp., the corporate parent of FMRCo and FMRC.

84.     Deny the allegations contained in Paragraph 84 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 84 of the Complaint and on that basis deny the allegations.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and on that basis deny the allegations.

86.     Deny the allegations contained in Paragraph 86 of the Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Complaint.

88.     Deny the allegations contained in Paragraph 88 of the Complaint.

89.     Deny the allegations contained in Paragraph 89 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

90.     Deny the allegations contained in Paragraph 90 of the Complaint.

91.     Deny the allegations contained in Paragraph 91 of the Complaint insofar as they purport to be factual, except neither admit nor deny the allegations contained in Paragraph 91 of the Complaint insofar as said allegations constitute conclusions of law.

92.     Deny the allegations contained in Paragraph 92 of the Complaint insofar as they purport to be factual, except neither admit nor deny the allegations contained in Paragraph 92 of the Complaint insofar as said allegations constitute conclusions of law, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the 2004 study published by the Zero Alpha Group and on that basis deny the allegations.

93.     Deny the allegations contained in Paragraph 93 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 93 of the Complaint insofar as said allegations constitute conclusions of law.

94.     Deny the allegations contained in Paragraph 94 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and on that basis deny the allegations.

96.     Deny the allegations contained in Paragraph 96 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 96 and on that basis deny the allegations.

97.     Deny the allegations contained in Paragraph 97 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

98.     Deny the allegations contained in Paragraph 98 of the Complaint.

99.     Deny the allegations contained in Paragraph 99 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

100.     Deny the allegations contained in Paragraph 100 of the Complaint.

101.     Deny the allegations contained in Paragraph 101 of the Complaint.

102.     Deny the allegations contained in Paragraph 102 of the Complaint, except admit that Paragraph 102 of the Complaint recites a portions of the study referred to therein, and respectfully refer the Court to the study referred to in Paragraph 102 for the exact content and context thereof.

103.     Deny the allegations contained in Paragraph 103 of the Complaint.

104.     Deny the allegations contained in Paragraph 104 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

105.     Deny the allegations contained in Paragraph 105 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 105 of the Complaint insofar as said allegations constitute conclusions of law.

106.     Deny the allegations contained in Paragraph 106 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, admit that FMRCo and FMRC are privately held, and respectfully refer the Court to the case cited in Paragraph 106 for the exact content and context thereof.

107.     Deny the allegations contained in Paragraph 107 of the Complaint.

108.     Deny the allegations contained in Paragraph 108 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

109.     Deny the allegations contained in Paragraph 109 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and admit that for the year ending December 31, 2003, the Fidelity Contrafund paid more than $176 million in management fees.

110.     Deny the allegations contained in Paragraph 110 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and admit that for the year ending July 31, 1994, the Fidelity Growth & Income Portfolio paid $40.96 million in management fees, and for the year ending July 31, 2003, it paid $129.6 million in management fees.

111.     Deny the allegations contained in Paragraph 111 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

112.     Deny the allegations contained in Paragraph 112 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, and admit that for the year ended July 31, 2003, the Fidelity Low-Priced Stock Funds paid more than $98 million in management fees.

113.     Deny the allegations contained in Paragraph 113 of the Complaint.

114.     Neither admit nor deny the allegations contained in Paragraph 114 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the report and case quoted in Paragraph 114 for the exact content and context thereof.

115.    Neither admit nor deny the allegations contained in Paragraph 115 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the report cited in Paragraph 115 for the exact content and context thereof.

116.    Deny the allegations contained in Paragraph 116 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 116 of the Complaint insofar as said allegations constitute conclusions of law.

117.    Deny the allegations contained in Paragraph 117 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 117 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the SEC Release quoted in Paragraph 117 for the exact content and context thereof.

118.    Deny the allegations contained in Paragraph 118 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

119.    Deny the allegations contained in Paragraph 119 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and on that basis deny the allegations, and respectfully refer the Court to the interview quoted in Paragraph 120 for the exact content and context thereof.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and on that basis deny the allegations, except admit that Paragraph 121 of the Complaint recites portions of the case

referred to therein, and respectfully refer the Court to the case quoted in Paragraph 121 for the exact content and context thereof.

122.    Deny the allegations contained in Paragraph 122 of the Complaint and its subparagraphs.

123.    Deny the allegations contained in Paragraph 123 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

124.    Repeat and reallege the responses to Paragraphs 1 through 123 of the Complaint as set forth above.

125.    Deny the allegations contained in Paragraph 125 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

126.    Deny the allegations contained in Paragraph 126 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and on that basis deny the allegations, except deny that Plaintiffs are entitled to the relief described therein.

128.    Repeat and reallege the responses to Paragraphs 1 through 123 as set forth above.

129.    Deny the allegations contained in Paragraph 129 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

130.    Deny the allegations contained in Paragraph 130 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law.

131.    Deny the allegations contained in Paragraph 131 of the Complaint, except neither admit nor deny the allegations insofar as said allegations constitute conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 131 and on that basis deny the allegations, and deny that Plaintiffs are entitled to the relief described therein.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim against the Fidelity Defendants upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

### Third Defense

The Fidelity Defendants did not engage in any conduct which would constitute a breach of fiduciary duty.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Fifth Defense

Plaintiffs have not suffered any losses or damages from their investments in the Funds.

<u>Sixth Defense</u>

Any injury sustained by Plaintiffs was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Complaint.

<u>Seventh Defense</u>

Plaintiffs were fully informed of all material facts concerning investing in the Funds, including the level and calculation of the Fund advisers' compensation, and knowingly entered into the investment.

<u>Eighth Defense</u>

At the time Plaintiffs first became shareholders of the Funds, they were or should have been aware that a fee schedule equal to or greater than that now in effect had been approved by a majority of the Board of Trustees of the Funds.  On this basis, Plaintiffs are precluded from maintaining this action on behalf of the Funds.

<u>Ninth Defense</u>

The Fidelity Defendants acted at all times and in all respects in good faith and with due care.

<u>Tenth Defense</u>

The Independent Trustees of the Funds exercised good faith business judgment in approving the advisory agreements in effect at the time Plaintiffs became shareholders and in subsequently approving renewals of the advisory agreements containing the fee schedule currently in effect.

<u>Eleventh Defense</u>

To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Fidelity Defendants' rights to procedural and substantive due process.

<u>Twelfth Defense</u>

Some or all of the Plaintiffs lack standing to bring the claims asserted in the Complaint.

<u>Thirteenth Defense</u>

The Fidelity Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to further assert such defenses.

Dated:  December 19, 2005

Respectfully submitted,

   */s/ James S. Dittmar*
James S. Dittmar (BBO# 126320)
Stuart M. Glass (BBO# 641466)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 570-1000


James N. Benedict
Sean M. Murphy
C. Neil Gray
MILBANK, TWEED, HADLEY &
  MCCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
Tel: (212) 530-5000

*Attorneys for Defendants Fidelity Management
& Research Company and  FMR Co., Inc.*


Dated: December 19, 2005

LIBA/1657779.1