# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, ) | |
| NANCY HAUGEN, MICHAEL F. MAGNAN, ) | |
| KAREN L. MAGNAN, PRESLEY C. ) | |
| PHILLIPS, ANDREA M. PHILLIPS, and ) | |
| CINDY SCHURGIN, for the use and benefit of ) | |
| THE FIDELITY MAGELLAN FUND, ) | No. 04-cv-11651-MLW |
| FIDELITY CONTRAFUND, FIDELITY ) | (Lead Case) |
| GROWTH & INCOME PORTFOLIO FUND, ) | |
| FIDELITY BLUE CHIP GROWTH FUND, and ) | No. 04-cv-11756-MLW |
| FIDELITY LOW-PRICED STOCK FUND, ) | (Consolidated Case) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FIDELITY MANAGEMENT & RESEARCH ) | |
| COMPANY and FMR CO., INC., ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

THE UNDERSIGNED HEREBY STIPULATE AND AGREE, subject to the approval of the

Court, that the following Stipulation and [Proposed] Protective Order (the "Protective Order") be

entered in this action pursuant to Fed. R. Civ. P. 26(c):

## PROCEEDINGS AND FORM OF INFORMATION GOVERNED

1.     This Protective Order shall govern the handling, disclosure, and use of all Information

which is furnished orally, in writing, by visual inspection or otherwise, by, through, or on behalf of

any Party or any third party (the "Disclosing Party") to any other Party ("the Receiving Party") in

connection with discovery to be conducted in the above-entitled action (the "Litigation").

"Information" includes, but is not limited to, documents and things produced by any Disclosing Party

to another Party; responses to requests to produce documents or things; responses to interrogatories; responses to requests for admissions; deposition testimony and exhibits; motions, memoranda of law, and affidavits or declarations; and all copies, excerpts, summaries, compilations, designations, and portions thereof, and all electronically compiled, stored, and recorded versions thereof, as well as testimony and oral conversations derived therefrom or related thereto; and any instrument that comprises, embodies, or summarizes matters that any Disclosing Party considers to constitute confidential information.

## **DEFINITIONS**

As used in this Protective Order, the following terms shall have the meanings set forth below:

2.    "Confidential" or "Confidential Information" means all Information of a personal or private nature (financial or otherwise) and all proprietary Information of a scientific, technical and/or commercial nature of any sort including, but not limited to: (i) trade secrets and other proprietary technical, research, and development Information, (ii) compliance, regulatory, personnel, and administrative information; (iii) commercial, financial, budgeting, and accounting Information, (iv) Information about existing and potential customers, (v) marketing studies, projections, and market performance Information, (vi) Information about business strategies, decisions, and negotiations, (vii) Information relating to sales and marketing, (viii) profit and loss Information, (ix) marketing and strategic planning Information (including, but not limited to, market share and marketing segment Information), (x) proprietary Information about affiliates, parents, and subsidiaries, (xi) Information pertaining to third persons with whom a Disclosing Party has had or is maintaining a business relationship, and (xii) any personal information.  Any party may designate as Confidential any

Information that was authored by said party or its related companies and personnel but produced by a non-party or included in a transcript of oral testimony by a non-party, and the provisions of this Protective Order shall apply to any such designation as if the party making such designation was the Disclosing Party.

3.     The term "Party" shall mean Cynthia A. Bennett, Guy E. Miller,  Nancy Haugen, Michael F. Magnan, Karen L. Magnan, Presley C. Phillips, Andrea M. Phillips, Cindy Schurgin,  The Fidelity Magellan Fund, Fidelity Contrafund, Fidelity Growth & Income Portfolio Fund, Fidelity Blue Chip Growth Fund, Fidelity Low-Priced Stock Fund, Fidelity Management & Research Company, and/or FMR Co., Inc., any affiliates or parents of the named defendants, or any subsequently added plaintiff or defendant.

## DESIGNATION OF CONFIDENTIAL INFORMATION

4.     All Confidential Information shall have stamped or affixed thereon the word "CONFIDENTIAL." The Disclosing Party shall use due care in deciding whether to label Information as Confidential.  Subject to paragraph 18 hereof, the designation of Confidential Information shall be made at the following times:

a.     For documents and things, prior to the time such documents and things, or copies thereof, are physically delivered to the Receiving Party.  In the event that the Disclosing Party elects to permit inspection of requested documents and things pursuant to Federal Rule of Civil Procedure 34(b), rather than delivering originals or copies of the materials to the requesting Party, no designation of Confidential Information need be made prior to the inspection, and for purposes of the inspection, all documents and things subject thereto shall be treated as Confidential Information.

Documents offered by the Disclosing Party for such inspection by the Receiving Party shall be inspected only by persons allowed access to Confidential Information under paragraph 11 below. At any such inspection of documents and things, the Receiving Party shall not make any copies thereof, but shall identify the Information that the Receiving Party wishes to have copied and delivered to it. Following the inspection, the Disclosing Party shall promptly number, copy, and deliver to the Receiving Party the identified documents and things, and shall, prior to delivery thereof, label any such Information that it designates as Confidential in accordance with this paragraph 4.

b.    For written responses to interrogatories or requests for admissions, at the time of service of the written response;

c.    For deposition testimony, at the time of the testimony or in writing within thirty (30) days after receipt by the Disclosing Party of the transcript of the deposition, in accordance with paragraph 15 below; and

d.    For oral disclosures, other than deposition testimony as previously addressed, through confirmation in writing within ten (10) days of the first disclosure thereof.

5.    With respect to Information that is comprised of multiple pages, disks, or parts, each individual page, disk, and/or part shall be labeled Confidential in accordance with paragraph 4, above.

## USE OF CONFIDENTIAL INFORMATION

6.    The Receiving Party shall maintain Confidential Information in strict confidence, shall not disclose the same to another, except as permitted in paragraph 11 below, and shall not use any Disclosing Party's Confidential Information for any purpose whatsoever, other than this Litigation.

7.      If, prior to trial, counsel for a Receiving Party desires to file any papers with the Court that include, refer to, or rely upon any Information that a Disclosing Party has designated as Confidential, counsel for the Party intending to use such Confidential Information shall so notify counsel for the Disclosing Party a reasonable time in advance thereof so that counsel for the Disclosing Party may apply to the Court for an appropriate order, pursuant to Local Rule 7.2 of this Court, to protect the Confidential Information from public disclosure. The Disclosing Party must file any motion to impound pursuant to Local Rule 7.2 within five (5) business days after receiving notification by the Receiving Party under this paragraph. The Receiving Party may not file papers with the Court disclosing Information that has been designated as Confidential until a ruling by the Court on the Disclosing Party's motion pursuant to Local Rule 7.2, unless the Disclosing Party fails to file a motion pursuant to Local Rule 7.2 as required by this paragraph 7. Nothing herein shall prevent the Receiving Party from serving papers that include, refer to or rely upon Information that has been designated as Confidential upon the Disclosing Party prior to a ruling by the Court on the Disclosing Party's motion pursuant to Local Rule 7.2. If this Court denies the Disclosing Party's motion pursuant to Local Rule 7.2, the Receiving Party may file papers with the Court that include, refer to, or rely upon the Information that the Disclosing Party designated as Confidential and which was the subject of the denied motion.

8.      Subject to the Federal Rules of Evidence, a Receiving Party may offer Confidential Information into evidence at any court hearing in open court, prior to trial, provided that the proponent of the evidence gives twenty-four (24) hour advance notice to counsel for the Disclosing Party. No such prior notice shall be required, however, if the documents, motion(s) and other papers

submitted to the Court in connection with the hearing contain Confidential Information which has been subject to a motion to impound. Notwithstanding a Disclosing Party's designation of Information as Confidential, if during any court hearing Confidential Information is described, referred to, or relied upon, the hearing shall continue, provided however, that the Disclosing Party who designated the Information as Confidential may request that the Court, in its discretion, conduct the hearing in a manner or in a location to ensure that the Confidential Information is not disclosed to persons not authorized under this Order to have access to the Confidential Information, and further, may move, pursuant to this Court's Local Rule 7.2, that the portions of the transcript of any such hearing at which Confidential Information is disclosed be marked Confidential and protected from public disclosure. Confidential Information shall remain Confidential until a ruling by the Court. Provisions for the use and communication of Confidential Information during any trial of this Litigation shall be pursuant to such further orders as the Court may deem appropriate at that time to preserve confidentiality.

## RESOLUTION OF DISPUTES REGARDING
## DESIGNATION OF CONFIDENTIAL INFORMATION

9.    No party shall be required to dispute a designation of Information as Confidential until such time as the Receiving Party intends to file such Information with the Court as provided in paragraph 7, or make use of such Information as provided in paragraph 8. If any party objects to the designation of Information as "Confidential," the party shall state the objection in writing to counsel for the party making the designation and all parties shall make good faith efforts to resolve the dispute without intervention of the Court. If the parties are unable to resolve the objection, any party may move the Court to do so. The Confidential Information so designated "Confidential" shall remain

subject to the Protective Order pending resolution of the objection.  The burden of establishing that the Information has been properly designated as Confidential Information is on the Disclosing Party making such designation. The challenged designation shall remain in effect until changed by order of the Court or agreement of the Disclosing Party.  The Confidential Information shall be treated in accordance with the terms of the Protective Order pending the Court's ruling on the motion.  This Protective Order does not alter the burden imposed by law on any Disclosing Party objecting to, or otherwise seeking to limit the production or dissemination of documents and things. This Protective Order also does not alter any procedures for resolving discovery disputes established by this Court or the Federal Rules of Civil Procedure.

10.    Any Party shall have the right to assert that any Information designated as Confidential by a Disclosing Party is, in fact, in the public domain. Any Information that prior to disclosure hereunder was already in the possession or within the knowledge of any person or entity other than the Disclosing Party, who absent this Protective Order, would be under no restriction with respect to such Information, or that is public knowledge, or that becomes public knowledge other than through an act or omission of a Receiving Party, shall be deemed to be in the public domain. Any Receiving Party asserting that Confidential Information is in the public domain shall, prior to any disclosure thereof (other than the disclosures permitted in paragraph 11 of this Protective Order), notify the Disclosing Party in writing of the Receiving Party's intention to disclose such information, and shall make no such disclosure until the earlier of  (i) receipt of the Disclosing Party's written agreement that the Information is in the public domain, or (ii) the tenth (10th) business day following the delivery to the Disclosing Party of said notice.  If during that ten (10) business day period the Disclosing Party

files a motion regarding the confidentiality of the Information at issue, the Receiving Party shall not disclose it (other than the disclosures permitted in paragraph 11 of this Protective Order) until the Court rules on that motion.

## ACCESS TO CONFIDENTIAL INFORMATION

11.    Notwithstanding paragraph 6, Confidential Information may be disclosed to:

a.    The Receiving Party and any nominal party to this litigation affiliated therewith, including the Receiving Party's and said nominal party's officers, directors, trustees or employees;

b.    All counsel for the Receiving Party and said nominal party and such counsels' secretarial, clerical and paralegal staffs, and litigation support providers (for example, outside copy services, graphic artists and visual aid providers, and jury consultants) whose duties and responsibilities require access to Confidential Information;

c.    Experts and consultants who are not present employees of any Party, or of any parent, subsidiary, affiliate or related company of any Party, and the secretarial and clerical staffs of such experts and consultants (and employees thereof), who are requested by the Receiving Party's counsel to furnish technical, consulting and/or expert services in connection with the Litigation;

d.    Witnesses at depositions or trial;

e.    Any person a Party in good faith believes may be a potential deposition or trial witness;

f.      Court officials involved in this Litigation (including, but not limited to court reporters and officers before whom depositions are taken, including stenographic and videographic reporters and any persons operating audio or video reporting equipment at depositions) and any necessary secretarial, clerical or other lay personnel of such court officials or officers;

g.      Any other person agreed to by the parties in writing or allowed by the Court; and

h.      Any person specifically identified in an item containing or comprising Confidential Information as an author or recipient of such item (or a copy thereof); provided that before any Receiving Party discloses another Party's Confidential Information to any individual described in Paragraphs 11c, 11e, 11g, or 11h (except when said person is a witness at a deposition or trial as provided in paragraph 11d), counsel for the Receiving Party shall: (i) provide such person with a copy of this Protective Order; (ii) explain to such person its terms, and (iii) obtain the person's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms, with the executed copy of Exhibit A.  Counsel for the Receiving Party shall provide a certification to the Disclosing Party confirming that any such individual who has been provided with Confidential Information has also been provided with a copy of the Protective Order, along with a copy of Exhibit A, agrees to be bound by its terms and has signed Exhibit A accordingly.  Within thirty (30) days of the final disposition of this Litigation, including any and all appeals therefrom, Counsel for the Receiving Party shall turn over to Counsel for the Disclosing Party all signed copies of the Agreements to be Bound By Protective Order (Exhibits A).  If during the course of this

Litigation the Disclosing Party has a reasonable basis for believing that Confidential Information has been disclosed in a manner inconsistent with the terms of this Protective Order by any individual described in Paragraphs 11c, 11e, 11g, or 11h above, then Counsel for the Disclosing Party may apply to the Court for an order requiring Counsel for the Receiving Party to turn over whichever signed copies of the Agreements to be Bound By Protective Order (Exhibits A) are necessary to attempt to determine the source of the disclosure.

12.    Each Party shall maintain every other Party and third party's Confidential Information in a location and under circumstances to ensure that access is limited to those persons entitled to have access to such Confidential Information under this Protective Order.

13.    In the event that Confidential Information is disclosed to any person other than the persons to whom disclosure is authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the undersigned counsel of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such Confidential Information.

14.    The parties agree that the erroneous or inadvertent production of any material entitled to protection under any privilege, including the attorney-client privilege or attorney work-product doctrine, shall not constitute a waiver of such protection as to either the subject matter of the material, or as to the related Documents or Communications.  If, however, a Disclosing Party becomes aware that it inadvertently produced material that is subject to the protection of any privilege, the Disclosing Party must notify the Receiving Party of such inadvertent production and request such material be

promptly returned and not used in any aspect of the litigation no later than the earlier of (a) fifteen (15) business days after becoming aware of such inadvertent production; or (b) fifteen (15) business days after the Document is first marked as a deposition exhibit, identified as a potential trial exhibit or otherwise identified by any party in any pleadings or correspondence served upon the Disclosing Party in this action. Such a request shall be made in writing and shall identify the basis for the claimed protection. The Receiving Party must return the inadvertently produced material to the Disclosing Party within five (5) business days of such notice being given consistent with this paragraph 14.

## DEPOSITIONS

15.    Depositions or portions thereof, including exhibits, shall constitute Confidential Information if, and only if (a) during the course of the deposition counsel for any Disclosing Party on the record so designates the same, or (b) within thirty (30) days of the date of receipt of the written transcript, counsel for any Disclosing Party notifies counsel for the other Parties in writing of the portion(s) of the deposition testimony, by page(s) and line(s) of the transcript, that constitutes Confidential Information. Until the expiration of such thirty (30) day period, all Information disclosed during the course of any deposition shall be treated by each Receiving Party as Confidential Information. Any deposition testimony relating to Confidential Information will be entitled to treatment as Confidential and subject to protection as outlined in this Protective Order provided that the Disclosing Party must make the designation as outlined in this paragraph at 15 (a) and (b) above. Attendance at depositions at which Confidential Information is identified, discussed or disclosed shall be limited to those persons who are authorized to receive such Confidential Information under the terms of this Protective Order.

## PARTY'S OWN INFORMATION

16.     A Disclosing Party is free to do whatever it desires with its own Confidential Information.

## RENDERING ADVICE TO CLIENTS

17.     Nothing in this Protective Order shall prevent or otherwise restrict counsel for a Party from rendering legal advice to such Party with respect to the Litigation and, in the course thereof, referring to or relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the Party, counsel shall not disclose Confidential Information if that disclosure would be contrary to this Protective Order.

## NO WAIVER

18.     It is preferred that Confidential Information be designated as such prior to, or contemporaneously with, the production or disclosure of the Information to a Receiving Party. However, a Disclosing Party that has produced or disclosed Information without designating it Confidential Information does not waive the right to assert the confidentiality of the disclosed Information in question and may later designate such Information as Confidential by giving written notice to counsel for the Receiving Party. Disclosure of Confidential Information prior to its designation as Confidential in accordance with the Protective Order shall not violate the terms of this Protective Order, provided however, that a person disclosing Confidential Information shall use its reasonable efforts to retrieve such Confidential Information from the recipient and prevent further disclosures except as authorized by this Protective Order after receiving the written notice provided for in this paragraph 18.

19.     Other than as specified herein, the taking of, or the failure to take, any action to enforce any provision of this Protective Order, or the failure to object to any designation of Information as Confidential, shall not constitute a waiver of any rights to later seek and obtain protection or relief in this Litigation or any other litigation, including, but not limited to, the right to claim that any Information is or is not proprietary to any Disclosing Party, is or is not entitled to particular protection. The designation or lack of designation of Information as Confidential shall not constitute an admission that such Information is or is not Confidential or proprietary and such designation or lack thereof shall not be used in any way as evidence in this action. The procedures set forth herein shall not affect the rights of any Disclosing Party to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a Disclosing Party of the necessity of providing complete and proper responses to discovery requests.

## SUBPOENA OF CONFIDENTIAL
## INFORMATION PRODUCED IN LITIGATION

20.     In the event that any Receiving Party is served with a subpoena or other request to produce Confidential Information of any Disclosing Party, which is sought by any person or entity not a Party to this Litigation, whether in another action or in connection with any legal process, said Receiving Party shall, if permitted by law, within five (5) business days of receiving such request, notify the Disclosing Party in writing, which notice shall include the date set for the production or disclosure of the Subpoenaed Information and a copy of the subpoena or request. The party to whom the subpoena or request is directed shall object to the production pursuant to Fed. R. Civ. P. 45, or similar state court rule, and shall not produce the Subpoenaed Information prior to the date set forth

in the notice or, if served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify.

## **TERMINATION OF LITIGATION**

21.     Within thirty (30) days of the final disposition of this Litigation, including any and all appeals therefrom, attorneys for the Receiving Party shall return to the Disclosing Party, or shall destroy, all Confidential Information (including all copies thereof) of the Disclosing Party, and, upon request of the Disclosing Party, the attorney for the Receiving Party shall deliver to the Disclosing Party or its attorneys of record, written confirmation that there has been compliance with the terms of this paragraph 21; provided, however, that the Receiving Party's counsel may retain one copy of the pleadings and other papers filed with the Court or served in the course of the Litigation, including depositions, deposition exhibits and the trial record, and work product that includes aspects of Confidential Information, subject to the obligations hereunder, provided that the confidentiality continues to be preserved.  For the purposes of this Protective Order, this Litigation shall be deemed to have been finally determined when the Court has entered a final appealable judgment dispositive of all issues then remaining in the Litigation and no timely appeal has been taken by any party to the Litigation.  In the event that an appeal is taken, the Litigation shall not be deemed to be finally determined until the conclusion of all possible appeals and remittitur.

## **CHANGES TO THIS PROTECTIVE ORDER**

22.     This Protective Order may be changed only by written, signed agreement of the Parties as approved by the Court, or further order of the Court, and is without prejudice to the rights of any Party to seek relief from or variation of any of its provisions.

-14-

## CONTINUING OBLIGATIONS OF CONFIDENTIALITY

23.    Except as otherwise expressly provided herein above, the obligations of this Protective Order shall survive the termination of the Litigation or the termination of employment of any person who has had access to any Confidential Information and continue in full force and effect.

## EXECUTION IN COUNTERPARTS

24.    This Protective Order may be signed by counsel in counterparts.

Respectfully submitted,

Attorneys for the Plaintiffs:

/s/  Michelle H. Blauner
Michelle H. Blauner, BBO # 549049
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02109
(617) 439-3939


Robert D. Friedman, BBO# 180240
Harry S. Miller, BBO# 346946
Matthew J. Tuttle, BBO# 562758
Sara B. Davis, BBO# 648002
BURNS & LEVINSON LLP
One Beacon Street, 30th Floor
Boston, MA  02108
(617) 854-4000


Thomas R. Grady (*pro hac vice*)
THOMAS R. GRADY, P.A.
720 Fifth Avenue South
Suite 200
Naples, Florida 34102
(239) 261-6555

Attorneys for the Defendants:

/s/ Stuart M. Glass
James S. Dittmar, BBO # 126230
David J. Apfel BBO # 551139
Stuart M. Glass BBO# 641466
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617-570-1000

James N. Benedict
Sean M. Murphy
MILBANK, TWEED, HADLEY &
McCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000


David S. Cohen
Donna F. Mulvihill
MILBANK, TWEED, HADLEY &
McCLOY LLP
International Square Building
1850 K Street, N.W.
Washington, DC 20006

-15-

(202) 835-7500

Lynn Lincoln Sarko (*pro hac vice*)
Michael D. Woerner (*pro hac vice*)
Tana Lin (*pro hac vice*)
Gretchen F. Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Ste. 3200
Seattle, WA  98101-3052
(206) 623-1900

Gary Gotto, Bar No. 007401
Ron Kilgard, Bar No. 005902
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Ste. 900
Phoenix, AZ  85012
(602) 248-0088

Michael J. Brickman (*pro hac vice*)
James C. Bradley (*pro hac vice*)
Nina H. Fields (*pro hac vice*)
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
174 East Bay Street
Charleston, SC  29401
(842) 727-6500

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL & BURNS,
L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL  33602
(813) 225-2500

-16-

SO ORDERED this _____day of
_____ 2006.


_____
                                   , Judge

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, ) <br> NANCY HAUGEN, MICHAEL F. MAGNAN, ) <br> KAREN L. MAGNAN, PRESLEY C. ) <br> PHILLIPS, ANDREA M. PHILLIPS, and ) <br> CINDY SCHURGIN, for the use and benefit of ) <br> THE FIDELITY MAGELLAN FUND, ) <br> FIDELITY CONTRAFUND, FIDELITY ) <br> GROWTH & INCOME PORTFOLIO FUND, ) <br> FIDELITY BLUE CHIP GROWTH FUND, and ) <br> FIDELITY LOW-PRICED STOCK FUND, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>      v. ) <br> ) <br> FIDELITY MANAGEMENT & RESEARCH ) <br> COMPANY and FMR CO., INC., ) <br> ) <br>         Defendants. ) <br> ) | No. 04-cv-11651-MLW <br> (Lead Case) <br><br> No. 04-cv-11756-MLW <br> (Consolidated Case) |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1.     My address is _____.

2.     My present employer is _____and the address

of my present employer is _____.

3.     My present occupation or job description is _____.

4.     I have carefully read and understood the provisions of the Stipulation and Protective

Order in this case signed by the Court, and I will comply with all provisions of the Stipulation and

-1-

Protective Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Protective Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.    I will limit the use of Confidential Information disclosed to me solely for purposes of this action.

7.    Upon request of counsel for the Party for whom I was employed or retained, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto to such counsel.

8.    I agree, upon the potential penalty of contempt and other civil remedies under the laws of the State of Massachusetts to be bound by the terms of the Protective Order and will not reveal any Confidential Information  to anyone, except as allowed by the Protective Order; and

9.    I submit my person to the jurisdiction of the District Court of Massachusetts for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  _____

                                                    _____

-2-