UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of THE FIDELITY MAGELLAN FUND, FIDELITY CONTRAFUND, FIDELITY GROWTH & INCOME PORTFOLIO I FUND, FIDELITY BLUE CHIP GROWTH FUND, and FIDELITY LOW-PRICED STOCK FUND, <br><br>Plaintiffs, <br><br>v. <br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC., <br><br>Defendants. | No. 04-cv-11651-MLW (Lead Case) <br><br> No. 04-cv-11756-MLW (Consolidated Case) |

**REPORT OF PARTIES' PLANNING MEETING
PURSUANT TO FED. R. CIV. P. 26(f)**

I. **Rule 26(f) Conference.**

This report is submitted pursuant to Fed. R. Civ. P. 26(f) by the following counsel for the parties, who have met and conferred by telephone on September 18, 2006:

**For Plaintiffs:** Michelle H. Blauner, Edward F. Haber and Matthew Tuttle.

**For Defendants:** James Benedict, Sean Murphy, David Cohen and James Dittmar.

II. **Status.**

By order dated October 28, 2005, the Court issued an order consolidating the *Bennett, et al. v. Fidelity Management & Research Co., et al.,* Civil Action No. 04-cv-11651

MLW, and *Haugen, et al. v. Fidelity Management & Research Co., et al.,* Civil Action No. 04-cv-11756 MLW (the "Consolidated Action"). Pursuant to the order consolidating the cases, the plaintiffs filed a Consolidated Complaint on November 3, 2005. On December 19, 2005, Defendants answered the Consolidated Complaint.

### III.    Initial Disclosures and Document Discovery.

The *Bennett* plaintiffs and the *Haugen* plaintiffs have served Defendants with their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Copies of Plaintiffs' initial disclosures are attached hereto as Exhibits 1 and 2. On February 1, 2006, Defendants served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). A copy of Defendants' initial disclosures is attached hereto as Exhibit 3.

On December 14, 2005, Plaintiffs in the consolidated action served their first request for production of documents. On February 1, 2006, Defendants served Responses and Objections to Plaintiffs' First Request for Production Directed to Defendants. By Order, dated August 3, 2006, this Court entered the Parties' proposed Protective Order. The initial phase of Defendants' document production commenced August 9, 2006.

### IV.    Discovery Plan and Schedule.

The parties propose the following discovery plan and schedule:

    **A.**    **Fact Discovery.**  To be completed within 15 months after the Local Rule 16.1 conference.

    **B.**    **Expert Discovery.**

The parties agree as to the amount of time required for each phase of expert discovery. They also agree that expert reports should be phased and that Defendants shall be permitted to depose Plaintiffs' experts before Plaintiffs depose Defendants' experts.

However, the parties are in disagreement about the precise sequencing of expert reports and expert depositions. Plaintiffs are of the view that all depositions should take place after all expert reports have been exchanged, while Defendants are of the view that they should be able to depose Plaintiffs' experts before they have to provide Plaintiffs with Defendants' expert reports.

Plaintiffs' Proposal:

1. Plaintiffs shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports pursuant to Fed. R. Civ. P. 26(b)(4)(A) no later than ninety (90) days after the deadline for the completion of fact discovery.

2. Defendants shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports pursuant to Fed. R. Civ. P. 26(b)(4)(A) no later than sixty (60) days after the production of plaintiffs' expert reports.

3. Plaintiffs shall produce expert reply reports no later than thirty (30) days after the production of Defendants' expert reports.

4. All expert depositions shall be completed no later than sixty (60) days after the production of Plaintiffs' expert reply reports.

Defendants' Proposal:

1. Plaintiffs shall identify their trial experts pursuant to Fed.R.Civ.P. 26(a)(2)(A) and produce expert reports pursuant to Fed.R.Civ.P. 26(b)(4)(A) no later than ninety (90) days after the deadline for the completion of fact discovery. Within forty five (45) days after

      Plaintiffs produce expert reports, Plaintiffs shall have made all of their experts available for deposition.

   2. Defendants shall identify their trial experts pursuant to Fed.R.Civ.P. 26(a)(2)(A) and produce expert reports pursuant to Fed.R.Civ.P. 26(b)(4)(A) no later than thirty (30) days from the period Plaintiffs have to make all of their experts available for deposition. Within forty five (45) days after Defendants produce expert reports, Defendants shall have made all of their experts available for deposition.

   3. Plaintiffs shall produce expert reply reports no later than thirty (30) days after the deposition of all of Defendants' experts. Plaintiffs shall make all of their experts who produce reply reports available for deposition within thirty (30) days after the production of expert reply reports.

 **C.** **Summary Judgment Motions.** Motions for summary judgment, pursuant to Fed. R. Civ. P. 56, shall be filed no later than thirty (30) days after the completion of expert discovery.

**V.** **Discovery Event Limitations.**

The parties agree that in this Consolidated Action there should be adjustments to the discovery event limitations set forth in Fed. R. Civ. P. 30(a)(2)(A), 30(d)(2), and 33(a) and LR 26.1(c). The parties disagree as to the specifics of those adjustments. The parties state their respective positions on this issue below:

### A.    Plaintiffs' Position.

This is a complex action requiring significant discovery. The plaintiffs provide herein background information concerning the nature of their claims so that the Court can appreciate the need for significantly expanding the discovery limits.

#### 1.    Case Background

Plaintiffs Cynthia A. Bennett, Guy E. Miller, Nancy Haugen, Michael F. Magnan, Karen L. Magnan, Presley C. Phillips, Andrea M. Phillips, and Cindy Schurgin, are shareholders of Fidelity Magellan Fund, Fidelity Contrafund, Fidelity Growth & Income Portfolio I Fund, Fidelity Blue Chip Growth Fund, and Fidelity Low-Priced Stock Fund (the "Funds"). They bring this action on behalf of the Funds under Section 36(b) of the Investment Company Act of 1940.

The Funds are five of the largest mutual funds in the country. Fidelity Magellan is one of the largest actively managed mutual funds in the country, with assets under management in excess of $66 billion as of March 31, 2004. Fidelity Contrafund had assets under management in excess of $37 billion as of December 31, 2003. As of January 31, 2004, Fidelity Growth & Income Portfolio I Fund had over $30 billion in assets under management, Fidelity Blue Chip Growth Fund had over $22 billion in assets under management, and Fidelity Low-Priced Stock Fund had over $28 billion in assets under management.

The Funds were created, sold, advised and managed by Defendant Fidelity Management & Research Company ("FMR") and Defendant FMR Co., Inc. ("FMRC") (collectively, "Fidelity" or "Defendants"). FMR is registered as an investment adviser under the Investment Advisers Act of 1940 and is the investment adviser to the Funds and other

Fidelity Funds. FMRC also is registered as an investment adviser under the Investment Advisers Act of 1940 and is an investment sub adviser to the Funds and other Fidelity Funds.

Fidelity annually charges the Funds hundreds of million of dollars in investment advisory fees based on a percentage of each Fund's net asset value. Since their inception, the Funds' assets have increased dramatically, resulting in fees that are disproportionately large in relationship to the services rendered to Plaintiffs and the Funds. Plaintiffs allege that the management fees charged to Funds are grossly excessive and violate the defendants' fiduciary duties to the Funds. The plaintiffs bring this action on behalf of the Funds pursuant to Section 36(b) of the Investment Company Act of 1940.

Although the First Circuit has not yet ruled on this question, in order to judge whether mutual fund fees are excessive, other courts have looked to the six factors enunciated in *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 928 (2d Cir. 1982). Accordingly, discovery in this matter is likely to focus on those factors. The factors and the likely subjects of discovery are as follows:

      a.    **Economies of Scale:** The plaintiffs will perform discovery into the nature and amount of the defendants' expenses, the degree to which those expenses have increased with growth of the Funds, the degree to which the defendants have benefitted from economies of scale and the extent to which those benefits have been passed on to shareholders.

      b.    **Comparative Fee Structures:** This factor will require discovery into the fees paid by other comparable mutual funds. The plaintiffs will also examine the disparity between the fees charged to the Funds and those charged to Fidelity's institutional clients. The plaintiffs also need to ascertain the portion of the management fee

charged to the Funds that is attributable to portfolio selection (which is comparable to the work performed for institutional clients) and the portion that is attributable to other administrative tasks (which may not be performed for institutional clients).

        c.        **Fallout Benefits Attributable to the Funds**:  The plaintiffs plan to discover the nature and value of the benefits that defendants receive as a result of serving as advisor to the Funds (in addition to the receipt of fees).  These benefits may include, but are not limited to, transfer and/or custodian fees, revenues from securities lending arrangements, and compensation from brokers for selecting those brokers to transact trades for the Funds (so-called "soft dollars").

        d.        **Nature and Quality of Services Provided to the Funds' Shareholders**:  This factor requires detailed discovery into the scope and nature of the services that the defendants perform for the Funds and the performance of the Funds.

        e.        **Profitability of the Fund to the Adviser-Manager**:  The plaintiffs will perform discovery into the expenses, revenues, and profitability of the defendants and their related entities.  This is a discovery-intensive task because of the lack of transparency in the publicly available financial statements, the complicated accounting mechanisms used by the defendants, the number and variety of Fidelity affiliates involved in fund management, and the transfer of funds between them and various third parties.

        f.        **Independence and Conscientiousness of Trustees**:  This factor will require discovery into the compensation of the fund trustees, their relationship to Fidelity, the nature of the trustees' analysis of the appropriateness of the fees, and the type of information that the trustees reviewed when performing this analysis.

## 2. Proposed Number of Depositions

The plaintiffs envision the need to take a substantial number of depositions. Without the benefit of any document discovery, Plaintiffs, in their initial disclosures, have identified 46 individuals likely to have information relevant to the disputed facts alleged in their pleadings, including present and former directors of the Funds, present and former members of the Funds advisory boards, present and former officers of the Funds, present and former portfolio managers of the Funds, internal accountants, team managers, and 30(b)(6) representatives of the defendants. The identity and number of deponents will not be known until after Defendants complete their document production, which commenced in August, 2006.

Based upon the information presently available, Plaintiffs request that the Court provide leave to take up to forty (40) depositions. The plaintiffs further request that up to ten (10) of these depositions not be subject to the one day, seven-hour limit set forth in Fed. R. Civ. P. 30(d)(2). However, given the nature and complexity of the case, additional deposition discovery may be required.

## 3. Proposed Number of Other Discovery Events

In light of the complex nature of this matter, the plaintiffs propose that the Court expand the other discovery limits set forth in the Federal Rules and Local Rules as follows:

Sets of document requests to parties: Three sets.

Interrogatories: Twenty-five.

Requests for admission: Fifty requests (not including requests to admit used to authenticate documents, which would have no limit).

### B. Defendants' Position

Defendants agree that discovery in this matter will focus on the following six Gartenberg factors applicable to claims brought pursuant to Section 36(b): (1) the nature and quality of the services provided to fund shareholders; (2) the profitability of the fund to the adviser; (3) the existence and scope of economies of scale that are realized as the Funds grow larger and the extent to which the benefits of such scale are shared with fund shareholders; (4) fee structures of other, comparable funds; (5) fallout benefits; and (6) the independence and conscientiousness of the directors. However, defendants disagree with plaintiffs' position that this action merits materially expanding the discovery limits set forth in the Federal Rules and Local Rules.

This case involves a single cause of action brought under Section 36(b). That statute places the burden on plaintiffs to show that the adviser's fee was "so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." *Gartenberg*, 694 F.2d at 928. Courts have recognized that Section 36(b) provides a "streamlined cause of action to address a particular type of wrong." See, e.g., *Green v. Nuveen Advisory Corp.*, 295 F.3d 738, 743 (7th Cir. 2002) (noting that Congress enacted Section 36(b) intending to provide a limited and narrow cause of action); see also *Green v. Fund Asset Mgmt.*, L.P., 53 F. Supp. 723, 729 n.5 (D.N.J. 1999) (same), rev'd on other grounds, 245 F.3d 214 (3d Cir. 2001).

At this early stage of the litigation, this case does not warrant a substantial expansion of the discovery limitations contained in both the Federal Rules and Local Rules. Plaintiffs' claim here relates to five Fidelity-managed mutual funds. All of the Funds are actively managed equity funds, and all of them are overseen by the same board of trustees.

9

Information relating to each of the relevant factors is included in materials provided to the board of directors each year in connection with their annual approval of the advisory fee contracts between Fidelity and the mutual funds at issue. These materials - which have already been produced to plaintiffs - contain most if not all of the relevant information related to the plaintiffs' excessive fee claim.

Given the nature of the claim at issue, there is no need to meaningfully depart from the discovery limitations provided by the Federal Rules and Local Rules at this stage of the litigation.

### 1.    Proposed Number of Depositions

Federal Rule of Civil Procedure 30 limits each side to ten (10) depositions without leave of court. Defendants would agree to fifteen (15) depositions per side, but there is no basis to substantiate plaintiffs' asserted need for forty (40) depositions at this early stage of the litigation. In the event plaintiffs deem it necessary to depose additional individuals after taking fifteen (15) depositions, plaintiffs are free to seek leave of court for further discovery consistent with LR 26.2(B). At that time, plaintiffs should be in a position to identify any additional individuals they need to depose and to explain why.

In addition, there is no basis for plaintiffs' request to depart from Federal Rule 30(d)(2), which limits depositions to one day of seven hours. If plaintiffs believe they require more than seven hours of testimony from a single individual, they can and should identify that person and articulate a basis to depart from the seven hours provided by the Federal Rules. And, of course, if plaintiffs find after taking any deposition that additional time is necessary, they are free to seek leave of court for additional time.

**2.     Proposed Number of Document Requests and Other Discovery**

Defendants believe that it is both premature and unnecessary for the Court to expand the limit of two sets of document requests provided by Local Rule 26.1(c). This is particularly true given that plaintiffs' first set of document requests had over 80 individual requests, many of which were extremely broad and burdensome. Defendants have already produced 60,000 pages of documents pursuant to this request, and they are in the process of collecting and reviewing many more documents in order to comply. If, after reviewing all of the documents produced by defendants, plaintiffs can articulate why they need a third set of document requests, they may seek leave to do so. To date, plaintiffs have not been able to advance any justification for lifting the limit provided for by Local Rule 26.1(c).

Defendants do not oppose plaintiffs' proposal to limit each side to twenty five (25) interrogatories and fifty (50) requests for admission (with unlimited requests to admit authentication of documents).

**VI.     Referral to Magistrate-Judge**

At this stage in the litigation, the parties do not agree to refer this case to the Magistrate-Judge for a trial of this matter. By Order, dated July 25, 2005, the Court referred this case to Magistrate-Judge Bowler for full pretrial case management, including to make recommendations on dispositive motions.

**VII.    Other Items.**

The parties certify that they have conferred with their counsel (1) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation, and (2) to consider the resolution of the litigation through the use of alternative dispute resolution. Counsel will provide the Court with client certifications upon request.

DATED:  September 19, 2006	Respectfully submitted:

By: **/s/ Michelle H. Blauner**
   Michelle H. Blauner BBO # 549049
   SHAPIRO HABER & URMY LLP
   Exchange Place
   53 State Street
   Boston, MA 02109
   Telephone: (617) 439-3939
   Facsimile: (617) 439-0134

   Lynn Lincoln Sarko (*pro hac vice*)
   Michael D. Woerner (*pro hac vice*)
   Tina Lin (*pro hac vice*)
   Gretchen F. Cappio (*pro hac vice*)
   KELLER ROHRBACK L.L.P.
   1201 Third Avenue, Suite 3200
   Seattle, WA 98101-3052
   Telephone: (206) 623-1900
   Facsimile: (206) 623-3384

   Gary Gotto, Bar No. 007401
   Ron Kilgard, Bar No. 005902
   KELLER ROHRBACK P.L.C.
   National Bank Plaza
   3101 North Central Avenue, Suite 900
   Phoenix, AZ 85012
   Telephone: (602) 248-0088
   Facsimile: (602) 248-2822

   Michael J. Brickman (*pro hac vice*)
   James C. Bradley (*pro hac vice*)
   Nina H. Fields (*pro hac vice*)
   RICHARDSON, PATRICK,
   WESTBROOK & BRICKMAN, LLC
   174 East Bay Street
   Charleston, SC 29401
   Telephone: (842) 727-6500
   Facsimile: (843) 727-3103

Case 1:04-cv-11651-MLW   Document 58   Filed 09/19/2006   Page 12 of 14

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL
& BURNS, L.L.P.
100 North Tampa Street, Suite 1800
Tampa, FL 33602
Telephone: (813) 225-2500
Facsimile: (813) 223-7118

**Attorneys for Plaintiffs Nancy Haugen, Michael F. Magnan, Karen L. Magnan, Presley C. Phillips, Andrea M. Phillips, and Cindy Schurgin**

**/s/ Matthew J. Tuttle**
Harry S. Miller, BBO # 346946
Robert D. Friedman, BBO # 180240
Matthew J. Tuttle, BBO # 562758
Sara B. Davis, BBO # 648002
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299

Thomas R. Grady (*pro hac vice*)
THOMAS R. GRADY, P.A.
720 Fifth Avenue South, Suite 200
Naples, FL 34102
Telephone: (239) 261-6555

**Attorneys for Plaintiffs Cynthia A. Bennett and Guy E. Miller**

**/s/ James S. Dittmar**
James S. Dittmar, BBO # 126230
David J. Apfel, BBO # 551139
Stuart M. Glass, BBO # 641466
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1000

13

James N. Benedict
Sean M. Murphy
MILBANK, TWEED, HADLEY &
McCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Telephone: (212) 530-5000

David S. Cohen
Donna F. Mulvihill
MILBANK, TWEED, HADLEY &
McCLOY LLP
International Square Building
1850 K Street, N.W.
Washington, DC 20006
Telephone: (202) 835-7500

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 19, 2006.

**/s/ Michelle H. Blauner**
Michelle H. Blauner