No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

# Exhibit 6

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER,<br>NANCY HAUGEN, MICHAEL F. MAGNAN,<br>KAREN L. MAGNAN, PRESLEY C.<br>PHILLIPS, ANDREA M. PHILLIPS, and<br>CINDY SCHURGIN, for the use and benefit of<br>THE FIDELITY MAGELLAN FUND,<br>FIDELITY CONTRAFUND, FIDELITY<br>GROWTH & INCOME PORTFOLIO FUND,<br>FIDELITY BLUE CHIP GROWTH FUND,<br>and FIDELITY LOW-PRICED STOCK FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH<br>COMPANY and FMR CO., INC.,<br><br>Defendants. | No. 04-cv-11651-MLW<br>(Lead Case)<br><br>No. 04-cv-11756-MLW<br>(Consolidated Case) |

## PLAINTIFFS' FIRST REQUEST FOR
## PRODUCTION DIRECTED TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, request that Defendants Fidelity Management & Research Company and FMR Co., Inc. produce the following documents to the undersigned counsel at the offices of Michelle H. Blauner, Shapiro Haber & Urmy LLP, 53 State Street, Boston, Massachusetts 02109, within thirty (30) days of the date hereof, or at such other time or place as may be agreed upon by counsel, or in default thereof, as specified by order of the Court.

## I. DEFINITIONS AND INSTRUCTIONS

A.    In construing the requests for production contained herein, including these instructions, the following definitions shall apply:

(1)    The term "Defendants" includes Fidelity Management & Research Company and FMR Co., Inc., and their respective officers, directors, employees, agents, representatives, attorneys, expert witnesses, accountants, auditors, and all other persons over whom any Defendant has control or authority or who have been hired or retained or employed for any purpose by any Defendant.

(2) The term "Funds" means The Fidelity Magellan Fund, Fidelity Contrafund, Fidelity Growth and Income Portfolio Fund, and Fidelity Low-Priced Stock Fund. The term "Funds" also includes all of any officers, directors, employees, agents, representatives, attorneys, expert witnesses, accountants, auditors, and all other persons over whom the Funds have control or authority or who have been hired or retained or employed for any purpose by the Funds.

(3)    The term "Fund Complex" means any mutual fund operated as a fund bearing the name "Fidelity" or "Spartan" as well as any fund for which any of the Defendants or any of their affiliates act as the fund's distributor, investment advisor, sub-advisor, manager, or consultant. Additionally, the term "Fund Complex" shall include any mutual fund that participates in whole or in part in any Rule 12b-1 Plan or Plan of Distribution (as hereinafter defined) with any fund which is otherwise included within the definition of Fund Complex. The term "Fund Complex" also includes all of any officers, directors, employees, agents, representatives, attorneys, expert witnesses, accountants, auditors, and all other persons over whom the Fund Complex has control or authority or who have been hired or retained or employed for any purpose by the Fund Complex.

2

(4)    The term "mutual fund" or "mutual funds" means any registered investment company or portfolio or series thereof, including all predecessor and successor entities.

(5)    The term "affiliate" or "affiliates" means (a) any person (as defined below) directly or indirectly owning, controlling, or holding with power to vote, five per cent or more of the outstanding voting securities of such other person, (b) any person five percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by such other person, (c) any person directly or indirectly controlling, controlled by, or under common control with, such other person, (d) any entity that is controlling, controlled by or in common control with any Defendant or the Johnson family, and (e) any officer, director, partner, copartner, or employee of such other person.

(6)    The term "director" or "directors" shall include trustees, and the term "board of directors" shall refer, individually and collectively, to the entire board of any of the funds in the Funds Complex -- including their independent staff, auditors, and legal counsel -- as well as any committees, subcommittees, groups, or other portions of such boards.

(7)    The term "person" means a natural person, corporation, limited liability company, partnership, joint venture, group, association, body politic, governmental agency, unit or other organization.

(8)    The term "document" or "documents" shall be construed in its broadest sense as used in Rule 34(a) of the Federal Rules of Civil Procedure (including the notes thereto), and shall include any written, recorded, compiled, or stored material or data of any kind or character.

3

(9)     The term "Section 15(c)" refers to Section 15(c) of the Investment Company Act of 1940, 15 U.S.C. §80a-15(c).

(10)     The term "Rule 12b-1" or "12b-1" refers to Rule 12b-1, 17 C.F.R. §270.12b-1, promulgated by the Securities and Exchange Commission pursuant to Section 12(b) of the Investment Company Act of 1940; the term "12b-1 Fee" means any sums of any nature or sort collected from or charged to any fund in the Fund Complex or to the owner of any shares (of any class of shares) issued by any of the funds in the Fund Complex or its distributors; and "12b-1 Plan" or "Plan of Distribution" refers to any program by which any fees or expenses are charged or collected pursuant to the authority granted by Rule 12b-1.

B.     If you claim any privilege which you contend is recognized in law to justify withholding the production of any document that you are requested to produce herein, you shall identify the document by stating:

1. the document's date (or if not dated, the date it was prepared or received);

2. the type of document (for example, letter, memorandum, telegram, chart, e-mail, photographic reproduction, etc.);

3. the title of the document, the author of the document and its addressees, and the names of all people to whom the document was furnished, distributed or circulated,

4. the document's present location, and the individual or persons who presently act as custodian or custodians of the document or have possession thereof;

5. a general description of the document's contents and the purpose for its original preparation; and

6. as to each such document, the privilege being asserted.

4

If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to this instruction, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

C.    Where the original of a document responsive to any request for production herein is available, it shall be produced.  Where the original of a document is unavailable, a copy identical to the original shall be produced.  Identical copies of the same document need not be produced, however drafts, non-identical copies or an otherwise identical copies containing unique notes or other markings, separate documents as the term is used herein.  If a document exists in electronic or recorded form (whether digital or analog), including tapes or other recordings of conversations involving the parties or any of their agents or representatives on any subject included within the scope of this Request for Production, you shall produce the document in its native format.  If a document exists in electronic or recorded form as well as other forms (including printouts of electronic data and transcripts of recordings), you shall produce the document in all forms.

D.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction B above) regardless of whether you consider the entire document to be relevant or responsive to the requests.

E.    If any responsive document was, but is no longer in your possession or subject to your control, state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

F.    The use of the singular form of any word includes the plural and vice versa.

5

G.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

H.     Unless otherwise specified, the relevant time period for the requests for production herein is from January 1, 1995, through the present.

I.     As Plaintiffs anticipate there are voluminous documents responsive to these requests, Plaintiffs request Defendants bates stamp, organize, and label the documents produced to correspond with the categories in this request pursuant to Fed. R. Civ. P. 34(b).

J. The requests for production herein are continuing in nature so as to require supplemental responses in the event that any Defendant or any person acting on its behalf obtains additional information or documents called for by the requests for production herein after the time of such Defendant's original response.

## II. DOCUMENTS AND INFORMATION TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All documents relating to any contract or agreement between any of the Funds and the Defendants or any of their affiliates whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution or other services to any of the Funds, including all documents relating to the approval of such contracts or agreements by any board of directors (including the independent directors) or shareholders of any of the Funds.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:

All documents relating to any contract or agreement between any of the funds in the Fund Complex, other than the Funds, and the Defendants or any of their affiliates whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution or other services to any of the funds in the Fund Complex, including all documents relating to the approval of such contracts or agreements by any board of directors (including the independent directors) or shareholders of any of the funds in the Fund Complex.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:

All documents relating to any contract or agreement between the Defendants or any of their affiliates and any public or private entity, other than the funds in the Fund Complex, including, but not limited to, other mutual funds, corporate investment accounts, retirement funds, pension funds, college endowment funds, labor union funds, trust funds, agency accounts,

separate accounts, or corporate profit-sharing plans, whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution, or other services.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4:

All documents relating to any bid or proposal by the Defendants or any of their affiliates to any entity, including, but not limited to, a mutual fund, corporate investment account, retirement fund, pension fund, college endowment fund, labor union fund, trust fund, agency account, separate account, or corporate profit-sharing plan pursuant to which the Defendants or any of their affiliates would agree to provide management, investment advisory, administrative, distribution, or other services.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5:

All documents relating to any arrangement whereby the Defendants or any of their affiliates contracted or subcontracted with any entity to perform management, investment advisory, administrative, distribution, or other services. (This request includes situations in which the Defendants or any of their affiliates acted as the sub-manager, sub-advisor, sub-administrator, sub-distributor, or subcontractor and situations in which the Defendants or any of their affiliates retained another person who acted as the sub-manager, sub-advisor, sub-administrator, sub-distributor, or subcontractor.)

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:

All documents relating to any contract or agreement between the Defendants or any of their affiliates and any person, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

RESPONSE:


REQUEST FOR PRODUCTION NO. 7:

One copy of each resume, curriculum vitae and other documents containing the professional and working history of any individual, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

RESPONSE:


REQUEST FOR PRODUCTION NO. 8:

All documents relating to the compensation paid by the Defendants or any of their affiliates to any person, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:

All appointment books, calendars, Day-Timers and other such documents for any individual, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10:

All documents relating to the Defendants' or any of their affiliates' internal policies, procedures, plans or strategies for providing management, investment advisory, administrative, distribution, or other services to any person.

RESPONSE:


REQUEST FOR PRODUCTION NO. 11:

All documents used for marketing or selling any services offered by the Defendants or any of their affiliates to investment companies or other clients, including but not limited to money management or investment advisory services.

RESPONSE:


REQUEST FOR PRODUCTION NO. 12:

All documents used for marketing or selling shares of any of the funds in the Fund Complex, including but not limited to materials distributed to financial intermediaries.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any AIMR auditing process or similar process conducted by or on behalf of any of the Defendants or any of their affiliates, including but not limited to AIMR audit reports or similar reports, opinion letters in connection therewith, and any documents used to support such opinion letters.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to any management, investment advisory, administrative, distribution, or other fee or rate schedule used or offered by the Defendants or any of their affiliates.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any reviews, reports, studies, analyses or evaluations of the Defendants' or any of their affiliates' management, investment advisory, administrative, distribution, or other services, including but not limited to all documents containing the results obtained by, or an analysis of the results obtained by, any investment company or other entity for which the Defendants or any of their affiliates provide management, investment advisory, administrative, distribution or other services.

RESPONSE:

11

## REQUEST FOR PRODUCTION NO. 16:

All Documents relating to any reviews, reports, analyses or evaluations of whether the Defendants or any of their affiliates have experienced, or are likely to experience, economies of scale in connection with the operation of the Funds and whether breakpoints in any of the fees charged to the Funds would be appropriate.

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 17:

All Documents relating to any reviews, reports, analyses or evaluations of whether the Defendants or any of their affiliates have experienced, or are likely to experience, economies of scale in connection with the operation of any of the funds in the Fund Complex, other than the Funds, and whether breakpoints in any of the fees charged to those funds would be appropriate.

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 18:

All documents prepared by the Defendants or any of their affiliates for distribution to the public or to shareholders of investment companies for which the Defendants or any of their affiliates provide management, investment advisory, administrative, distribution, or other services. This request includes all press releases or published articles that quote the Defendants or any of their affiliates.

12

RESPONSE:


REQUEST FOR PRODUCTION NO. 19:

All documents relating to shareholder communications, shareholder inquiries, shareholder complaints or any other documents wherein any shareholder of a fund in the Fund Complex raised any questions concerning investment advisory fees, marketing or distribution fees or charges, fund expenses, board compensation, or any other related issue.

RESPONSE:


REQUEST FOR PRODUCTION NO. 20:

All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution, or other services to any of the Funds. This request includes any calculation, review or analysis of the profitability of providing such services as well as any backup materials or data used to create any documents responsive to this request.

RESPONSE:


REQUEST FOR PRODUCTION NO. 21:

All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution, or other services to any of the funds in the Fund Complex, other than the Funds, or any other person or client. This request includes any

13

calculation, review or analysis of the profitability of providing such services as well as any backup materials or data used to create any documents responsive to this request.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 22:

All documents relating to the scope and nature of the services that the Defendants or any of their affiliates perform for the Funds.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 23:

All documents relating to the scope and nature of the services that the Defendants or any of their affiliates perform for any of the funds in the Fund Complex, other than the Funds.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 24:

All documents and reports that were submitted to any of the boards of directors of any of the Funds which relate to marketing or distribution or which discuss or refer to fees related to marketing or distribution services for the Funds, whether made in accordance with a 12b-1 Plan or otherwise .

RESPONSE:


## REQUEST FOR PRODUCTION NO. 25:

All documents and reports that were submitted to any of the boards of directors of any of the funds in the Fund Complex, other than the Funds, which relate to marketing or distribution or

which discuss or refer to fees related to marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise .

RESPONSE:


REQUEST FOR PRODUCTION NO. 26:

With respect to the Funds, all documents relating to any and all payments for marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise.

RESPONSE:


REQUEST FOR PRODUCTION NO. 27:

With respect to the funds in the Fund Complex, other than the Funds, all documents relating to any and all payments for marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise.

RESPONSE:


REQUEST FOR PRODUCTION NO. 28:

All documents, not otherwise requested herein, relating to the approval of the advisory agreements, administrative services agreements and distribution agreements with any of the Defendants or any of their affiliates involving any of the Funds by the Funds' boards, their independent directors and their shareholders.

RESPONSE:

REQUEST FOR PRODUCTION NO. 29:

All documents, not otherwise requested herein, relating to the approval of the advisory agreements, administrative services agreements and distribution agreements with any of the Defendants or any of their affiliates involving any of the funds in the Fund Complex, other than the Funds, by the Fund Complex boards, their independent directors and their shareholders.

RESPONSE:


REQUEST FOR PRODUCTION NO. 30:

All financial statements (including but not limited to balance sheets, income/expense statements and statements of cash flow), whether audited or not, for the Defendants or any of their affiliates.

RESPONSE:


REQUEST FOR PRODUCTION NO. 31:

All documents relating to any relationship or arrangement between the Defendants or any of their affiliates and any securities broker/dealer who sells or trades shares of any of the funds in the Fund Complex.

RESPONSE:


REQUEST FOR PRODUCTION NO. 32:

All documents relating to any relationship or arrangement between the Defendants or any of their affiliates and any securities broker/dealer who purchases or sells securities for or on behalf of any of the funds in the Fund Complex, including but not limited to, documents reflecting the costs of execution for such purchase or sale of securities or any other consideration

in connection with such purchase or sale of securities, including soft dollars. This request includes, but is not limited to, documents reflecting any services or products (including the value of such services or products) provided by third parties or others to the Defendants or their affiliates or to the funds in the Fund Complex in connection with the purchase or sale of securities for or on behalf of the funds in the Fund Complex.

RESPONSE:


REQUEST FOR PRODUCTION NO. 33:

All documents relating to any securities clearing relationship between any of the Defendants or any of their affiliates and any person.

RESPONSE:


REQUEST FOR PRODUCTION NO. 34:

All documents relating to any studies, surveys or reports conducted by the Investment Company Institute or any other entity relating to investment company advisory fees, management fees, administrative fees, Rule 12b-1 Fees, payments related to marketing or distribution services, or the independence of or fees paid to investment company directors, including the particular responses of the Fund Complex or any of the Defendants or any of their affiliates with respect thereto.

RESPONSE:


REQUEST FOR PRODUCTION NO. 35:

All documents relating to the Freeman & Brown Study identified in paragraph 20 of the Consolidated Complaint (John P. Freeman & Stewart L. Brown, Mutual Fund Advisory Fees:

The Cost of Conflicts of Interest, 26 J. Corp. L. 610 (2001)) or any similar study, survey or report concerning the comparative relationship of fees, costs and expenses charged to mutual funds and fees, costs and expenses charged to other, non-mutual fund, institutional clients for comparable services, including the particular responses of the Fund Complex or any of the Defendants or any of their affiliates with respect thereto.

RESPONSE:


REQUEST FOR PRODUCTION NO. 36:

All aggregated or consolidated trade tickets for the past three years for the purchase or sale of securities by or on behalf of any of the funds in the Fund Complex, any other clients of any of the Defendants or their affiliates, and/or any of the Defendants' or any of their affiliates' own accounts.

RESPONSE:


REQUEST FOR PRODUCTION NO. 37:

All daily and periodic cash management reports for the past three years for all accounts managed by any of the Defendants or any of their affiliates, including but not limited to the funds in the Fund Complex and other clients.

RESPONSE:


REQUEST FOR PRODUCTION NO. 38:

All annual, monthly, or other periodic reports for the past three years for all accounts managed by any of the Defendants or any of their affiliates, including but not limited to the funds in the Fund Complex and other clients, relating to portfolio performance, performance

attribution, risk exposure and management, portfolio holdings, portfolio turnover, guideline compliance, position management, sector allocation, and/or trading commissions.

RESPONSE:

REQUEST FOR PRODUCTION NO. 39:

All documents relating to the allocation of securities purchased by or on behalf of various accounts managed or advised by any of the Defendants or any of their affiliates, including any allocation procedures applicable to any of the Defendants or any of their affiliates or any of the funds in the Fund Complex.

RESPONSE:

REQUEST FOR PRODUCTION NO. 40:

All documents relating to any analysis or cost-benefit comparison done for or by any of the Funds concerning (i) the benefit received by such fund from or as a result of retaining any of the Defendants or any of their affiliates to provide any services, or (ii) any comparison of these services, or the expenses or costs associated with these services, to those of any other entity that provides such services.

RESPONSE:

REQUEST FOR PRODUCTION NO. 41:

All documents relating to any analysis or cost-benefit comparison done for or by any of the funds in the Fund Complex, other than the Funds, concerning (i) the benefit received by such fund from or as a result of retaining any of the Defendants or any of their affiliates to provide

any services, or (ii) any comparison of these services, or the expenses or costs associated with these services, to those of any other entity that provides such services.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 42:

All documents relating to any request(s) by any director(s) for information relating to the management, investment advisory, administrative, marketing, or distribution services provided to any of the Funds, including but not limited to any information relating to any fees charged to the Funds and any documents that discuss or refer to any request(s) by any director(s) for such information.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 43:

All documents relating to any request(s) by any director(s) for information relating to the management, investment advisory, administrative, marketing, or distribution services provided to any of the funds in the Fund Complex, other than the Funds, including but not limited to any information relating to any fees charged to the funds in the Fund Complex and any documents that discuss or refer to any request(s) by any director(s) for such information.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 44:

All documents relating to the Funds submitted to any board of directors (including committees thereof) or any individual director for any of the Funds and all documents relating thereto, whether prepared specifically for any board of directors (including committees thereof)

or any individual director or whether compiled or prepared in support of or as backup for any such document.

RESPONSE:


REQUEST FOR PRODUCTION NO. 45:

All documents submitted to any board of directors (including committees thereof) or any individual director for any of the funds in the Fund Complex, other than the Funds, and all documents relating thereto, whether prepared specifically for any board of directors (including committees thereof) or any individual director or whether compiled or prepared in support of or as backup for any such document.

RESPONSE:


REQUEST FOR PRODUCTION NO. 46:

All documents, including but not limited to agendas, handouts, reports, summaries, charts, visual aids, and other materials, distributed or used in connection with communications to or meetings of any board of directors (including committees thereof) for any of the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 47:

All documents, including but not limited to agendas, handouts, reports, summaries, charts, visual aids, and other materials, distributed or used in connection with communications to or meetings of any board of directors (including committees thereof) for any of the funds in the Fund Complex, other than the Funds.

RESPONSE:

REQUEST FOR PRODUCTION NO. 48:

All documents prepared for or provided to any board of directors (including committees thereof) for any of the Funds concerning, summarizing or comparing the Funds' performances, benchmarks, holdings, activities, goals, costs, expenses or fees, including without limitation any so-called "Lipper Packages," "Gartenberg Packages," "15(c) Packages" or other similar reports or documents by whatever name known.

RESPONSE:

REQUEST FOR PRODUCTION NO. 49:

All documents prepared for or provided to any board of directors (including committees thereof) for any of the funds in the Fund Complex concerning, summarizing or comparing performances, benchmarks, holdings, activities, goals, costs, expenses or fees of the funds in the Fund Complex , other than the Funds, including without limitation any so-called "Lipper Packages," "Gartenberg Packages," "15(c)  Packages or other similar reports or documents by whatever name known.

RESPONSE:

REQUEST FOR PRODUCTION NO. 50:

All documents concerning, summarizing or comparing the fees charged by Defendants or their affiliates to the Funds or to any other fund in the Fund Complex for management, investment advisory, administrative, distribution or other services with the fees charged by the Defendants to non-mutual fund clients.

RESPONSE:


REQUEST FOR PRODUCTION NO. 51:

All documents concerning, summarizing or comparing the fees charged by Defendants or their affiliates to the Funds or to any other fund in the Fund Complex for management, investment advisory, administrative, distribution or other services with the fees charged to other mutual fund benchmarks or peer groups.

RESPONSE:


REQUEST FOR PRODUCTION NO. 52:

All documents prepared for or provided to any board of directors (including committees thereof) for any of the funds in the Fund Complex concerning the costs, fees or expenses charged by the Defendants or any of their affiliates in connection with providing any management, investment advisory, administrative, distribution, or other services to any public or private entity (other than the funds in the Fund Complex), including, but not limited to other mutual funds, corporate investment accounts, retirement funds, pension funds, college endowment funds, labor union funds, trust funds, agency accounts, separate accounts, or corporate profit-sharing plans, .

RESPONSE:


REQUEST FOR PRODUCTION NO. 53:

All minutes of meetings of any board of directors (including committees thereof) for any of the Funds.

RESPONSE:

REQUEST FOR PRODUCTION NO. 54:

All minutes of meetings of any board of directors (including committees thereof) for any of the funds in the Fund Complex, other than the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 55:

All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors (or committees thereof) for any of the funds in the Fund Complex.

RESPONSE:


REQUEST FOR PRODUCTION NO. 56:

All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors for any of the Defendants or any of their affiliates.

RESPONSE:


REQUEST FOR PRODUCTION NO. 57:

All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors of any other

investment company or from any other source other than the Fund Complex or the Defendants or their affiliates.

RESPONSE:


REQUEST FOR PRODUCTION NO. 58:

All documents relating to and including board questionnaires, background investigations, background reviews, resumes, or curriculum vitae for all officers and directors of any of the Defendants or any of the funds in the Fund Complex.

RESPONSE:


REQUEST FOR PRODUCTION NO. 59:

All documents relating to any past or present business interests that exist between any of the parties identified in response to the production request immediately above.

RESPONSE:


REQUEST FOR PRODUCTION NO. 60:

All documents concerning the identification, qualification, evaluation, review, approval or rejection of potential candidates to serve as a members of the boards of directors of the funds in the Fund Complex, including without limitation any documents reflecting how potential board members are first identified and selected or the particular qualifications possessed by such candidates.

RESPONSE:

REQUEST FOR PRODUCTION NO. 62:

One copy of each prospectus and Statement of Additional Information for any of the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 63:

One copy of each prospectus and Statement of Additional Information for any of the funds in the Fund Complex , other than the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 64:

One copy of each proxy statement for any of the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 65:

One copy of each proxy statement for any of the funds in the Fund Complex , other than the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 66:

One copy of each annual, quarterly, semi-annual and any other periodic reports for any of the Funds.

RESPONSE:

REQUEST FOR PRODUCTION NO. 67:

One copy of each annual, quarterly, semi-annual and any other periodic reports for any of the funds in the Fund Complex , other than the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 68:

One copy of each Form N-SAR, with both the question and the related answer together in the same page of the document, for any of the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 69:

One copy of each Form N-SAR, with both the question and the related answer together in the same page of the document, for any of the funds in the Fund Complex , other than the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 70:

One copy of the articles of incorporation and bylaws as amended to date for any of the Defendants or their affiliates or any of the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 71:

One copy of the articles of incorporation and bylaws as amended to date for any of the Defendants or their affiliates or any of the funds in the Fund Complex , other than the Funds.

RESPONSE:


REQUEST FOR PRODUCTION NO. 72:

All organizational charts and any other documents relating to the internal organization of the Defendants or their affiliates or their relationship with any of the funds in the Fund Complex.

RESPONSE:


REQUEST FOR PRODUCTION NO. 73:

All documents relating to any litigation or arbitration proceedings involving any of the Defendants or their affiliates as a party where any fees, compensation, or other benefits received by the Defendants or their affiliates are or were at issue or involved in any way.

RESPONSE:


REQUEST FOR PRODUCTION NO. 74:

All documents relating to any legal, accounting, financial, compliance, or other audit (both internal and external), including any opinion letters of professionals such as attorneys or accountants, of the Defendants where any fees, compensation, or other benefits received by the Defendants or their affiliates were involved in any way.

RESPONSE:


REQUEST FOR PRODUCTION NO. 75:

All documents relating to any examination or investigation of the Defendants or any of their affiliates or any of the funds in the Fund Complex by the Securities and Exchange Commission ("SEC"), the National Association of Securities Dealers ("NASD"), or any state

securities commission, whether pursuant to a routine or for-cause inspection, including but not limited to internal documents of the Defendants and correspondence or other documents from the SEC, the NASD, or any state securities commission.

RESPONSE:


REQUEST FOR PRODUCTION NO. 76:

All documents, reports and surveys prepared or published by any trade association, industry consultant, or other entity that compiles data on investment advisors or distributors in the mutual fund or pension management industry (such as pension fund consultants Mercer Investment Consulting and Ennis Knupp & Associates) which contain any information provided by or about any of the Defendants or their affiliates or any of the funds in the Fund Complex.

RESPONSE:


REQUEST FOR PRODUCTION NO. 77:

All documents provided to any expert witnesses or consultants retained on this case.

RESPONSE:


REQUEST FOR PRODUCTION NO. 78:

All documents, including but not limited to insurance policies and communications concerning applications for insurance policies, that reflect the terms under which the Defendants may be insured or indemnified against liability for breaches of fiduciary duties or other alleged misconduct.

RESPONSE:

REQUEST FOR PRODUCTION NO. 79:

All documents, including but not limited to reservation of rights letters, relating to any communications with any insurer regarding the claims set forth in this action.

RESPONSE:

REQUEST FOR PRODUCTION NO. 80:

All documents, including but not limited to insurance policies, communications concerning applications for insurance policies, and bylaws or resolutions by the Defendants, relating to the indemnification of or provision of legal services for current or former directors, officers, or employees of the Defendants or any funds in the Fund Complex.

RESPONSE:

REQUEST FOR PRODUCTION NO. 81:

All documents that discuss, refer, mention or relate to differences in expenses charged by (1) the Fidelity Spartan funds and (2) any Fidelity affiliate selling advisory services to non-mutual fund customers, such as pension funds or endowment funds and the funds in the Fund Complex.

RESPONSE:

Dated December 14, 2005

Respectfully submitted,

CYNTHIA A. BENNETT, GUY E. MILLER,
NANCY HAUGEN, MICHAEL F. MAGNAN,
KAREN L. MAGNAN, PRESLEY C. PHILLIPS,
ANDREA M. PHILLIPS, and CINDY
SCHURGIN, for the use and benefit of THE
FIDELITY MAGELLAN FUND, FIDELITY
CONTRAFUND, FIDELITY GROWTH &
INCOME PORTFOLIO FUND, FIDELITY BLUE
CHIP GROWTH FUND, and FIDELITY LOW-
PRICED STOCK FUND,

By their attorneys,

_____/s/ Michelle H. Blauner_____
Michelle H. Blauner, BBO # 549049
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939

Robert D. Friedman, BBO# 180240
Harry S. Miller, BBO# 346946
Matthew J. Tuttle, BBO# 562758
Sara B. Davis, BBO# 648002
PERKINS SMITH & COHEN LLP
One Beacon Street, 30th Floor
Boston, MA 02108
(617) 854-4000

Thomas R. Grady (pro hac vice)
THOMAS R. GRADY, P.A.
720 Fifth Avenue South
Suite 200
Naples, Florida 34102
(239) 261-6555

Lynn Lincoln Sarko (pro hac vice)
Michael D. Woerner (pro hac vice)
Tana Lin (pro hac vice)
Gretchen F. Cappio (pro hac vice)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Ste. 3200
Seattle, WA 98101-3052
(206) 623-1900

31

Gary Gotto, Bar No. 007401
Ron Kilgard, Bar No. 005902
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Ste. 900
Phoenix, AZ  85012
(602) 248-0088

Michael J. Brickman (*pro hac vice*)
James C. Bradley (*pro hac vice*)
Nina H. Fields (*pro hac vice*)
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
174 East Bay Street
Charleston, SC  29401
(842) 727-6500

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL & BURNS,
L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL  33602
(813) 225-2500

## CERTIFICATE OF SERVICE

I, Michelle Blauner, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of same, by facsimile and first class mail, postage prepaid, to each attorney of record, this 14th day of December, 2005.

_s/ Michelle H. Blauner_
Michelle H. Blauner, BBO # 549049