No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

## Exhibit 7 Part 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN FUND, FIDELITY CONTRAFUND, FIDELITY GROWTH & INCOME PORTFOLIO, FIDELITY BLUE CHIP GROWTH FUND, and FIDELITY LOW-PRICED STOCK FUND, )<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>Defendants. | CIVIL ACTION NO: No. 04-cv-11651-MLW (Master Docket No.) |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION DIRECTED TO DEFENDANTS

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure defendants Fidelity Management & Research Company and FMR Co., Inc. ("Defendants"), by their undersigned counsel, hereby respond and object as follows to Plaintiffs' First Request for Production Directed to Defendants (the "Requests").

## GENERAL RESPONSES

Defendants respond to the Requests subject to the accompanying General Objections. In doing so, Defendants do not waive (and, indeed, expressly preserve) all such General Objections. Defendants also submit these responses subject to, and without intending to waive, any objections as to the competency, relevance, materiality, privilege or admissibility of any of the

1

responses, as well as the right to object to other discovery procedures involving and relating to the subject matter of the responses stated herein.

Defendants reserve the right to amend, revise, correct, supplement or clarify any of the responses herein pursuant to facts or information gathered at any time subsequent to the date of these responses. Moreover, Defendants' responses to the Requests are made to the best of their present knowledge, information and belief. Defendants reserve the right to make any use of, or to introduce at hearing and at trial, documents responsive to the Requests discovered subsequent to the date of Defendants' production, including without limitation, any documents obtained in discovery herein.

The Defendants are willing to meet and confer with Plaintiffs to reach a formal agreement that will supplement these responses and objections regarding, among other issues, focusing Defendants' search for electronic documents (including e-mail) to a finite list of custodians likely to have responsive data using search terms likely to yield responsive data. All responses herein are to be read as consistent with, and Defendants production will be governed by, the to be agreed upon limitation on the scope of Defendants' search for and production of responsive documents, particularly documents stored electronically. If the parties are unable to reach such an agreement, Defendants' production will be based upon what it believes are reasonable efforts to locate responsive documents stored electronically or any order of the Court that addresses the issue.

## GENERAL OBJECTIONS

The following General Objections apply to each and every one of the document requests propounded by the Plaintiffs and shall have the same force and effect as if set forth in full in each of the specific responses enumerated below.

1.      Defendants object to Definition A(1) of the term "Defendants" as being overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, vague and ambiguous. Defendants also object insofar as the Requests seek documents related to Defendants "and their affiliates." Defendants will not produce documents in the possession of their affiliates that are not parties to this litigation. Unless otherwise specified herein, Defendants will interpret the term "Defendants" to mean Fidelity Management & Research Company and FMR Co, Inc.

2.      Defendants object to Definition A(2) of the term "Funds" as being overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, vague and ambiguous. Subject to and without waiving these objections, Defendants will interpret Plaintiffs' references to "Funds" to include only the Fidelity Magellan Fund, Fidelity Contrafund, Fidelity Growth and Income Portfolio Fund, Fidelity Blue Chip Growth Fund and Fidelity Low-Priced Stock Fund (collectively, the "Funds").

3.      Defendants object to Definition A(3) of the term "Fund Complex" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the term "Fund Complex" to the extent it seeks documents or information pertaining to funds other than the Funds. Unless otherwise specified, Defendants will only produce documents related to the Funds.

4.      Defendants object to Definition A(4) of the term "mutual fund," "mutual funds" or "non-mutual fund" as overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendants object to Definition A(5) of the term "affiliate" or "affiliates" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the

discovery of admissible evidence. Unless otherwise specified herein, when Plaintiffs seek all documents relating to Defendants and any of their affiliates, Defendants will limit their responses to documents related to the Defendants.

6.      Defendants object to the Definition A(6) of the term "board of directors" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Defendants will define "Board" to mean the independent trustees sitting on the board of trustees for the Funds.

7.      Defendants object to Definition A(7) of the term "person" as overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Defendants object to Definition A(8) of the term "document" or "documents" to the extent that it is broader than that provided in Fed. R. Civ. P. 34(a).

9.      Defendants object to Definition A(10) of the term "12b-1 Fee," "12b-1 Plan" and "Plan of Distribution" to the extent that they purport to seek production of documents related to any funds other than the Funds.

10.     Defendants object to Instruction B to the Requests to the extent it seeks to impose upon Defendants burdens and obligations exceeding those permitted by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

11.     Defendants object to Instruction C of the Requests to the extent that it seeks production of original documents rather than copies, a demand which is not supported by the Federal Rules of Civil Procedure and which imposes an undue burden on Defendants. Defendants further object to Instruction C to the extent that it calls for production of identical documents in multiple forms. Defendants further object to Instruction C to the extent it calls for production of documents in their native format. Defendants further object to Instruction C of the

4

Requests as overly broad and unduly burdensome to the extent that it seeks the production of draft documents.

12.     Defendants object to Instruction E to the Requests to the extent it seeks to impose upon Defendants burdens and obligations exceeding those permitted by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

13.     Defendants object to Instruction H to the Requests to the extent that it seeks documents created before September 1, 2001 as being overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendants will only produce responsive materials dated from and including September 1, 2001 through the date of the Requests, unless otherwise specified.

14.     Defendants object to Instruction I of the Requests as unduly burdensome to the extent that it seek production of documents grouped, organized or labeled by responsiveness to specific requests.

15.     Defendants object to the extent that the Requests seek documents or information related to sub-advisory and institutional accounts or other accounts other than the Funds, as such requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants will only produce information about similarly styled institutional or sub-advised accounts managed by a portfolio manager who simultaneously served as a portfolio manager for one of the Funds during the relevant time period ("Non-Mutual Fund Accounts").

16.     Defendants object to the extent that the Requests seek documents not in Defendants' possession, custody, or control.

5

17.    Defendants object to the extent that the Requests seek documents that were prepared for or in anticipation of litigation, constitute attorneys' work-product, contain or pertain to attorney-client communications, or are otherwise privileged.

18.    Defendants object to the extent that the Requests are overbroad, unduly burdensome, and oppressive.

19.    Defendants object to the extent that the Requests are vague and ambiguous.

20.    Defendants object to the extent that the Requests call for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21.    Defendants object to the extent that the Requests seek documents that are already in the Plaintiffs possession, custody, or control.

22.    Defendants object to the extent that the Requests seek documents that are publicly available and/or uniquely or equally available to Plaintiffs from third parties.

23.    Defendants object to the Requests to the extent that they seek documents or information relating to, concerning or reflecting confidential or proprietary business information, trade secrets or other confidential research or commercial information, including but not limited to confidential or proprietary information of third parties in the absence of an appropriate confidentiality agreement among the parties and/or the entry of an appropriate protective order governing the confidentiality of such materials.

24.    Defendants object to the Requests to the extent that they call for the production of documents and information the disclosure of which would infringe upon the privacy of its customers who are not parties to this litigation.

25.    Defendants object to the Requests to the extent they call for all responsive documents that exist at Fidelity.  The Defendants are willing to meet and confer with Plaintiffs to reach a formal agreement that will supplement these responses and objections regarding, among other issues, focusing Defendants' search for electronic documents (including e-mail) to a finite list of custodians likely to have responsive data using search terms likely to yield responsive data.  All responses herein are to be read as consistent with, and Defendants production will be governed by, the to be agreed upon limitation on the scope of Defendants' search for and production of responsive documents, particularly documents stored electronically.  If the parties are unable to reach such an agreement, Defendants' production will be based upon what it believes are reasonable efforts to locate responsive documents stored electronically or any order of the Court that addresses the issue.

26.    Defendants object to the Requests to the extent that they imply the existence of legal duties or agency relationships, as assuming facts not in evidence.

27.    Defendants object to the Requests to the extent that they seek the production of documents not maintained in the usual course of business.

28.    Defendants object to the extent that the Requests seek to impose upon Defendants burdens and obligations exceeding those permitted by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

29.    Defendants reserve all objections which may be available to them at any hearing or trial or on any motion to the use or admissibility of any material produced.  The production of any material does not constitute an admission by Defendants that such material or the information contained therein is relevant to this action or admissible in evidence.

## NON-WAIVER

If Defendants, in response to the Requests, inadvertently produce documents or information that are or may be subject to any of the foregoing objections, such production is not intended to be, nor shall it be construed to be, a waiver of objections with respect to such documents or any withheld documents. Defendants reserve their right to demand the return of all copies of such documents.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents relating to any contract or agreement between any of the Funds and the Defendants or any of their affiliates whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution or other services to any of the Funds, including all documents relating to the approval of such contracts or agreements by any board of directors (including the independent directors) or shareholders of any of the Funds.

**Response to Request No. 1:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce agreements and contracts whereby they agreed to provide distribution, administrative, advisory and management services to the Funds, as well as materials provided to the Board in connection with the approval of such agreements or contracts.

8

**Request No. 2:**

All documents relating to any contract or agreement between any of the funds in the Fund Complex, other than the Funds, and the Defendants or any of their affiliates whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution or other services to any of the funds in the Fund Complex, including all documents relating to the approval of such contracts or agreements by any board of directors (including the independent directors) or shareholders of any of the funds in the Fund Complex.

**Response to Request No. 2:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 3:**

All documents relating to any contract or agreement between the Defendants or any of their affiliates and any public or private entity, other than the funds in the Fund Complex, including, but not limited to, other mutual funds, corporate investment accounts, retirement funds, pension funds, college endowment funds, labor union funds, trust funds, agency accounts, separate accounts, or corporate profit-sharing plans, whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution, or other services.

**Response to Request No. 3:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the

grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce agreements and contracts to provide advisory and management services to Non-Mutual Fund Accounts.

**Request No. 4:**

All documents relating to any bid or proposal by the Defendants or any of their affiliates to any entity, including, but not limited to, a mutual fund, corporate investment account, retirement fund, pension fund, college endowment fund, labor union fund, trust fund, agency account, separate account, or corporate profit-sharing plan pursuant to which the Defendants or any of their affiliates would agree to provide management, investment advisory, administrative, distribution, or other services.

**Response to Request No. 4:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive requests for proposals ("RFPs") and bids submitted by the Defendants with respect to Non-Mutual Fund Accounts.

**Request No. 5:**

All documents relating to any arrangement whereby the Defendants or any of their affiliates contracted or subcontracted with any entity to perform management, investment advisory, administrative, distribution or other services. (This request includes situations in which the Defendants or any of their affiliates acted as the sub-manager, sub-advisor, sub-administrator, sub-distributor, or subcontractor and situations in which the Defendants or any of their affiliates retained another person who acted as the sub-manager, sub-advisor, sub-administrator, sub-distributor, or subcontractor.)

**Response to Request No. 5:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce contracts relating to the Defendants' provision of sub-advisory services to third parties for Non-Mutual Fund Accounts.

**Request No. 6:**

All documents relating to any contract or agreement between the Defendants or any of their affiliates and any person, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

11

**Response to Request No. 6:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive prospectuses, SAIs and employment contracts for portfolio managers of the Funds.

**Request No. 7:**

One copy of each resume, curriculum vitae and other documents containing the professional and working history of any individual, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

**Response to Request No. 7:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive prospectuses, SAIs and one copy of the resumes or curriculum vitae of portfolio managers for the Funds.

12

**Request No. 8**:

All documents relating to the compensation paid by the Defendants or any of their affiliates to any person, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

**Response to Request No. 8**:

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants object to this request to the extent that it seeks highly confidential and proprietary information. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce summary documents sufficient to illustrate the structure and components of compensation for the portfolio managers of the Funds, but not the actual amounts of compensation.

**Request No. 9**:

All appointment books, calendars, Day-Timers and other such documents for any individual, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers.

**Response to Request No. 9:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 10:**

All documents relating to the Defendants' or any of their affiliates' internal policies, procedures, plans or strategies for providing management, investment advisory, administrative, distribution, or other services to any person.

**Response to Request No. 10:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, and in accordance with the parties' agreement, Defendants will produce the Rules for Employee Investing applicable to employees of Defendants involved in advising, managing, operating, or overseeing the Funds.

**Request No. 11:**

All documents used for marketing or selling any services offered by the Defendants or any of their affiliates to investment companies or other clients, including but not limited to money management or investment advisory services.

**Response to Request No. 11:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it is duplicative of Request No. 4.

**Request No. 12:**

All documents used for marketing or selling shares of any of the funds in the Fund Complex, including but not limited to materials distributed to financial intermediaries.

**Response to Request No. 12:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is duplicative of Request No. 31.

**Request No. 13:**

All documents relating to any AIMR auditing process or similar process conducted by or on behalf of any of the Defendants or any of their affiliates, including but not limited to AIMR

audit reports or similar reports, opinion letters in connection therewith, and any documents used to support such opinion letters.

**Response to Request No. 13:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is duplicative of Request No. 38.

**Request No. 14:**

All documents relating to any management, investment advisory, administrative, distribution, or other fee or rate schedule used or offered by the Defendants or any of their affiliates.

**Response to Request No. 14:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, and in accordance with the parties' agreement, Defendants will produce pricing schedules that govern Non-Mutual Fund Accounts.

**Request No. 15:**

All documents relating to any reviews, reports, studies, analyses or evaluations of the Defendants' or any of their affiliates' management, investment advisory, administrative, distribution, or other services, including but not limited to all documents containing the results obtained by, or an analysis of the results obtained by, any investment company or other entity for which the Defendants or any of their affiliates provide management, investment advisory, administrative, distribution or other services.

**Response to Request No. 15:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, defendants will produce evaluations of the nature and quality of services provided to the Funds to the extent the information was provided to the Board.

**Request No. 16:**

All Documents relating to any reviews, reports, analyses or evaluations of whether the Defendants or any of their affiliates have experienced, or are likely to experience, economies of scale in connection with the operation of the Funds and whether breakpoints in any of the fees charged to the Funds would be appropriate.

**Response to Request No. 16:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants object to this request on the ground that it seeks documents relating to any of Defendants' affiliates. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents.

**Request No. 17:**

All Documents relating to any reviews, reports, analyses or evaluations of whether the Defendants or any of their affiliates have experienced, or arc likely to experience, economies of scale in connection with the operation of any of the funds in the Fund Complex, other than the Funds, and whether breakpoints in any of the fees charged to those funds would be appropriate.

**Response to Request No. 17:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants object to this request on the ground that it seeks documents relating to any of Defendants' affiliates. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18

Subject to and without waiver of the foregoing General and specific objections,
Defendants will produce responsive documents.

**Request No. 18:**

All documents prepared by the Defendants or any of their affiliates for distribution to the
public or to shareholders of investment companies for which the Defendants or any of their
affiliates provide management, investment advisory, administrative, distribution, or other
services. This request includes all press releases or published articles that quote the Defendants
or any of their affiliates.

**Response to Request No. 18:**

Defendants hereby incorporate by reference the General Responses and General
Objections stated above as though fully set forth herein. Defendants object to this request on the
grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further
object to this request on the ground that it calls for public documents equally accessible to the
Plaintiffs. Defendants further object to this request on the grounds that it seeks the production of
documents that are neither relevant nor reasonably calculated to lead to the discovery of
admissible evidence.

Subject to and without waiver of the foregoing General and specific objections,
Defendants will produce responsive press releases issued by Fidelity.

**Request No. 19:**

All documents relating to shareholder communications, shareholder inquiries,
shareholder complaints or any other documents wherein any shareholder of a fund in the Fund
Complex raised any questions concerning investment advisory fees, marketing or distribution
fees or charges, fund expenses, board compensation, or any other related issue.

**Response to Request No. 19**:

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 20**:

All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution, or other services to any of the Funds. This request includes any calculation, review or analysis of the profitability of providing such services as well as any backup materials or data used to create any documents responsive to this request.

**Response to Request No. 20**:

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to the term "backup materials" as vague, ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents sufficient to show the annual costs of operating and profitability of the Funds.

**Request No. 21:**

All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution, or other services to any of the funds in the Fund Complex, other than the Funds, or any other person or client. This request includes any calculation, review or analysis of the profitability of providing such services as well as any backup materials or data used to create any documents responsive to this request.

**Response to Request No. 21:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 22:**

All documents relating to the scope and nature of the services that the Defendants or any of their affiliates perform for the Funds.

**Response to Request No. 22:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object on the ground

21

that the request for "[a]ll documents relating to the scope and nature of the services" is vague and ambiguous and requires the production of potentially every document that Defendants have generated and/or received over the past 11 years. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce the prospectuses, SAIs and responsive board materials relating to the Funds.

**Request No. 23:**

All documents relating to the scope and nature of the services that the Defendants or any of their affiliates perform for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 23:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object on the ground that the request for "[a]ll documents relating to the scope and nature of the services" is vague and ambiguous and requires the production of potentially every document that Defendants have generated and/or received over the past 11 years. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 24:**

All documents and reports that were submitted to any of the boards of directors of any of the Funds which relate to marketing or distribution or which discuss or refer to fees related to

marketing or distribution services for the Funds, whether made in accordance with a 12b-1 Plan or otherwise.

**Response to Request No. 24:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents sufficient to show any document or reports that were provided to the Board of the Funds in connection with any Rule 12b-1 plan for the Funds.

**Request No. 25:**

All documents and reports that were submitted to any of the boards of directors of any of the funds in the Fund Complex, other than the Funds, which relate to marketing or distribution or which discuss or refer to fees related to marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise.

**Response to Request No. 25:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 26**:

With respect to the Funds, all documents relating to any and all payments for marketing or distribution services, whether made in accordance with a 12b-l Plan or otherwise.

**Response to Request No. 26:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents sufficient to show any document or reports that were provided to the Board of the Funds in connection with any Rule 12b-1 plan for the Funds.

**Request No. 27:**

With respect to the funds in the Fund Complex, other than the Funds, all documents relating to any and all payments for marketing or distribution services, whether made in accordance with a 12b-l Plan or otherwise.

**Response to Request No. 27:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 28:**

All documents, not otherwise requested herein, relating to the approval of the advisory agreements, administrative services agreements and distribution agreements with any of the Defendants or any of their affiliates involving any of the Funds by the Funds' boards, their independent directors and their shareholders.

**Response to Request No. 28:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents relating to the approval of Defendants' advisory, administrative service and distribution agreements with the Funds that were provided to the Board of the Funds.

**Request No. 29:**

All documents, not otherwise requested herein, relating to the approval of the advisory agreements, administrative services agreements and distribution agreements with any of the Defendants or any of their affiliates involving any of the funds in the Fund Complex, other than the Funds, by the Fund Complex boards, their independent directors and their shareholders.

**Response to Request No. 29:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further

25