No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

## Exhibit 7 Part 2 of 2

object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 30:**

All financial statements (including but not limited to balance sheets, income/expense statements and statements of cash flow), whether audited or not, for the Defendants or any of their affiliates.

**Response to Request No. 30:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 31:**

All documents relating to any relationship or arrangement between the Defendants or any of their affiliates and any securities broker/dealer who sells or trades shares of any of the funds in the Fund Complex.

**Response to Request No. 31:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce any responsive agreements between the Defendants and any

broker/dealers relating to the sale of shares in the Funds, and documents sufficient to show Fidelity's policy with respect to soft dollars.

**Request No. 32:**

All documents relating to any relationship or arrangement between the Defendants or any of their affiliates and any securities broker/dealer who purchases or sells securities for or on behalf of any of the funds in the Fund Complex, including but not limited to, documents reflecting the costs of execution for such purchase or sale of securities or any other consideration in connection with such purchase or sale of securities, including soft dollars. This request includes, but is not limited to, documents reflecting any services or products (including the value of such services or products) provided by third parties or others to the Defendants or their affiliates or to the funds in the Fund Complex in connection with the purchase or sale of securities for or on behalf of the funds in the Fund Complex.

**Response to Request No. 32:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 33:**

All documents relating to any securities clearing relationship between any of the Defendants or any of their affiliates and any person.

**Response to Request No. 33:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the

grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 34:**

All documents relating to any studies, surveys or reports conducted by the Investment Company Institute or any other entity relating to investment company advisory fees, management fees, administrative fees, Rule 12b-l Fees, payments related to marketing or distribution services, or the independence of or fees paid to investment company directors, including the particular responses of the Fund Complex or any of the Defendants or any of their affiliates with respect thereto.

**Response to Request No. 34:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive studies, surveys and reports in their possession, custody or control conducted by the Investment Company Institute or other entity relating to the Funds, as well as any specific responses submitted by the Defendants or the Funds.

28

**Request No. 35:**

All documents relating to the Freeman & Brown Study identified in paragraph 20 of the Consolidated Complaint (John P. Freeman & Stewart L. Brown, Mutual Fund Advisory Fees: The Cost of Conflicts of Interest, 26 J. Corp. L. 610 (2001)) or any similar study, survey or report concerning the comparative relationship of fees, costs and expenses charged to mutual funds and fees, costs and expenses charged to other, non-mutual fund, institutional clients for comparable services, including the particular responses of the Fund Complex or any of the Defendants or any of their affiliates with respect thereto.

**Response to Request No. 35:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents in their possession, custody or control regarding the Freeman & Brown Study, or any similar study, survey, or report relating to the Funds.

**Request No. 36:**

All aggregated or consolidated trade tickets for the past three years for the purchase or sale of securities by or on behalf of any of the funds in the Fund Complex, any other clients of any of the Defendants or their affiliates, and/or any of the Defendants' or any of their affiliates' own accounts.

**Response to Request No. 36:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 37:**

All daily and periodic cash management reports for the past three years for all accounts managed by any of the Defendants or any of their affiliates, including but not limited to the funds in the Fund Complex and other clients.

**Response to Request No. 37:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 38:**

All annual, monthly, or other periodic reports for the past three years for all accounts managed by any of the Defendants or any of their affiliates, including but not limited to the funds in the Fund Complex and other clients, relating to portfolio performance, performance

30

attribution, risk exposure and management, portfolio holdings, portfolio turnover, guideline compliance, position management, sector allocation, and/or trading commissions.

**Response to Request No. 38:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, and in accordance with the parties' agreement, Defendants will produce responsive attribution analytics for the Funds from 2002 to 2005, as well as documents sufficient to show portfolio holdings, portfolio turnover, sector allocation and performance of the Funds. Subject to and without waiver of the foregoing General and specific objections, Defendants will also produce documents responsive to Request No. 48.

**Request No. 39:**

All documents relating to the allocation of securities purchased by or on behalf of various accounts managed or advised by any of the Defendants or any of their affiliates, including any allocation procedures applicable to any of the Defendants or any of their affiliates or any of the funds in the Fund Complex.

**Response to Request No. 39:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further

object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 40:**

All documents relating to any analysis or cost-benefit comparison done for or by any of the Funds concerning (i) the benefit received by such fund from or as a result of retaining any of the Defendants or any of their affiliates to provide any services, or (ii) any comparison of these services, or the expenses or costs associated with these services, to those of any other entity that provides such services.

**Response to Request No. 40:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, defendants will produce evaluations of the nature and quality of services provided to the Funds to the extent the information was provided to the Board.

**Request No. 41:**

All documents relating to any analysis or cost-benefit comparison done for or by any of the funds in the Fund Complex, other than the Funds, concerning (i) the benefit received by such fund from or as a result of retaining any of the Defendants or any of their affiliates to provide

any services, or (ii) any comparison of these services, or the expenses or costs associated with these services, to those of any other entity that provides such services.

**Response to Request No. 41:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 42:**

All documents relating to any request(s) by any director(s) for information relating to the management, investment advisory, administrative, marketing, or distribution services provided to any of the Funds, including but not limited to any information relating to any fees charged to the Funds and any documents that discuss or refer to any request(s) by any director(s) for such information.

**Response to Request No. 42:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents sufficient to show all requests by any member of the Board of the Funds for information regarding management, investment advisory, administrative, marketing or distribution services provided to the Funds.

**Request No. 43:**

All documents relating to any request(s) by any director(s) for information relating to the management, investment advisory, administrative, marketing, or distribution services provided to any of the funds in the Fund Complex, other than the Funds, including but not limited to any information relating to any fees charged to the funds in the Fund Complex and any documents that discuss or refer to any request(s) by any director(s) for such information.

**Response to Request No. 43:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 44:**

All documents relating to the Funds submitted to any board of directors (including committees thereof) or any individual director for any of the Funds and all documents relating thereto, whether prepared specifically for any board of directors (including committees thereof) or any individual director or whether compiled or prepared in support of or as backup for any such document.

**Response to Request No. 44:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants object to the term "backup" as vague, ambiguous, and unduly burdensome.

34

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents submitted to the Board relating to the Funds, including any appendices and exhibits.

**Request No. 45:**

All documents submitted to any board of directors (including committees thereof) or any individual director for any of the funds in the Fund Complex, other than the Funds, and all documents relating thereto, whether prepared specifically for any board of directors (including committees thereof) or any individual director or whether compiled or prepared in support of or as backup for any such document.

**Response to Request No. 45:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 46:**

All documents, including but not limited to agendas, handouts, reports, summaries, charts, visual aids, and other materials, distributed or used in connection with communications to or meetings of any board of directors (including committees thereof) for any of the Funds.

**Response to Request No. 46:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further

object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents submitted to the Board related to the Funds.

**Request No. 47:**

All documents, including but not limited to agendas, handouts, reports, summaries, charts, visual aids, and other materials, distributed or used in connection with communications to or meetings of any board of directors (including committees thereof) for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 47:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 48:**

All documents prepared for or provided to any board of directors (including committees thereof) for any of the Funds concerning, summarizing or comparing the Funds' performances, benchmarks, holdings, activities, goals, costs, expenses or fees, including without limitation any so-called "Lipper Packages," "Gartenberg Packages," "15(c) Packages" or other similar reports or documents by whatever name known.

**Response to Request No. 48:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents submitted to the Board.

**Request No. 49:**

All documents prepared for or provided to any board of directors (including committees thereof) for any of the funds in the Fund Complex concerning, summarizing or comparing performances, benchmarks, holdings, activities, goals, costs, expenses or fees of the funds in the Fund Complex, other than the Funds, including without limitation any so-called "Lipper Packages," "Gartenberg Packages," "15(c) Packages or other similar reports or documents by whatever name known.

**Response to Request No. 49:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 50:**

All documents concerning, summarizing or comparing the fees charged by Defendants or their affiliates to the Funds or to any other fund in the Fund Complex for management, investment advisory, administrative, distribution or other services with the fees charged by the Defendants to non-mutual fund clients.

**Response to Request No. 50:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents to the extent they relate to the fees charged to the Funds.

**Request No. 51:**

All documents concerning, summarizing or comparing the fees charged by Defendants or their affiliates to the Funds or to any other fund in the Fund Complex for management, investment advisory, administrative, distribution or other services with the fees charged to other mutual fund benchmarks or peer groups.

**Response to Request No. 51:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents to the extent they relate to the fees charged to the Funds.

**Request No. 52:**

All documents prepared for or provided to any board of directors (including committees thereof) for any of the funds in the Fund Complex concerning the costs, fees or expenses charged by the Defendants or any of their affiliates in connection with providing any management, investment advisory, administrative, distribution, or other services to any public or private entity (other than the funds in the Fund Complex), including, but not limited to other mutual funds, corporate investment accounts, retirement funds, pension funds, college endowment funds, labor union funds, trust funds, agency accounts, separate accounts, or corporate profit-sharing plans.

**Response to Request No. 52:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents submitted to the Board related to the Non-Mutual Fund Accounts.

**Request No. 53:**

All minutes of meetings of any board of directors (including committees thereof) for any of the Funds.

**Response to Request No. 53:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce board minutes referring or relating to the Funds.

**Request No. 54:**

All minutes of meetings of any board of directors (including committees thereof) for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 54:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 55:**

All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors (or committees thereof) for any of the funds in the Fund Complex.

**Response to Request No. 55:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents sufficient to show the annual compensation received by members of the board of the Funds for their service on the board of the Funds.

**Request No. 56:**

All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors for any of the Defendants or any of their affiliates.

**Response to Request No. 56:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents sufficient to show the annual compensation received by members of the board of the Funds for their service on the board of the Funds.

**Request No. 57:**

All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors of any other investment company or from any other source other than the Fund Complex or the Defendants or their affiliates.

41

**Response to Request No. 57:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents sufficient to show the annual compensation received by members of the board of the Funds for their service on the board of the Funds.

**Request No. 58:**

All documents relating to and including board questionnaires, background investigations, background reviews, resumes, or curriculum vitae for all officers and directors of any of the Defendants or any of the funds in the Fund Complex.

**Response to Request No. 58:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive resumes or curriculum vitae for members of the Board of the Funds.

**Request No. 59:**

All documents relating to any past or present business interests that exist between any of the parties identified in response to the production request immediately above.

**Response to Request No. 59:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents for independent trustees of the Funds.

**Request No. 60:**

All documents concerning the identification, qualification, evaluation, review, approval or rejection of potential candidates to serve as a members of the boards of directors of the funds in the Fund Complex, including without limitation any documents reflecting how potential board members are first identified and selected or the particular qualifications possessed by such candidates.

**Response to Request No. 60:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive documents sufficient to show the selection process for the Funds, including resumes and curriculum vitae of the Board.

**Request No. 62:**

One copy of each prospectus and Statement of Additional Information for any of the Funds.

**Response to Request No. 62:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce one copy of each prospectus and Statement of Additional Information for the Funds.

**Request No. 63:**

One copy of each prospectus and Statement of Additional Information for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 63:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 64:**

One copy of each proxy statement for any of the Funds.

**Response to Request No. 64:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce one copy of each proxy statement for the Funds.

**Request No. 65:**

One copy of each proxy statement for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 65:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 66:**

One copy of each annual, quarterly, semi-annual and any other periodic reports for any of the Funds.

**Response to Request No. 66:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the

grounds that it is vague and ambiguous. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce one copy of each annual, quarterly and semi-annual reports for the Funds.

**Request No. 67:**

One copy of each annual, quarterly, semi-annual and any other periodic reports for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 67:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 68:**

One copy of each Form N-SAR, with both the question and the related answer together in the same page of the document, for any of the Funds.

**Response to Request No. 68:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce one copy of each Form N-SAR for the Funds.

**Request No. 69:**

One copy of each Form N-SAR, with both the question and the related answer together in the same page of the document, for any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 69:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 70:**

One copy of the articles of incorporation and bylaws as amended to date for any of the Defendants or their affiliates or any of the Funds.

**Response to Request No. 70:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further

object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 71:**

One copy of the articles of incorporation and bylaws as amended to date for any of the Defendants or their affiliates or any of the funds in the Fund Complex, other than the Funds.

**Response to Request No. 71:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the parties' agreement, Defendants will not produce responsive documents.

**Request No. 72:**

All organizational charts and any other documents relating to the internal organization of the Defendants or their affiliates or their relationship with any of the funds in the Fund Complex.

**Response to Request No. 72:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

48

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce organizational charts sufficient to show the Defendants and their legal entities.

**Request No. 73:**

All documents relating to any litigation or arbitration proceedings involving any of the Defendants or their affiliates as a party where any fees, compensation, or other benefits received by the Defendants or their affiliates are or were at issue or involved in any way.

**Response to Request No. 73:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce a list of all actions where one of the Defendants was a named defendant and there was an allegation of excessive management fees.

**Request No. 74:**

All documents relating to any legal, accounting, financial, compliance, or other audit (both internal and external), including any opinion letters of professionals such as attorneys or accountants, of the Defendants where any fees, compensation, or other benefits received by the Defendants or their affiliates were involved in any way.

49

**Response to Request No. 74:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 75:**

All documents relating to any examination or investigation of the Defendants or any of their affiliates or any of the funds in the Fund Complex by the Securities and Exchange Commission ("SEC"), the National Association of Securities Dealers ("NASD"), or any state securities commission, whether pursuant to a routine or for-cause inspection, including but not limited to internal documents of the Defendants and correspondence or other documents from the SEC, the NASD, or any state securities commission.

**Response to Request No. 75:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 76:**

All documents, reports and surveys prepared or published by any trade association, industry consultant, or other entity that compiles data on investment advisors or distributors in the mutual fund or pension management industry (such as pension fund consultants Mercer Investment Consulting and Ennis Knupp & Associates) which contain any information provided by or about any of the Defendants or their affiliates or any of the funds in the Fund Complex.

**Response to Request No. 76:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it calls for public documents equally accessible to the Plaintiffs. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce responsive trade association and industry consultant reports relating to the Funds.

**Request No. 77:**

All documents provided to any expert witnesses or consultants retained on this case.

**Response to Request No. 77:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further

object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce non-privileged documents provided to their testifying expert witnesses in this matter during the expert phase of discovery and as provided by the Federal Rules of Civil Procedure.

**Request No. 78:**

All documents, including but not limited to insurance policies and communications concerning applications for insurance policies, that reflect the terms under which the Defendants may be insured or indemnified against liability for breaches of fiduciary duties or other alleged misconduct.

**Response to Request No. 78:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants further object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 79:**

All documents, including but not limited to reservation of rights letters, relating to any communications with any insurer regarding the claims set forth in this action.

**Response to Request No. 79:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the

grounds that it is overbroad and unduly burdensome. Defendants further object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 80:**

All documents, including but not limited to insurance policies, communications concerning applications for insurance policies, and bylaws or resolutions by the Defendants, relating to the indemnification of or provision of legal services for current or former directors, officers, or employees of the Defendants or any funds in the Fund Complex.

**Response to Request No. 80:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the ground that it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 81:**

All documents that discuss, refer, mention or relate to differences in expenses charged by (1) the Fidelity Spartan funds and (2) any Fidelity affiliate selling advisory services to non-mutual fund customers, such as pension funds or endowment funds and the funds in the Fund Complex.

**Response to Request No. 81:**

Defendants hereby incorporate by reference the General Responses and General Objections stated above as though fully set forth herein. Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing General and specific objections, Defendants will produce documents discussing the differences between the expenses charged by the Spartan index funds and expenses charged by Defendants to non-mutual fund customers.

Dated: February 1, 2006

Respectfully submitted,

MILBANK, TWEED, HADLEY & McCLOY LLP
James N. Benedict
Sean M. Murphy
David S. Cohen
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

By: _Stuart M. Glass_

GOODWIN PROCTER LLP
James S. Dittmar (BBO# 126320)
Roberto M. Braceras (BBO# 566816)
Stuart M. Glass (BBO# 641466)
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendants Fidelity Management &*
*Research Company and FMR Co., Inc.*

54

## CERTIFICATE OF SERVICE

I, Stuart M. Glass, hereby certify that on February 1, 2006 a true and correct copy of the foregoing document was served by mail on:

Michelle H. Blauner (By mail and e-mail)
SHAPIRO HABER & URMY LLP
Exchange Place
53 State Street
37th Floor
Boston, MA 02109

Lynn Lincoln Sarko
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052

Gary Gotto
KELLER ROHRBACK LLP
National Bank Plaza
3101 North Central Ave., Suite 900
Phoenix, AZ 85012

Michael J. Brickman
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
174 East Bay Street
Charleston, SC 29401

Guy M. Burns
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS LLP
100 North Tampa Street, Ste. 1800
Tampa, FL 33602

Harry S. Miller
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110

Thomas R. Grady
THOMAS R. GRADY, P.A.
720 Fifth Avenue South, Suite 200
Naples, FL 34102

Stuart M. Glass