No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

# Exhibit 8

## MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

—————

212-530-5000

FAX: 212-530-5219

SEAN M. MURPHY
PARTNER
DIRECT DIAL NUMBER
212-530-5688
FAX 212-822-5688
E-MAIL: smurphy@milbank.com

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

February 1, 2007

### *VIA EMAIL AND FACSIMILE*

Michelle H. Blauner
Shapiro Haber & Urmy LLP
53 State Street
Boston, Massachusetts 02109

Matthew J. Tuttle
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110

Thomas R. Grady
Dana Foster
Akerman, Link & Sartory
720 Fifth Avenue South
Suite 200
Naples, Florida 34102

Re:   *Bennett, et al. v. Fidelity Management & Research Co., et al.* (Lead Case) and
*Haugen, et al. v. Fidelity Management & Research Co., et al.* (Consolidated
Action)  No. 1: 04-cv-11756-MLW

Dear All:

This letter will confirm the agreements between the parties with respect to the Plaintiffs' First Request for Production Directed to Defendants, dated December 14, 2005. This letter supplements Defendants' Responses and Objections to Plaintiffs' First Request for Production Directed to Defendants, as contemplated by the General Responses contained therein. To the extent this agreement is inconsistent with Defendants' Objections, it supersedes Defendants' Objections. All other Responses and Objections not addressed by this letter remain in effect.

February 1, 2007
- 2 -

In addition, a number of the agreements reached between the parties are reflected in previous correspondence, including the letter from David Cohen dated September 1, 2006. To the extent this letter does not address those agreements, those agreements are still in effect. However, to the extent this letter contradicts or is inconsistent with that reflected in prior correspondence, this letter should be read to govern. In that regard, I have tried to incorporate all of the subsequent correspondence regarding the September 1st letter, as well as conversations we have had on the subjects outlined herein.

One issue raised in previous correspondence has been the importance Defendants have placed on the agreements being final so that we do not have to go through a burdensome and costly document pull again. As we have discussed, we recognize plaintiffs desire to not want to be "locked in" to the agreements reached between the parties should they discover new information in the course of discovery that they could not reasonably have anticipated based on the documents and information available to them at the time these agreements were reached. At the same time, plaintiffs recognize the fact that Fidelity should not have to do a broad search for documents more than once where such redundant efforts can be avoided by reasonable diligence. To deal with these issues, we have discussed that plaintiffs can come back to Fidelity based on information they did not reasonably anticipate and seek to modify the agreements outlined herein. Fidelity will consider any such requests in good faith, with consideration given to relevance, the burden of further production, and whether the information on which the requested modification is based is, in fact, new. If the parties cannot resolve any such issues, plaintiffs can go to the Magistrate and seek a ruling. Defendants will, of course, cite the agreements we reached regarding the scope of discovery and the need to avoid undue burden.

Attached to this letter is a chart labeled "Agreement Relating to Plaintiffs' Discovery Requests." This chart is intended to reflect the parties' agreement on each of the individual document requests in Plaintiffs' First Request. Where the parties are not in final agreement, it is noted in the "Status" column of the chart. In addition, there are a number of "global" agreements that apply to all (or at least multiple) requests. These global agreements include the following:

**Relevant Time Period**

Notwithstanding the specific time periods referred to in the Document Requests, and unless otherwise specified in the attached chart, the parties have agreed that only documents created on or after January 1, 2000 (the "Relevant Time Period") need be produced.

**Board Materials**

The parties' agreements relating to the production of Board materials is set out in previous correspondence. The only change is that Defendants have agreed to produce all formal Board minutes during the Relevant Time Period, regardless of which funds are mentioned. These additional minutes were discussed in Michelle Blauner's letter to me of October 20, 2006, and Defendants have now produced those materials.

February 1, 2007
- 3 -

**Email**

As we have discussed, the search for email is burdensome and costly, particularly in light of the limited role, if any, email will play in this case. We have agreed that the universe of potentially responsive emails will be drawn from an agreed upon custodian list using certain search terms. The custodian list and search terms are still being negotiated, although the parties are getting close to a final agreement. Plaintiffs recognize that Defendants are not searching the electronically stored mail of custodians not on the agreed-upon custodian list and for email that is not generated using the search terms agreed to by the parties.

*Backups?*

If the foregoing does not accurately reflect your understanding of our agreements, please let me know as soon as possible.

Very truly yours,

*Sean M. Murphy /s*

Sean M. Murphy

Enclosure

cc:     James Dittmar, Esq. (*via email*)
        James N. Benedict, Esq. (*via email*)
        Michael Woerner, Esq. (*via email*)
        James C. Bradley, Esq. (*via email*)

NY2:#4726609

## AGREEMENTS RELATING TO PLAINTIFFS' DISCOVERY REQUESTS

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 1:** All documents relating to any contract or agreement between any of the Funds and the Defendants or any of their affiliates whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution or other services to any of the Funds, including all documents relating to the approval of such contracts or agreements by any board of directors (including the independent directors) or shareholders of any of the Funds. | Plaintiffs have agreed to limit Request No. 1 to agreements with the Five Funds, including distribution, subadvisory, advisory, transfer agency, management and any other service agreements, including pricing and bookkeeping agreements, and any custodial agreements with third parties. | Final. Parties in agreement. |
| **Request No. 2:** All documents relating to any contract or agreement between any of the funds in the Fund Complex, other than the Funds, and the Defendants or any of their affiliates whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution or other services to any of the funds in the Fund Complex, including all documents relating to the approval of such contracts or agreements by any board of directors (including the independent directors) or shareholders of any of the funds in the Fund Complex. | Plaintiffs have agreed to limit Request No. 2 to agreements with the Additional Funds, including distribution, subadvisory, advisory, transfer agency, management and any other service agreements, including pricing and bookkeeping agreements, and any custodial agreements with third parties. | Parties in agreement, subject to the Court ruling on the appropriate definition of "Additional Funds." |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 3:** All documents relating to any contract or agreement between the Defendants or any of their affiliates and any public or private entity, other than the funds in the Fund Complex, including, but not limited to, other mutual funds, corporate investment accounts, retirement funds, pension funds, college endowment funds, labor union funds, trust funds, agency accounts, separate accounts, or corporate profit-sharing plans, whereby the Defendants or any of their affiliates provide or provided management, investment advisory, administrative, distribution, or other services. | Plaintiffs have agreed to limit Request No. 3 to agreements to provide advisory and management services to "Non-Mutual Fund Accounts." | Parties in agreement, subject to the Court ruling on the appropriate definition of "Non-Mutual Fund Accounts." |
| **Request No. 4:** All documents relating to any bid or proposal by the Defendants or any of their affiliates to any entity, including, but not limited to, a mutual fund, corporate investment account, retirement fund, pension fund, college endowment fund, labor union fund, trust fund, agency account, separate account, or corporate profit-sharing plan pursuant to which the Defendants or any of their affiliates would agree to provide management, investment advisory, administrative, distribution, or other services. | Plaintiffs have agreed to limit Request No. 4 to RFPs or responses thereto for any account for which an agreement was produced in response to Request No. 3. | Parties in agreement, subject to the Court ruling on the appropriate definition of "Non-Mutual Fund Accounts." |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 5:** All documents relating to any arrangement whereby the Defendants or any of their affiliates contracted or subcontracted with any entity to perform management, investment advisory, administrative, distribution or other services. (This request includes situations in which the Defendants or any of their affiliates acted as the sub-manager, sub-advisor, sub-administrator, sub-distributor, or subcontractor and situations in which the Defendants or any of their affiliates retained another person who acted as the sub-manager, sub-advisor, sub-administrator, sub-distributor, or subcontractor.) | The parties agreed that Request No. 5 is duplicative of Request No. 4, and thus Plaintiffs are not seeking any new documents. | N/A |
| **Request No. 6:** All documents relating to any contract or agreement between the Defendants or any of their affiliates and any person, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers. | Plaintiffs have agreed to limit Request No. 6 to employment contracts for (i) portfolio managers of the Five Funds, and (ii) a sample research analyst that supports the Five Funds. With respect to the sample research analyst employment agreement, Plaintiffs reserve their right to review that agreement and decide whether they will seek production of agreements for additional research analysts. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 7**: One copy of each resume, curriculum vitae and other documents containing the professional and working history of any individual, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers. | Plaintiffs have agreed to limit Request No. 7 to one copy of the resume or curriculum vitae of the portfolio managers for the Five Funds. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 8:** All documents relating to the compensation paid by the Defendants or any of their affiliates to any person, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers. | Plaintiffs have agreed to limit Request No. 8 to: (i) documents sufficient to illustrate the structure and components of portfolio manager compensation; (ii) the actual compensation amounts paid to portfolio managers of the Five Funds. | Defendants agree to produce documents sufficient to illustrate the structure and components of portfolio manager compensation, but will not provide any actual compensation amounts. |
| **Request No. 9:** All appointment books, calendars, Day-Timers and other such documents for any individual, including but not limited to employees and independent contractors, who performs or performed money management or investment advisory services on behalf of the Defendants or any of their affiliates, including individuals who act as money managers, investment advisors, analysts, or researchers. | Plaintiffs have agreed to defer their Request No. 9, and Defendants need not respond at this time. | Final. Parties in agreement |
| **Request No. 10:** All documents relating to the Defendants' or any of their affiliates' internal policies, procedures, plans or strategies for providing management, investment advisory, administrative, distribution, or other services to any person. | Plaintiffs have agreed to limit Request No. 10 to production of Fidelity's Rules for Employee Investing, and they reserve the right to request additional responsive documents after reviewing this document and the Board Materials. | Final. Parties in agreement. |
| **Request No. 11:** All documents used for marketing or selling any services offered by the Defendants or any of their affiliates to investment companies or other clients, including but not limited to money management or investment advisory services. | Plaintiffs have agreed to defer their Request No. 11, and Defendants need not respond at this time. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 12:** All documents used for marketing or selling shares of any of the funds in the Fund Complex, including but not limited to materials distributed to financial intermediaries. | Plaintiffs have agreed to defer their Request No. 12, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 13:** All documents relating to any AIMR auditing process or similar process conducted by or on behalf of any of the Defendants or any of their affiliates, including but not limited to AIMR audit reports or similar reports, opinion letters in connection therewith, and any documents used to support such opinion letters. | Plaintiffs have agreed to defer their Request No. 13, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 14:** All documents relating to any management, investment advisory, administrative, distribution, or other fee or rate schedule used or offered by the Defendants or any of their affiliates. | Plaintiffs have agreed to limit Request No. 14 to the standard internal pricing schedule, or what Plaintiffs have referred to as "rack rates," that govern Non-Mutual Fund Accounts during the Relevant Time Period. | Final. Parties in agreement. |
| **Request No. 15:** All documents relating to any reviews, reports, studies, analyses or evaluations of the Defendants' or any of their affiliates' management, investment advisory, administrative, distribution, or other services, including but not limited to all documents containing the results obtained by, or an analysis of the results obtained by, any investment company or other entity for which the Defendants or any of their affiliates provide management, investment advisory, administrative, distribution or other services. | Plaintiffs have agreed to limit Request No. 15 to formal or high level evaluations of the nature and quality of services provided to the Five Funds and the Additional Funds, and Plaintiffs agree to limit this to third-party entities or consultants (e.g., ICI, PwC), rather than "chatter" back and forth between individuals making comments about Fidelity's service. | Parties in agreement, subject to the Court ruling on the appropriate definition of "Additional Funds." |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 16**: All Documents relating to any reviews, reports, analyses or evaluations of whether the Defendants or any of their affiliates have experienced, or are likely to experience, economies of scale in connection with the operation of the Funds and whether breakpoints in any of the fees charged to the Funds would be appropriate. | Plaintiffs have agreed to limit Request No. 16 to reviews, reports, analyses and evaluations discussing economies of scale or breakpoints for the Five Funds, dated from January 1, 1994. | Final. Parties in agreement. |
| **Request No. 17**: All Documents relating to any reviews, reports, analyses or evaluations of whether the Defendants or any of their affiliates have experienced, or are likely to experience, economies of scale in connection with the operation of any of the funds in the Fund Complex, other than the Funds, and whether breakpoints in any of the fees charged to those funds would be appropriate. | Plaintiffs have agreed to limit Request No. 17 to reviews, reports, analyses and evaluations discussing economies of scale or breakpoints for any mutual fund in the complex, dated from January 1, 1994. | Final, subject to Defendants representation that that they do not believe any such documents exist that would not be responsive to Request 16. If any such documents do exist, Defendants must come back to plaintiffs to discuss whether they need to be produced. |
| **Request No. 18**: All documents prepared by the Defendants or any of their affiliates for distribution to the public or to shareholders of investment companies for which the Defendants or any of their affiliates provide management, investment advisory, administrative, distribution, or other services. This request includes all press releases or published articles that quote the Defendants or any of their affiliates. | Plaintiffs have agreed to limit Request No. 18 to Fidelity-issued press releases. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 19**: All documents relating to shareholder communications, shareholder inquiries, shareholder complaints or any other documents wherein any shareholder of a fund in the Fund Complex raised any questions concerning investment advisory fees, marketing or distribution fees or charges, fund expenses, board compensation, or any other related issue. | Plaintiffs have agreed to defer their Request No. 19, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 20**: All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution, or other services to any of the Funds. This request includes any calculation, review or analysis of the profitability of providing such services as well as any backup materials or data used to create any documents responsive to this request. | Plaintiffs have agreed to limit their Request No. 20 to (i) the fund (complex wide) profitability materials sent to the Board from January 1995 through the present; (ii) documents sufficient to identify how fund profitability is generated and how costs are allocated from January 1, 2000 through the present, including any "work papers" that show how costs are mapped from the general ledger to the funds; and (iii) any internal fund profitability reports from Jan. 1, 2000 that were not given to the Board. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 21:** All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution, or other services to any of the funds in the Fund Complex, other than the Funds, or any other person or client. This request includes any calculation, review or analysis of the profitability of providing such services as well as any backup materials or data used to create any documents responsive to this request. | Agreement is the same as Request No. 20, above. | Final.  Parties in agreement. |
| **Request No. 22:** All documents relating to the scope and nature of the services that the Defendants or any of their affiliates perform for the Funds. | Plaintiffs have agreed to limit their Request No. 22 to prospectuses, SAIs and Board Materials for the Five Funds. | Final.  Parties in agreement. |
| **Request No. 23:** All documents relating to the scope and nature of the services that the Defendants or any of their affiliates perform for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs have agreed to limit their Request No. 23 to prospectuses, SAIs and Board Materials for the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth | Final.  Parties in agreement. |
| **Request No. 24:** All documents and reports that were submitted to any of the boards of directors of any of the Funds which relate to marketing or distribution or which discuss or refer to fees related to marketing or distribution services for the Funds, whether made in accordance with a 12b-I Plan or otherwise. | Plaintiffs have agreed to limit their Request No. 24 to Board Materials relating to any Rule 12b-1 plan for the Five Funds. | Final.  Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 25:** All documents and reports that were submitted to any of the boards of directors of any of the funds in the Fund Complex, other than the Funds, which relate to marketing or distribution or which discuss or refer to fees related to marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise. | Plaintiffs have agreed to limit their Request No. 25 to Board Materials relating to any Rule 12b-1 plan for the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final.  Parties in agreement. |
| **Request No. 26:** With respect to the Funds, all documents relating to any and all payments for marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise. | Plaintiffs have agreed to defer seeking documents in response to Request No. 26 until after they complete their review of the Board Materials and take deposition testimony that will allow them to narrow the request. | Final.  Parties in agreement. |
| **Request No. 27:** With respect to the funds in the Fund Complex, other than the Funds, all documents relating to any and all payments for marketing or distribution services, whether made in accordance with a 12b-1 Plan or otherwise. | Plaintiffs have agreed to limit their Request No. 27 to Board Materials discussing 12b-1 fees and distribution fees for the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final.  Parties in agreement. |
| **Request No. 28:** All documents, not otherwise requested herein, relating to the approval of the advisory agreements, administrative services agreements and distribution agreements with any of the Defendants or any of their affiliates involving any of the Funds by the Funds' boards, their independent directors and their shareholders. | Plaintiffs agree to limit their Request No. 28 to: (i) Board Materials, and (ii) documents that would be produced pursuant to the parties agreement on Request No. 15 (discussed above). | Final.  Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 29:** All documents, not otherwise requested herein, relating to the approval of the advisory agreements, administrative services agreements and distribution agreements with any of the Defendants or any of their affiliates involving any of the funds in the Fund Complex, other than the Funds, by the Fund Complex boards, their independent directors and their shareholders. | Plaintiffs agree to limit their Request No. 29 to: (i) Board Materials, and (ii) documents that would be produced pursuant to the parties agreement on Request No. 15 (discussed above). | Final. Parties in agreement. |
| **Request No. 30:** All financial statements (including but not limited to balance sheets, income/expense statements and statements of cash flow), whether audited or not, for the Defendants or any of their affiliates. | Defendants have proposed that Plaintiffs defer their request for financial statements until after they take a Rule 30(b)(6) deposition on Fidelity's organization structure. | Waiting for a response from Plaintiffs. |
| **Request No. 31:** All documents relating to any relationship or arrangement between the Defendants or any of their affiliates and any securities broker/dealer who sells or trades shares of any of the funds in the Fund Complex. | Plaintiffs agree to limit their Request No. 31 to selling agreements with the ten largest broker/dealers (measured by volume of sales) whose contracts compensate the broker dealers for sales of the Five Funds. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 32:** All documents relating to any relationship or arrangement between the Defendants or any of their affiliates and any securities broker/dealer who purchases or sells securities for or on behalf of any of the funds in the Fund Complex, including but not limited to, documents reflecting the costs of execution for such purchase or sale of securities or any other consideration in connection with such purchase or sale of securities, including soft dollars. This request includes, but is not limited to, documents reflecting any services or products (including the value of such services or products) provided by third parties or others to the Defendants or their affiliates or to the funds in the Fund Complex in connection with the purchase or sale of securities for or on behalf of the funds in the Fund Complex. | Plaintiffs agree to limit their Request No. 32 to (i) documents sufficient to show Fidelity's policies on soft-dollars; (ii) all soft-dollar related materials that were distributed to the Board; and (iii) any e-mails discussing Fidelity's use of soft-dollars (As discussed with respect to the search for responsive emails generally, Plaintiffs recognize that the review of electronic mail will not extend beyond the universe of emails that are developed from the to-be agreed upon custodian list and search term list, and that Defendants need not expand the agreed upon custodian list to include every individual who could potentially have an email about soft dollars). | Final. Parties in agreement. |
| **Request No. 33:** All documents relating to any securities clearing relationship between any of the Defendants or any of their affiliates and any person. | Plaintiffs have agreed to defer their Request No. 33, and Defendants need not respond at this time. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 34:** All documents relating to any studies, surveys or reports conducted by the Investment Company Institute or any other entity relating to investment company advisory fees, management fees, administrative fees, Rule 12b-1 Fees, payments related to marketing or distribution services, or the independence of or fees paid to investment company directors, including the particular responses of the Fund Complex or any of the Defendants or any of their affiliates with respect thereto. | Plaintiffs agree to limit their Request No. 34 to formal or high-level evaluations by third party entities (e.g., PwC, ICI, etc.) that relate to the Five Funds, or to a broader universe of funds that includes the Five Funds (e.g., an evaluation relating to all of Fidelity's domestic equity funds). Plaintiffs are not seeking "chatter" by individuals. | Final. Parties in agreement. |
| **Request No. 35:** All documents relating to the Freeman & Brown Study identified in paragraph 20 of the Consolidated Complaint (John P. Freeman & Stewart L. Brown, Mutual Fund Advisory Fees: The Cost of Conflicts of Interest, 26 J. Corp. L. 610 (2001)) or any similar study, survey or report concerning the comparative relationship of fees, costs and expenses charged to mutual funds and fees, costs and expenses charged to other, non-mutual fund, institutional clients for comparable services, including the particular responses of the Fund Complex or any of the Defendants or any of their affiliates with respect thereto. | Plaintiffs agree to limit their Request No. 35 to documents discussing the Freeman & Brown Study for the Relevant Time Period. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 36:** All aggregated or consolidated trade tickets for the past three years for the purchase or sale of securities by or on behalf of any of the funds in the Fund Complex, any other clients of any of the Defendants or their affiliates, and/or any of the Defendants' or any of their affiliates' own accounts. | Plaintiffs have agreed to defer their Request No. 36, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 37:** All daily and periodic cash management reports for the past three years for all accounts managed by any of the Defendants or any of their affiliates, including but not limited to the funds in the Fund Complex and other clients. | Plaintiffs have agreed to defer their Request No. 37, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 38:** All annual, monthly, or other periodic reports for the past three years for all accounts managed by any of the Defendants or any of their affiliates, including but not limited to the funds in the Fund Complex and other clients, relating to portfolio performance, performance attribution, risk exposure and management, portfolio holdings, portfolio turnover, guideline compliance, position management, sector allocation, and/or trading commissions. | Plaintiffs agree to limit their Request No. 38 to performance attribution reports from 2002 to 2005 for the following: (i) Non-Mutual Fund Accounts; (ii) the Five Funds; (iii) Additional Funds; and (iv) composite portfolios that includes any of these funds or institutional accounts (e.g., an analysis of all growth portfolios or of all domestic equity portfolios would be responsive). | Parties in agreement, subject to the Court ruling on the appropriate definition of "Non-Mutual Fund Accounts" and "Additional Funds." |
| **Request No. 39:** All documents relating to the allocation of securities purchased by or on behalf of various accounts managed or advised by any of the Defendants or any of their affiliates, including any allocation procedures applicable to any of the Defendants or any of their affiliates or any of the funds in the Fund Complex. | Plaintiffs have agreed to defer their Request No. 39, and Defendants need not respond at this time. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 40:** All documents relating to any analysis or cost-benefit comparison done for or by any of the Funds concerning (i) the benefit received by such fund from or as a result of retaining any of the Defendants or any of their affiliates to provide any services, or (ii) any comparison of these services, or the expenses or costs associated with these services, to those of any other entity that provides such services. | Plaintiffs have agreed to defer their Request No. 40 until after they have completed their review of the Board Materials, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 41:** All documents relating to any analysis or cost-benefit comparison done for or by any of the funds in the Fund Complex, other than the Funds, concerning (i) the benefit received by such fund from or as a result of retaining any of the Defendants or any of their affiliates to provide any services, or (ii) any comparison of these services, or the expenses or costs associated with these services, to those of any other entity that provides such services. | Plaintiffs have agreed to defer their Request No. 41 until after they have completed their review of the Board Materials, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 42:** All documents relating to any request(s) by any director(s) for information relating to the management, investment advisory, administrative, marketing, or distribution services provided to any of the Funds, including but not limited to any information relating to any fees charged to the Funds and any documents that discuss or refer to any request(s) by any director(s) for such information. | Defendants will comply with this request. | Final. Parties is agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 43:** All documents relating to any request(s) by any director(s) for information relating to the management, investment advisory, administrative, marketing, or distribution services provided to any of the funds in the Fund Complex, other than the Funds, including but not limited to any information relating to any fees charged to the funds in the Fund Complex and any documents that discuss or refer to any request(s) by any director(s) for such information. | Plaintiffs agree to limit their Request No. 43 to requests relating to the Five Funds or any of the following Funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final. Parties in agreement. |
| **Request No. 44:** All documents relating to the Funds submitted to any board of directors (including committees thereof) or any individual director for any of the Funds and all documents relating thereto, whether prepared specifically for any board of directors (including committees thereof) or any individual director or whether compiled or prepared in support of or as backup for any such document. | Plaintiffs agree to limit their Request No. 44 to the production of Board Materials. | Final. Parties in agreement. |
| **Request No. 45:** All documents submitted to any board of directors (including committees thereof) or any individual director for any of the funds in the Fund Complex, other than the Funds, and all documents relating thereto, whether prepared specifically for any board of directors (including committees thereof) or any individual director or whether compiled or prepared in support of or as backup for any such document. | Plaintiffs agree to limit their Request No. 45 to the production of Board Materials. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 46**: All documents, including but not limited to agendas, handouts, reports, summaries, charts, visual aids, and other materials, distributed or used in connection with communications to or meetings of any board of directors (including committees thereof) for any of the Funds. | Plaintiffs agree to limit their Request No. 46 to the production of Board Materials. | Final. Parties in agreement. |
| **Request No. 47**: All documents, including but not limited to agendas, handouts, reports, summaries, charts, visual aids, and other materials, distributed or used in connection with communications to or meetings of any board of directors (including committees thereof) for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs agree to limit their Request No. 47 to the production of Board Materials. | Final. Parties in agreement. |
| **Request No. 48**: All documents prepared for or provided to any board of directors (including committees thereof) for any of the Funds concerning, summarizing or comparing the Funds' performances, benchmarks, holdings, activities, goals, costs, expenses or fees, including without limitation any so-called "Lipper Packages," "Gartenberg Packages," "15(c) Packages" or other similar reports or documents by whatever name known. | Plaintiffs agree to limit their Request No. 48 to the production of Board Materials. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 49**: All documents prepared for or provided to any board of directors (including committees thereof) for any of the funds in the Fund Complex concerning, summarizing or comparing performances, benchmarks, holdings, activities, goals, costs, expenses or fees of the funds in the Fund Complex, other than the Funds, including without limitation any so-called "Lipper Packages," "Gartenberg Packages," "15(c) Packages or other similar reports or documents by whatever name known. | Plaintiffs agree to limit their Request No. 49 to the production of Board Materials. | Final. Parties in agreement. |
| **Request No. 50**: All documents concerning, summarizing or comparing the fees charged by Defendants or their affiliates to the Funds or to any other fund in the Fund Complex for management, investment advisory, administrative, distribution or other services with the fees charged by the Defendants to non-mutual fund clients. | Plaintiffs agree to limit their Request No. 50 to documents: (i) in the possession of finance personnel involved in pricing decisions and personnel in the RFP Group for FMTC/Pyramis; *and* (ii) comparing the fees charged to any Fidelity domestic equity fund to the fees charged to any Non-Mutual Fund Account. | Parties in agreement, subject to the Court ruling on the appropriate definition of "Non-Mutual Fund Accounts." |
| **Request No. 51**: All documents concerning, summarizing or comparing the fees charged by Defendants or their affiliates to the Funds or to any other fund in the Fund Complex for management, investment advisory, administrative, distribution or other services with the fees charged to other mutual fund benchmarks or peer groups. | Plaintiffs agree to limit their Request No. 51 to documents: (i) in the possession of Finance personnel or the Product Development Group; *and* (ii) comparing the fees charged to the Five Funds with those fees charged to other mutual fund benchmarks or peer groups. Defendants also agree to produce the peer groups provided to the Board for the Five Funds and the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 52:** All documents prepared for or provided to any board of directors (including committees thereof) for any of the funds in the Fund Complex concerning the costs, fees or expenses charged by the Defendants or any of their affiliates in connection with providing any management, investment advisory, administrative, distribution, or other services to any public or private entity (other than the funds in the Fund Complex), including, but not limited to other mutual funds, corporate investment accounts, retirement funds, pension funds, college endowment funds, labor union funds, trust funds, agency accounts, separate accounts, or corporate profit-sharing plans. | Plaintiffs agree to limit their Request No. 52 to the production of Board Materials. | Final.  Parties in agreement. |
| **Request No. 53:** All minutes of meetings of any board of directors (including committees thereof) for any of the Funds. | Plaintiffs agree to limit their Request No. 53 to the production of Board Materials. | Final.  Parties in agreement. |
| **Request No. 54:** All minutes of meetings of any board of directors (including committees thereof) for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs agree to limit their Request No. 54 to the production of Board Materials. | Final.  Parties in agreement. |
| **Request No. 55:** All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors (or committees thereof) for any of the funds in the Fund Complex. | Plaintiffs agree to limit their Request No. 55 to the production of Board Materials. | Final.  Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 56:** All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors for any of the Defendants or any of their affiliates. | Plaintiffs agree to limit their Request No. 56 to the production of Board Materials. | Final.  Parties in agreement. |
| **Request No. 57:** All documents relating to or reflecting any compensation, perks, benefits, bonuses, or any other direct or indirect benefit received by any member of any board of directors for any of the funds in the Fund Complex for the director's service on any board of directors of any other investment company or from any other source other than the Fund Complex or the Defendants or their affiliates. | Plaintiffs agree to limit their Request No. 57 to the production of Board Materials. | Final.  Parties in agreement. |
| **Request No. 58:** All documents relating to and including board questionnaires, background investigations, background reviews, resumes, or curriculum vitae for all officers and directors of any of the Defendants or any of the funds in the Fund Complex. | Plaintiffs agree to limit their Request No. 58 to board questionnaires, and background investigations and CVs for trustees and portfolio managers for the Five Funds. Plaintiffs reserve the right to request this information for any other "executive officers." | Final.  Parties in agreement. |
| **Request No. 59:** All documents relating to any past or present business interests that exist between any of the parties identified in response to the production request immediately above. | Plaintiffs agree to limit their Request No. 59 to documents relating to any relationship between the independent trustees and Fidelity (including any of its affiliates). | Final.  Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 60**: All documents concerning the identification, qualification, evaluation, review, approval or rejection of potential candidates to serve as a members of the boards of directors of the funds in the Fund Complex, including without limitation any documents reflecting how potential board members are first identified and selected or the particular qualifications possessed by such candidates. | Plaintiffs have agreed to defer their Request No. 60, and Defendants need not respond at this time. | Final. Parties in agreement. |
| **Request No. 61**. | There was no Request No. 61. | N/A |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 62:** One copy of each prospectus and Statement of Additional Information for any of the Funds. | Plaintiffs agree to limit their Request No. 62 to one copy of each prospectus and Statement of Additional Information for each of the Five Funds in effect during the Relevant Time Period. | Final. Parties in agreement. |
| **Request No. 63:** One copy of each prospectus and Statement of Additional Information for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs agree to limit their Request No. 63 to one copy of each prospectus and Statement of Additional Information in effect during the Relevant Time Period for each of the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final. Parties in agreement. |
| **Request No. 64:** One copy of each proxy statement for any of the Funds. | Plaintiffs agree to limit their Request No. 64 to one copy of each proxy statement for each of the Five Funds in effect during the Relevant Time Period. | Final. Parties in agreement. |
| **Request No. 65:** One copy of each proxy statement for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs agree to limit their Request No. 65 to one copy of each proxy statement in effect during the Relevant Time Period for each of the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final. Parties in agreement. |
| **Request No. 66:** One copy of each annual, quarterly, semi-annual and any other periodic reports for any of the Funds. | Plaintiffs agree to limit their Request No. 66 to one copy of each annual, quarterly and semi-annual report for each of the Five Funds in effect during the Relevant Time Period. | Final. Parties in agreement. |
| **Request No. 67:** One copy of each annual, quarterly, semi-annual and any other periodic reports for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs agree to limit their Request No. 67 to one copy of each annual, quarterly and semi-annual report in effect during the Relevant Time Period for each of the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final. Parties in agreement. |
| **Request No. 68:** One copy of each Form N-SAR, with both the question and the related answer together in the same page of the document, for any of the Funds. | Plaintiffs agree to limit their Request No. 68 to one copy of each Form N-SAR for each of the Five Funds in effect during the Relevant Time Period. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 69:** One copy of each Form N-SAR, with both the question and the related answer together in the same page of the document, for any of the funds in the Fund Complex, other than the Funds. | Plaintiffs agree to limit their Request No. 69 to one copy of each Form N-SAR in effect during the Relevant Time Period for each of the following funds: VIP Contrafund, Adviser New Insights, Destiny I, VIP Growth and Adviser Strategic Growth. | Final.  Parties in agreement. |
| **Request No. 70:** One copy of the articles of incorporation and bylaws as amended to date for any of the Defendants or their affiliates or any of the Funds. | Plaintiffs have agreed to defer their Request No. 70, and Defendants need not respond at this time. | Final.  Parties in agreement. |
| **Request No. 71:** One copy of the articles of incorporation and bylaws as amended to date for any of the Defendants or their affiliates or any of the funds in the Fund Complex, other than the Funds. | Plaintiffs have agreed to defer their Request No. 71, and Defendants need not respond at this time. | Final.  Parties in agreement. |
| **Request No. 72:** All organizational charts and any other documents relating to the internal organization of the Defendants or their affiliates or their relationship with any of the funds in the Fund Complex. | Plaintiffs agree to limit their Request No. 72 to organizational charts reflecting reporting lines for portfolio managers and personnel involved in investment research for the Five Funds. | Final.  Parties in agreement. |
| **Request No. 73:** All documents relating to any litigation or arbitration proceedings involving any of the Defendants or their affiliates as a party where any fees, compensation, or other benefits received by the Defendants or their affiliates are or were at issue or involved in any way. | Plaintiffs agree to limit their Request No. 73 to a list of all actions where one of the Defendants was a named defendant and there was an allegation of excessive advisory fees during the Relevant Time Period.  After Plaintiffs review this list, Plaintiffs will notify Defendants as to whether they seek any additional documents responsive to this Request. | Final.  Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 74:** All documents relating to any legal, accounting, financial, compliance, or other audit (both internal and external), including any opinion letters of professionals such as attorneys or accountants, of the Defendants where any fees, compensation, or other benefits received by the Defendants or their affiliates were involved in any way. | Plaintiffs agree to limit their Request No. 74 to audits discussing the calculation of fund profitability (or the allocating of costs for purposes of calculating fund profitability). | Final. Parties in agreement. |
| **Request No. 75:** All documents relating to any examination or investigation of the Defendants or any of their affiliates or any of the funds in the Fund Complex by the Securities and Exchange Commission ("SEC"), the National Association of Securities Dealers ("NASD"), or any state securities commission, whether pursuant to a routine or for-cause inspection, including but not limited to internal documents of the Defendants and correspondence or other documents from the SEC, the NASD, or any state securities commission. | Plaintiffs agree to limit their Request No. 75 to a list of all non-routine investigations of Defendants. After Defendants have provided Plaintiffs with the subject list of actions, Plaintiffs will advise the Defendants whether they seek any additional documents in response to this Request. | Final. Parties in agreement. |
| **Request No. 76:** All documents, reports and surveys prepared or published by any trade association, industry consultant, or other entity that compiles data on investment advisors or distributors in the mutual fund or pension management industry (such as pension fund consultants Mercer Investment Consulting and Ennis Knupp & Associates) which contain any information provided by or about any of the Defendants or their affiliates or any of the funds in the Fund Complex. | Plaintiffs have agreed to defer their Request No. 76, and Defendants need not respond at this time. | Final. Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 77:** All documents provided to any expert witnesses or consultants retained on this case. | Plaintiffs have agreed to defer their Request No. 77, and Defendants need not respond at this time. | Final.  Parties in agreement. |
| **Request No. 78:** All documents, including but not limited to insurance policies and communications concerning applications for insurance policies, that reflect the terms under which the Defendants may be insured or indemnified against liability for breaches of fiduciary duties or other alleged misconduct. | Plaintiffs have agreed to defer their Request No. 78, and Defendants need not respond at this time.  Plaintiffs have informed Defendants that they intend to renew their request for these documents should the parties engage in any settlement negotiations or should any other circumstances arise that make these materials relevant. | Final.  Parties in agreement. |
| **Request No. 79:** All documents, including but not limited to reservation of rights letters, relating to any communications with any insurer regarding the claims set forth in this action. | Plaintiffs have agreed to defer their Request No. 79, and Defendants need not respond at this time.  Plaintiffs have informed Defendants that they intend to renew their request for these documents should the parties engage in any settlement negotiations or should any other circumstances arise that make these materials relevant. | Final.  Parties in agreement. |
| **Request No. 80:** All documents, including but not limited to insurance policies, communications concerning applications for insurance policies, and bylaws or resolutions by the Defendants, relating to the indemnification of or provision of legal services for current or former directors, officers, or employees of the Defendants or any funds in the Fund Complex. | Plaintiffs have agreed to defer their Request No. 80, and Defendants need not respond at this time.  Plaintiffs have informed Defendants that they intend to renew their request for these documents should the parties engage in any settlement negotiations or should any other circumstances arise that make these materials relevant. | Final.  Parties in agreement. |

| Request No. | Limitations on Documents Sought | Status |
|---|---|---|
| **Request No. 81:** All documents that discuss, refer, mention or relate to differences in expenses charged by (1) the Fidelity Spartan funds and (2) any Fidelity affiliate selling advisory services to non-mutual fund customers, such as pension funds or endowment funds and the funds in the Fund Complex. | Plaintiffs agree to limit their Request No. 81 to documents that discuss the differences in expenses charged by the Spartan index funds and any Non-Mutual Fund Account. | Parties in agreement, subject to the Court ruling on the appropriate definition of "Non-Mutual Fund Accounts." |