No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

# Exhibit 10

VOLUME:  I
PAGES:  1-363
EXHIBITS:  64-80

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No. 04-CV-11651-MLW (Lead case)

No. 1:04-CV-11756-MLW (Consolidated case)

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

CYNTHIA A. BENNETT, GUY E. MILLER,          \*

NANCY HAUGEN, MICHAEL F. MAGNAN,            \*

KAREN L. MAGNAN, PRESLEY C.                 \*

PHILLIPS, ANDREA M. PHILLIPS, and           \*

CINDY SCHURGIN, for the use and             \*

benefit of THE FIDELITY MAGELLAN            \*

FUND, FIDELITY CONTRAFUND, FIDELITY         \*

GROWTH & INCOME PORTFOLIO I FUND,           \*

FIDELITY BLUE CHIP GROWTH FUND, and         \*

FIDELITY LOW-PRICED STOCK FUND,             \*

          Plaintiffs                        \*

v.                                          \*

FIDELITY MANAGEMENT & RESEARCH              \*

COMPANY and FMR CO., INC.,                  \*

          Defendants                        \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

VIDEOTAPED DEPOSITION OF JOHN B. McDOWELL

DATE:  WEDNESDAY, APRIL 25, 2007

```
 1       VIDEOTAPED DEPOSITION OF JOHN B.

 2   McDOWELL, a witness called on behalf of the

 3   Plaintiffs, pursuant to the Federal Rules of

 4   Civil Procedure, before Jessica L.

 5   Williamson, Registered Merit Reporter,

 6   Certified Realtime Reporter and Notary

 7   Public in and for the Commonwealth of

 8   Massachusetts, at the Offices of Goodwin

 9   Procter, LLP, 53 State Street, Boston,

10   Massachusetts, on Wednesday, April 25, 2007,

11   commencing at 9:38 a.m.

12

13   A P P E A R A N C E S

14

15   BURNS & LEVINSON LLP

16       (By Robert D. Friedman, Esq.

17       Matthew J. Tuttle, Esq.

18       and Harry S. Miller, Esq.)

19       125 Summer Street

20       Boston, Massachusetts  02110

21       (617) 345-3000

22       mtuttle@burnslev.com

23       dfriedman@burnslev.com

24       hmiller@burnslev.com

25       Counsel for the Plaintiffs
```

1  A P P E A R A N C E S, Continued

2

3  MILBANK, TWEED, HADLEY & McCLOY LLP

4    (By Sean M. Murphy, Esq.

5    and Robert R. Miller, Esq.)

6    One Chase Manhattan Plaza

7    New York, New York  10005-1413

8    (212) 530-5688

9    smurphy@milbank.com

10    rmiller@milbank.com

11    Counsel for the Defendants

12

13  FIDELITY INVESTMENTS

14    (By Colleen A. Hankins, Esq.)

15    FMR Corp. Legal Department

16    82 Devonshire Street

17    Boston, Massachusetts  02109

18    (617) 563-6415

19    colleen.hankins@fmr.com

20    Counsel for Fidelity Investments

21

22  ALSO PRESENT:

23    Ralph Scopa, Videographer

24

25

Page 4

1                    I N D E X

2    DEPONENT                              PAGE

3    JOHN B. McDOWELL

4    Examination By Mr. Friedman            7

5

6

7              E X H I B I T S

8    NO.                                   PAGE

9    64   BFMR_OO099984 - 99998            59

10   65   BFMR_OO159845 - 159859           68

11   66   BFMR_OO100527 - 100538           69

12   67   BFMR_OO099790 - 99792            69

13   68   BFMR_OO003672 - 3673            264

14   69   BFMR_OO003941 - 3946            267

15   70   BFMR_OO003864 - 3876            276

16   71   BFMR_OO008648 - 8655            278

17   72   BFMR_OO013081 - 13086           286

18   73   BFMR_OO015284 - 15295           297

19   74   BFMR_OO011113 - 11122           304

20   75   BFMR_OO016939 - 16944           315

21   76   BFMR_OO018376 - 18381           333

22   77   BFMR_OO029954 - 29967           342

23   78   BFMR_OO017547 - 17561           347

24

25

Page 5

```
 1              E X H I B I T S
    NO.                              PAGE
 2
    79  BFMR_0O090213 - 90217        349
 3
    80  BFMR_0O090218 - 90222        349
 4

 5

 6

 7

 8

 9

10

11

12

13  Note:  Original Exhibits 64 - 80 were

14  retained by the court reporter and forwarded

15  to Veritext New York for distribution.

16

17

18

19

20

21

22

23

24

25
```

Page 165

1  Q.   What was your compensation from Fidelity in      02:11:44

2       2006?                                            02:11:54

3            MR. MURPHY:  I'm going to object            02:11:55

4       and instruct the witness not to answer the      02:11:56

5       amount.  If you have other questions other      02:11:58

6       than the dollar amount, you can ask him.        02:12:00

7  Q.   Do you have any objection to the disclosure     02:12:03

8       of your compensation in 2006 for the purpose    02:12:08

9       of this lawsuit?                                 02:12:11

10 A.   I do.                                            02:12:12

11 Q.   Can you state your concern or your              02:12:13

12      objection?                                       02:12:17

13 A.   Yes.                                             02:12:17

14 Q.   You're not entitled to object just so we --     02:12:17

15 A.   It's a matter of personal privacy.              02:12:19

16 Q.   Okay.  You have a privacy concern, I            02:12:21

17      understand that.  Is there anything else?       02:12:23

18      And I don't mean to diminish any of them.  I    02:12:24

19      just want to get on the record what your        02:12:26

20      concerns are.                                    02:12:27

21 A.   Well, a variety of concerns in terms of         02:12:31

22      competitive data in the marketplace, as well    02:12:38

23      as my own personal privacy.                      02:12:43

24 Q.   Okay.  So those are your own concerns           02:12:45

25      about --                                         02:12:48

Page 166

```
 1 A.    I might think of others if I have some time,    02:12:48

 2       but --                                          02:12:50

 3             MR. MURPHY:  I have some others as        02:12:50

 4       well, but they wouldn't be pertinent to you     02:12:52

 5       specifically, but...                            02:12:54

 6             MR. FRIEDMAN:  Well, I wanted to           02:12:55

 7       get the witness's concerns.                     02:12:57

 8             MR. MURPHY:  And I understand, and         02:12:57

 9       I'm not trying to stop you.  I just -- I         02:12:58

10       didn't want the record to reflect that those    02:13:00

11       reflected mine exactly because I may have        02:13:02

12       other ones.                                      02:13:04

13       BY MR. FRIEDMAN:                                 02:13:05

14 Q.    And if I ask you the same question about         02:13:05

15       your compensation for the years 2005, '4,        02:13:07

16       '3, and -- those years, 2003 through '5,         02:13:12

17       would you give me the same answer?               02:13:18

18 A.    Yes.                                             02:13:19

19 Q.    What was the basis of your compensation in       02:13:19

20       this respect?  Was it salary plus bonus?         02:13:24

21 A.    I'm sorry, can you define "compensation"?        02:13:26

22 Q.    I mean to say whatever of value you had been     02:13:35

23       paid by Fidelity or whomever for acting as       02:13:41

24       the portfolio manager for the Blue Chip          02:13:46

25       Growth Fund.                                     02:13:54
```

Page 362

1    United States District Court

2    District of Massachusetts

3

4        I, Jessica L. Williamson, Registered,

5    Merit Reporter, Certified Realtime Reporter

6    and Notary Public in and for the

7    Commonwealth of Massachusetts, do hereby

8    certify that JOHN B. McDOWELL, the witness

9    whose deposition is hereinbefore set forth,

10   was duly sworn by me and that such

11   deposition is a true record of the testimony

12   given by the witness.

13       I further certify that I am neither

14   related to or employed by any of the parties

15   in or counsel to this action, nor am I

16   financially interested in the outcome of

17   this action.

18       In witness whereof, I have hereunto set

19   my hand and seal this 30th day of April,

20   2007.

21

22

23        Jessica L. Williamson, RMR, RPR, CRR

24        Notary Public, CSR No. 138795

25        My commission expires: 12/18/2009

No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

# Exhibit 11

Page 1

VOLUME:  I
PAGES:  1-214
EXHIBITS: 13-23

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No. 04-CV-11651-MLW (Lead case)

No. 1:04-CV-11756-MLW (Consolidated case)

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

CYNTHIA A. BENNETT, GUY E. MILLER,          \*

NANCY HAUGEN, MICHAEL F. MAGNAN,            \*

KAREN L. MAGNAN, PRESLEY C.                 \*

PHILLIPS, ANDREA M. PHILLIPS, and           \*

CINDY SCHURGIN, for the use and             \*

benefit of THE FIDELITY MAGELLAN            \*

FUND, FIDELITY CONTRAFUND, FIDELITY         \*

GROWTH & INCOME PORTFOLIO I FUND,           \*

FIDELITY BLUE CHIP GROWTH FUND, and         \*

FIDELITY LOW-PRICED STOCK FUND,             \*

        Plaintiffs                          \*

v.                                          \*

FIDELITY MANAGEMENT & RESEARCH              \*

COMPANY and FMR CO., INC.,                  \*

        Defendants                          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

VIDEOTAPED DEPOSITION OF STEVEN M. KAYE

DATE:  FRIDAY, MARCH 30, 2007

1        VIDEOTAPED DEPOSITION OF STEVEN M.

2   KAYE, a witness called on behalf of the

3   Plaintiffs, pursuant to the Federal Rules of

4   Civil Procedure, before Jessica L.

5   Williamson, Registered Merit Reporter,

6   Certified Realtime Reporter and Notary

7   Public in and for the Commonwealth of

8   Massachusetts, at the Offices of Burns &

9   Levinson, LLP, 125 Summer Street, Boston,

10  Massachusetts, on Friday, March 30, 2007,

11  commencing at 9:52 a.m.

12

13  A P P E A R A N C E S

14

15  ACKERMAN LINK SARTORY

16     (By Scott J. Link, Esq.)

17     222 Lakeview Avenue

18     Suite 1250 - Esperante

19     West Palm Beach, Florida  33401

20     (561) 838-4100

21     slink@alslaw.com

22     Counsel for the Plaintiffs

23

24

25

1  A P P E A R A N C E S, Continued

2

3  BURNS & LEVINSON LLP

4     (By Robert D. Friedman, Esq.

5     and Matthew J. Tuttle, Esq.)

6     125 Summer Street

7     Boston, Massachusetts  02110

8     (617) 345-3000

9     mtuttle@burnslev.com

10    dfriedman@burnslev.com

11    Counsel for the Plaintiffs

12

13  MILBANK, TWEED, HADLEY & McCLOY LLP

14    (By Sean M. Murphy, Esq.

15    and Robert R. Miller, Esq.)

16    One Chase Manhattan Plaza

17    New York, New York  10005-1413

18    (212) 530-5688

19    smurphy@milbank.com

20    rmiller@milbank.com

21    Counsel for the Defendants and the

22    Deponent

23

24

25

1  A P P E A R A N C E S, Continued

2

3  FIDELITY INVESTMENTS

4     (By Colleen A. Hankins, Esq.)

5     FMR Corp. Legal Department

6     82 Devonshire Street

7     Boston, Massachusetts  02109

8     (617) 563-6415

9     colleen.hankins@fmr.com

10    Counsel for the Deponent

11

12  ALSO PRESENT:

13

14    George Dobrentey, Videographer

15

16

17

18

19

20

21

22

23

24

25

Page 5

```
1                    I N D E X

2   DEPONENT                              PAGE

3   STEVEN M. KAYE

4   Examination By Mr. Link                 8

5

6                E X H I B I T S

7   NO.                                   PAGE

8   13  BFMR_00027253 - 27265              11

9   14  BFMR_00151634 - 151638             25

10  15  Letter dated March 12, 2002,       65
        with attachments
11
    16  Document headed "Domestic          73
12      Equity: Fidelity, Quarterly
        Summary, Period Ending
13      December 31, 2003"

14  17  BFMR_00012519 - 12530              94

15  18  Document headed "Fidelity's       124
        Long Term Capital Growth
16      Discipline, March 11, 2004"

17  19  Memo dated March 8, 2004, with    129
        attachments
18
    20  Letter dated September 8,         137
19      2004, with attachments

20  21  Document headed "Pension          140
        Reserves Investment Management
21      Board, September 2004"

22  22  Document headed "Form             155
        N-CSR/A," filed October 16,
23      2003

24

25
```

Page 6

1              E X H I B I T S
   NO.                                    PAGE

2
   23  BFMR_0O 004349 - 4361              192

3

4

5

6

7

8

9  Note:  Original Exhibits 13 - 23 were
   retained by the court reporter and forwarded
10 to Veritext New York for distribution.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 29

| | | | |
|---|---|---|---|
| 1 | Q. | Well, let's just talk about in '02, your | 10:13:10 |
| 2 | | compensation before. | 10:13:13 |
| 3 | A. | Yeah. | 10:13:13 |
| 4 | Q. | Let's start January '02. | 10:13:14 |
| 5 | A. | Yeah. | 10:13:15 |
| 6 | Q. | How were you compensated? | 10:13:16 |
| 7 | | MR. MURPHY: And you don't have to | 10:13:18 |
| 8 | | disclose the amount. I think he's asking | 10:13:19 |
| 9 | | about the -- | 10:13:21 |
| 10 | A. | Just, yeah, salary, bonus. | 10:13:21 |
| 11 | Q. | A salary and a bonus? | 10:13:25 |
| 12 | A. | Correct. | 10:13:27 |
| 13 | Q. | And you were paid by FMR? | 10:13:27 |
| 14 | A. | Yes. | 10:13:29 |
| 15 | Q. | What was -- how was your bonus determined? | 10:13:29 |
| 16 | A. | Based on performance. | 10:13:32 |
| 17 | Q. | Of the mutual fund assets you were managing? | 10:13:34 |
| 18 | A. | Of all the assets managed. | 10:13:37 |
| 19 | Q. | All assets at Fidelity? | 10:13:38 |
| 20 | A. | No. All -- well, all the -- | 10:13:40 |
| 21 | | MR. MURPHY: The assets he managed. | 10:13:42 |
| 22 | A. | All the assets I managed. | 10:13:43 |
| 23 | Q. | Okay. I thought that in January of 2002 the | 10:13:45 |
| 24 | | only assets you were responsible for were | 10:13:47 |
| 25 | | Growth & Income. | 10:13:50 |

Page 213

1    United States District Court

2    District of Massachusetts

3

4        I, Jessica L. Williamson, Registered,

5    Merit Reporter, Certified Realtime Reporter

6    and Notary Public in and for the

7    Commonwealth of Massachusetts, do hereby

8    certify that STEVEN M. KAYE, the witness

9    whose deposition is hereinbefore set forth,

10   was duly sworn by me and that such

11   deposition is a true record of the testimony

12   given by the witness.

13       I further certify that I am neither

14   related to or employed by any of the parties

15   in or counsel to this action, nor am I

16   financially interested in the outcome of

17   this action.

18       In witness whereof, I have hereunto set

19   my hand and seal this 13th day of April,

20   2007.

21

22

23       Jessica L. Williamson, RMR, RPR, CRR

24       Notary Public, CSR No. 138795

25       My commission expires: 12/18/2009

No. 04-cv-11651-MLW (Lead Case)
No. 04-cv-11756-MLW (Consolidated Case)

# Memorandum In Support of Plaintiffs' Motion To Compel Production of Documents

## Exhibit 12

Page 1

VOLUME:  I
PAGES:  1-235
EXHIBITS: 27-63

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No. 04-CV-11651-MLW (Lead case)

No. 1:04-CV-11756-MLW (Consolidated case)

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

CYNTHIA A. BENNETT, GUY E. MILLER,          \*

NANCY HAUGEN, MICHAEL F. MAGNAN,            \*

KAREN L. MAGNAN, PRESLEY C.                 \*

PHILLIPS, ANDREA M. PHILLIPS, and           \*

CINDY SCHURGIN, for the use and             \*

benefit of THE FIDELITY MAGELLAN            \*

FUND, FIDELITY CONTRAFUND, FIDELITY         \*

GROWTH & INCOME PORTFOLIO I FUND,           \*

FIDELITY BLUE CHIP GROWTH FUND, and         \*

FIDELITY LOW-PRICED STOCK FUND,             \*

          Plaintiffs                        \*

v.                                          \*

FIDELITY MANAGEMENT & RESEARCH              \*

COMPANY and FMR CO., INC.,                  \*

          Defendants                        \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

VIDEOTAPED DEPOSITION OF ROBERT E. STANSKY

DATE:  WEDNESDAY, APRIL 18, 2007

1          VIDEOTAPED DEPOSITION OF ROBERT E.

2     STANSKY, a witness called on behalf of the

3     Plaintiffs, pursuant to the Federal Rules of

4     Civil Procedure, before Jessica L.

5     Williamson, Registered Merit Reporter,

6     Certified Realtime Reporter and Notary

7     Public in and for the Commonwealth of

8     Massachusetts, at the Offices of Goodwin

9     Procter, LLP, 53 State Street, Boston,

10    Massachusetts, on Wednesday, April 18, 2007,

11    commencing at 9:08 a.m.

12

13    A P P E A R A N C E S

14

15    KELLER ROHRBACK LLP

16        (By Michael Woerner, Esq.

17        and David Y. Chen, Esq.)

18        1201 Third Avenue

19        Suite 3200

20        Seattle, Washington  98101-3052

21        (206) 623-1900

22        mwoerner@kellerrohrback.com

23        dchen@kellerrohrback.com

24        Counsel for the Plaintiffs

25

Page 3

```
 1   A P P E A R A N C E S, Continued

 2

 3   ACKERMAN LINK SARTORY

 4     (By Scott J. Link, Esq.)

 5     222 Lakeview Avenue

 6     Suite 1250 - Esperante

 7     West Palm Beach, Florida  33401

 8     (561) 838-4100

 9     slink@alslaw.com

10     Counsel for the Plaintiffs

11

12   BURNS & LEVINSON LLP

13     (By Robert D. Friedman, Esq.

14     and Matthew J. Tuttle, Esq.)

15     125 Summer Street

16     Boston, Massachusetts  02110

17     (617) 345-3000

18     dfriedman@burnslev.com

19     mtuttle@burnslev.com

20     Counsel for the Plaintiffs

21

22

23

24

25
```

```
 1   A P P E A R A N C E S, Continued

 2

 3   SHAPIRO HABER & URMY LLP

 4      (By Michelle H. Blauner, Esq.)

 5      53 State Street

 6      Boston, Massachusetts  02109

 7      (617) 439-3939

 8      mblauner@shulaw.com

 9      Counsel for the Plaintiffs

10

11   MILBANK, TWEED, HADLEY & McCLOY LLP

12    (By Sean M. Murphy, Esq.

13    Robert R. Miller, Esq.

14    and James N. Benedict, Esq.)

15    One Chase Manhattan Plaza

16    New York, New York  10005-1413

17    (212) 530-5688

18    smurphy@milbank.com

19    rmiller@milbank.com

20    jbenedict@milbank.com

21    Counsel for the Defendants

22

23

24

25
```

Page 5

```
 1   A P P E A R A N C E S, Continued

 2

 3   FIDELITY INVESTMENTS

 4       (By Colleen A. Hankins, Esq.)

 5       FMR Corp. Legal Department

 6       82 Devonshire Street

 7       Boston, Massachusetts  02109

 8       (617) 563-6415

 9       colleen.hankins@fmr.com

10       Counsel for Fidelity Investments

11

12   ALSO PRESENT:

13

14       George Dobrentey, Videographer

15

16

17

18

19

20

21

22

23

24

25
```

Page 6

```
1                    I N D E X

2   DEPONENT                              PAGE

3   ROBERT E. STANSKY

4   Examination By Mr. Woerner              #

5

6                 E X H I B I T S

7   NO.                                   PAGE

8   43   BFMR_71314                       16

9   44   Press Release dated October      22
         31, 2005
10
    45   Letter dated February 9, 2007,   35
11       with attachments
         Bates-numbered BFMR_00099369 -
12       99386

13  46   BFMR_00059253 - 59270            71

14  47   BFMR_00029912 - 29882            72

15  48   BFMR_00093178 - 93215           148

16  49   BFMR_00024572 - 24586           160

17  50   BFMR_00028577 - 28589           167

18  51   BFMR_00004284 - 4296            168

19  52   BFMR_00009188 - 9194            170

20  53   BFMR_00009542 - 9329            172

21  54   BFMR_00015277 - 15283           175

22  55   BFMR_00032567 - 32580           180

23  56   BFMR_00004051 - 4065            184

24  57   BFMR_00020587 - 20591           186

25
```

Page 7

```
 1              E X H I B I T S
       NO.                              PAGE
 2
       58  BFMR_0O070596 - 70633        193
 3
       59  BFMR_0O070634 - 70673        196
 4
       60  BFMR_0O031890 - 32104,       199
 5          non-sequential

 6  61  BFMR_0O051709 - 51831,          199
            non-sequential
 7
       62  BFMR_0O052319 - 52441,       199
 8          non-sequential

 9  63  BMFR_0O028249 - 00028261        212

10

11

12

13

14

15  Note:  Original Exhibits 43 to 63 were

16  retained by the court reporter and forwarded

17  to Veritext New York for distribution.

18

19

20

21

22

23

24

25
```

REDACTED

Page 117

| | |
|---|---|
| 1 | 11:40:27 |
| 2 | 11:40:29 |
| 3 | 11:40:33 |
| 4 | 11:40:37 |
| 5 | 11:40:39 |
| 6 | 11:40:42 |
| 7 | 11:40:44 |
| 8 | 11:40:58 |
| 9 | 11:41:08 |
| 10 | 11:41:08 |
| 11 | 11:41:12 |
| 12 | 11:41:13 |

13 Q.   How much was your compensation as the          11:41:13

14       manager of the Magellan Fund?                  11:41:15

15              MR. MURPHY:  I'm instructing the        11:41:18

16       witness not to answer.  You don't have to      11:41:19

17       answer that.                                   11:41:22

18              MR. WOERNER:  If I ask him any          11:41:22

19       questions about specific amounts, are you      11:41:24

20       going to give him that same instruction?       11:41:25

21              MR. MURPHY:  You can ask him any        11:41:27

22  ·    question except the amount.  If you want to    11:41:29

23       ask him whether it went up or down, what       11:41:32

24       component, how it was structured, anything     11:41:34

25       except the dollar amount, which I don't        11:41:38

REDACTED

Page 118

| | | |
|---|---|---|
| 1 | think is relevant.  Any other question you | 11:41:40 |
| 2 | want is fair game. | 11:41:41 |
| 3 Q. | From the time -- if you take a snapshot, | 11:41:44 |
| 4 | Point 1 being when you began managing the | 11:41:48 |
| 5 | Magellan Fund in 1996, and Point 2 in time | 11:41:50 |
| 6 | is when you left the Magellan Fund, what is | 11:41:55 |
| 7 | the magnitude in change of your | 11:42:00 |
| 8 | compensation? | 11:42:02 |
| 9 A. | I don't know. | 11:42:04 |
| 10 Q. | Did it double, triple, cut in half?  Do you | 11:42:06 |
| 11 | have any sense at all of how it changed over | 11:42:12 |
| 12 | that 10- or 11-year period? | 11:42:16 |
| 13 A. | 10-year period, no, I don't. | 11:42:18 |
| 14 Q. | How about is there any point in time -- | 11:42:20 |
| 15 | well, let me ask you this:  As the assets of | 11:42:33 |
| 16 | Magellan went from 50 billion to 100 billion | 11:42:35 |
| 17 | or so how, did the magnitude of your | 11:42:43 |
| 18 | compensation change over that time period? | 11:42:45 |
| 19 A. | I don't recall the exact -- the numbers. | 11:42:46 |
| 20 Q. | Did it go up? | 11:42:49 |
| 21 A. | I would say it fluctuated based on | 11:42:50 |
| 22 | performance.  Asset size and performance are | 11:43:06 |
| 23 | the two key variables. | 11:43:09 |
| 24 Q. | But look -- again, be looking at the time | 11:43:11 |
| 25 | period between you began managing the fund | 11:43:15 |

REDACTED

Page 119

```
 1        and when it peaked at 100 plus billion        11:43:17

 2        dollars, and looking at all the different      11:43:21

 3        years, the low point and the high point, can   11:43:23

 4        you tell me the magnitude of your              11:43:25

 5        compensation between the low point and the     11:43:26

 6        high point over that time period?              11:43:28

 7 A.     No, I can't.                                   11:43:29

 8 Q.     Okay.  When the fund then de -- what was the   11:43:32

 9        amount of assets under management of the       11:43:36

10        Magellan Fund at the time you retired,         11:43:40

11        roughly?                                       11:43:41

12 A.     I don't know.                                  11:43:42

13 Q.     Was it somewhere in the 50 to $60 billion      11:43:50

14        neighborhood?                                  11:43:55

15 A.     Yes, but I don't know the tighter number.      11:43:55

16 Q.     Okay.  As the fund went from its peak of 100   11:44:01

17        plus billion dollars down to the 50 or 60      11:44:04

18        billion dollar range that it was when you      11:44:07

19        retired, what was the magnitude of the         11:44:08

20        change of your compensation?                   11:44:10

21 A.     I don't recall.                                11:44:17

22 Q.     Other than looking at the raw numbers in       11:44:18

23        terms of what your compensation was, do you    11:44:29

24        know any way to determine how your             11:44:31

25        compensation changed in terms of magnitude     11:44:35
```

REDACTED

Page 120

| | | |
|---|---|---|
| 1 | over that time period? | 11:44:37 |
| 2 A. | No, I don't. | 11:44:38 |
| 3 Q. | Do you know how much the compensation | 11:44:46 |
| 4 | changed over time for the people who | 11:44:47 |
| 5 | assisted you in the running of the Magellan | 11:44:50 |
| 6 | Fund over the time that you ran the fund? | 11:44:53 |
| 7 | | 11:44:55 |
| 8 | | 11:44:56 |
| 9 | | 11:44:57 |
| 10 | | 11:45:03 |
| 11 | | 11:45:06 |
| 12 | | 11:45:09 |
| 13 | | 11:45:12 |
| 14 | | 11:45:15 |
| 15 | | 11:45:15 |
| 16 | | 11:45:17 |
| 17 | | 11:45:21 |
| 18 | | 11:45:21 |
| 19 | | 11:45:26 |
| 20 | | 11:45:27 |
| 21 | | 11:45:30 |
| 22 | | 11:45:30 |
| 23 | | 11:45:36 |
| 24 | | 11:45:41 |
| 25 | | 11:45:41 |

REDACTED

Page 126

| | | |
|---|---|---|
| 1 | | 11:51:17 |
| 2 | | 11:51:18 |
| 3 | Q. | Do you recall whether in the last two years | 11:51:27 |
| 4 | | of your management of the Magellan Fund your | 11:51:29 |
| 5 | | compensation changed? | 11:51:32 |
| 6 | A. | Would you define "compensation"?  I mean, | 11:51:37 |
| 7 | | the level? | 11:51:41 |
| 8 | Q. | Yeah. | 11:51:42 |
| 9 | A. | Yes, I'm sure it changed based on | 11:51:42 |
| 10 | | performance. | 11:51:46 |
| 11 | Q. | Do you remember whether it went up or down? | 11:51:46 |
| 12 | A. | No. | 11:51:48 |
| 13 | Q. | Do you remember the magnitude of the change? | 11:51:53 |
| 14 | A. | No | 11:51:55 |
| 15 | | | 11:51:56 |
| 16 | | | 11:52:07 |
| 17 | | | 11:52:10 |
| 18 | | | 11:52:14 |
| 19 | | | 11:52:17 |
| 20 | | | 11:52:18 |
| 21 | | | 11:52:21 |
| 22 | | | 11:52:24 |
| 23 | | | 11:52:25 |
| 24 | | | 11:52:30 |
| 25 | | | 11:52:32 |

Page 234

1    United States District Court

2    District of Massachusetts

3

4        I, Jessica L. Williamson, Registered,

5    Merit Reporter, Certified Realtime Reporter

6    and Notary Public in and for the

7    Commonwealth of Massachusetts, do hereby

8    certify that ROBERT E. STANSKY, the witness

9    whose deposition is hereinbefore set forth,

10   was duly sworn by me and that such

11   deposition is a true record of the testimony

12   given by the witness.

13       I further certify that I am neither

14   related to or employed by any of the parties

15   in or counsel to this action, nor am I

16   financially interested in the outcome of

17   this action.

18       In witness whereof, I have hereunto set

19   my hand and seal this 30th day of April,

20   2007.

21

22

23       Jessica L. Williamson, RMR, RPR, CRR

24       Notary Public, CSR No. 138795

25       My commission expires: 12/18/2009