UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of THE FIDELITY MAGELLAN FUND, FIDELITY CONTRAFUND, FIDELITY GROWTH & INCOME PORTFOLIO FUND, FIDELITY BLUE CHIP GROWTH FUND, and FIDELITY LOW-PRICED STOCK FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>Defendants. | No. 04-cv-11651-MLW<br>(Lead Case)<br><br>No. 04-cv-11756-MLW<br>(Consolidated Case) |

**UNOPPOSED MOTION TO ENLARGE BY FIVE (5) PAGES THE PAGE LIMIT FOR DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Defendants Fidelity Management & Research Company and FMR Co., Inc. (collectively, "Fidelity") hereby move, without opposition from the plaintiffs, to enlarge the page limit for defendants' opposition to plaintiffs' pending motion to compel from 20 to 25 pages. In support of this Motion, Fidelity states:

1.      Plaintiffs served Fidelity with a motion to compel on Thursday, June 21, 1007. The motion to compel is 21 pages long and seeks to compel discovery with respect to three

separate categories of information, all of which are off limits to legitimate discovery: (i) Attorney-client privileged and/or attorney work product communications between counsel for Fidelity and several of Fidelity's independent trustees in preparation for the trustees' depositions; (ii) privileged communications and/or attorney work product redacted from the voluminous Fidelity Board of Trustees minutes that have been produced in discovery to plaintiffs; and (iii) highly sensitive information concerning the compensation of specific Fidelity portfolio managers which information is irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

2. In order to respond completely to all three demands advanced by plaintiffs in their motion to compel, Fidelity needs to extend the page limit of its opposition from 20 to 25 pages. Despite their efforts to prepare an opposition within the page limit imposed by the Local Rules, counsel for Fidelity have been unable to make all the arguments that need to be made within the 20 page limit.

3. Fidelity is requesting that the page limit be extended by only five pages. The additional pages provide important information pertinent to the court's consideration of the motion to compel, without, it is hoped, unduly burdening the court or plaintiffs. Fidelity believes that the additional information that it will be able to provide the court in the requested additional five pages will be helpful and useful to the court.

4. Counsel for Fidelity has conferred with plaintiffs' counsel and plaintiffs do not oppose Fidelity's request for a five page extension of the page limit for its opposition to the

pending motion to compel.

WHEREFORE, Fidelity requests that this Motion be granted, and that the page limit for its opposition to plaintiffs' motion to compel be extended from 20 to 25 pages.

        Respectfully submitted,

Attorneys for the Defendants:

/s/ James S. Dittmar
James S. Dittmar, BBO # 126230
David J. Apfel BBO # 551139
Stuart M. Glass BBO# 641466
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617-570-1000

James N. Benedict
Sean M. Murphy
MILBANK, TWEED, HADLEY & McCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

David S. Cohen
Donna F. Mulvihill
MILBANK, TWEED, HADLEY & McCLOY LLP
International Square Building
1850 K Street, N.W.
Washington, DC 20006
(202) 835-7500

Dated: July 9, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 9, 2007.

        /s/ James S. Dittmar