**United States District Court**
For the Northern District of California

1

2

3

4

5    IN THE UNITED STATES DISTRICT COURT

6    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    SUSAN STRIGLIABOTTI, et al.,                    No. C 04-0883 SI

9              Plaintiffs,                            **ORDER GRANTING PLAINTIFFS'**
                                                      **MOTION TO COMPEL DISCOVERY**
10      v.

11   FRANKLIN RESOURCES, INC., et al.,

12             Defendants.
                                           /
13

14          By letter briefs, the parties seek resolution of several discovery disputes.[1]

15

16   **1.      Extension of discovery**

17          First, plaintiffs seek an extension of time to issue follow-up discovery.  Plaintiffs assert that they

18   need an extension of time because, *inter alia*, defendants' document production has been hampered by

19   the fact that defendants have changed law firms three times during the course of this litigation.  The

20   parties dispute whether plaintiffs are entitled to any additional information, as well as which side is

21   responsible for any delay.  Both sides have submitted voluminous correspondence to the Court in an

22   effort to demonstrate that the other side has delayed in discovery.

23          The Court concludes that a brief extension of discovery is warranted.  While the Court does not

24   find that defendants have intentionally delayed in producing any discovery, the correspondence

25   submitted by both parties shows that discovery has been protracted, scheduling of depositions has been

26   difficult, and document production has been complicated by defendants' use of three law firms

27

28          [1]  The parties' letter briefs are found at Docket Nos. 187, 190, 191, and 200.

United States District Court

For the Northern District of California

1    responsible for document discovery. The new non-expert discovery cut-off is **November 13, 2006**. The

2    parties are directed to meet and confer on a modified pretrial schedule, and shall submit a stipulation

3    and proposed amended schedule no later than **October 27, 2006**.

4

5    **2.       Income of individual portfolio managers**

6          The second discovery dispute concerns whether the individual income of each portfolio manager

7    is privileged. During depositions of portfolio managers, defense counsel instructed witnesses not to

8    answer any questions about individual manager compensation on the grounds that such information is

9    highly sensitive, competitive information to Franklin, and because it would invade the privacy of the

10   individual manager. Defendants assert that the individual incomes of the portfolio managers are

11   irrelevant to plaintiffs' § 36(b) claim because whether the fee charged to Funds was excessive does not

12   depend on what an individual portfolio manager earned, but rather whether the total fee was so

13   disproportionately large that it bears no reasonable relationship to the services rendered. Plaintiffs

14   respond that the costs of compensation paid to portfolio managers over time is relevant to an economies

15   of scale analysis, as well as a profitability analysis.

16         The Court generally agrees with defendants that plaintiffs have not demonstrated that they need

17   to know the incomes and bonuses of individual portfolio managers. If plaintiffs have been provided

18   with information about the total fees charged to each fund, as well as information about how those fees

19   have changed over time, there is no need for further information about specific incomes.

20

21   **3.       Monthly Operating and Performance reports**

22         The final dispute centers on whether defendants must produce Monthly Operating &

23   Performance (MOP) Reports. According to defendants,

24         The MOP report is an internal report distributed to the managers of the Franklin Equity
         Group on a monthly basis. It provides the managers of the Franklin Equity Group with
25       a snapshot of how the accounts that group manages are performing, their revenue to date
         (based on fees multiplied by assets under management) and the contribution of this
26       revenue to Franklin's total revenue figures, as well as information regarding the comings
         and goings of personnel.
27

28   Docket No. 190.

United States District Court

For the Northern District of California

Plaintiffs assert that the MOP reports are responsive to request numbers 15 or 19 of the first request for production of documents. The Court agrees that the MOP reports are responsive to request 15, which sought:

> All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution or other services to any of the funds in the Fund Complex or any other person or client. This request includes any calculation, review or analysis of the profitability of providing such services.

Docket No. 187 at n. 4. Based on defendants' description of the MOP reports, those reports are "documents relating to . . . income received by the Defendants . . ." because these reports summarize financial performance, including revenue. Defendants are ordered to produce these documents by **October 27, 2006**.

**IT IS SO ORDERED.**

Dated: October 23, 2006

_____
SUSAN ILLSTON
United States District Judge

3