UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of THE FIDELITY MAGELLAN FUND, FIDELITY CONTRAFUND, FIDELITY GROWTH & INCOME PORTFOLIO I FUND, FIDELITY BLUE CHIP GROWTH FUND and FIDELITY LOW-PRICED STOCK FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC., <br><br> Defendants. | CIVIL NO. 1:04-cv-11651-MLW (Lead Case) <br><br> CIVIL NO. 1:04-cv-11756-MLW (Consolidated Case) |

### [PROPOSED] PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs respectfully submit to the Court this [Proposed] Memorandum in Reply to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery, subject to the Court's granting of Plaintiffs' Unopposed Motion for Leave to File a Reply to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery.

The factual background and matters in dispute are as set forth in the Memorandum in Support of Plaintiffs' Motion to Compel Discovery and Defendants Fidelity Management & Research Company and FMR Co., Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion Compel Discovery ("Defs. Mem.").

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 1

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### I. *Gartenberg* is not adopted as the standard in the First Circuit for claims under § 36(b) of the Investment Company Act of 1940.

Defendants' assertion that the factors enumerated in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2d Cir. 1982), *cert. denied*, 461 U.S. 906 (1983), govern the present case is incorrect. *See* Defs. Mem. 5. Courts adjudicating cases under § 36(b) of the Investment Company Act of 1940, as amended, 15 U.S.C. § 80a-35(b) (the "ICA"), normally gesture toward it, and plaintiffs making ICA § 36(b) complaints, including the complaint in this matter, frequently recite the "*Gartenberg* factors" out of caution that the standard may be applied by the court. However, courts in this and other circuits have affirmatively not adopted the standard.

> The First Circuit has not expressly adopted the *Gartenberg* factors or established a specific pleading standard for § 36(b) claims. I agree with the plaintiffs that *Gartenberg* – should it be the appropriate standard – does not establish a heightened pleading requirement for § 36(b) excessive fee claims. A plaintiff's failure to plead certain *Gartenberg* factors is not itself grounds for dismissal.

*Wicks v. Putnam Inv. Mgmt., LLC*, No. 04-10988, 2005 WL 705360, at *4 (D. Mass. Mar. 28, 2005) (O'Toole, J.).

> The First Circuit has not expressly adopted the so-called Gartenberg factors nor has it established a specific pleading standard for § 36(b) claims. My judgment, previously stated elsewhere, is that Gartenberg (if it were to be followed in this Circuit) does not establish a heightened pleading standard for § 36(b) claims and the plaintiffs' failure to plead facts that specifically address the Gartenberg factors is not in itself a ground for dismissal.

*Dumond v. Massachusetts Fin. Serv. Co.*, No. 04-11458, 2006 WL 149038, at *1 (D. Mass. Jan. 19, 2006) (O'Toole, J.) (citing *Wicks*).

### II. Defendants and Trustees Efforts to Invoke the Common Interest Doctrine *Ex Post Facto* Fail.

Defendants' invocation of the common interest doctrine is an exception to the rule that attorney-client privilege is waived when a third party is present in communications between an

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 2

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

attorney and client. *Cavallaro v. United States*, 284 F.3d 236, 250 (1st Cir. 2002). Thus the issue before this Court is whether Defendants and the Independent Trustees actually share a matter of common legal interest, such that they may properly invoke the attorney-client privilege in respect of the Trustees' deposition preparation sessions at which counsel for Defendants was present. The court in *Ken's Foods Inc. v. Ken's Steak House, Inc.* held in order for the exception to apply, "the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived." 213 F.R.D. 89, 93 (D. Mass. 2002) (quoting *United States v. Bay State Ambulance & Hosp. Rental Serv. Inc.*, 874 F.2d 20, 28 (1st Cir. 1989)).

Defendants cite *Strougo v. BEA Associates* for the proposition that outside directors and investment adviser have a common interest in responding to plaintiff's allegations that the directors were not independent of the investment adviser. 199 F.R.D. 515, 520 (S.D.N.Y. 2001). Notably in *Strougo* the plaintiff shareholder challenged a rights offering by the fund and the complaint alleged that this constituted a breaches of duty by the investment adviser **and** the directors. *Id.* Thus, the outside directors and investment adviser in *Strougo* actually did share a common legal interest, as being defendants in common. *See also Cavallaro*, 284 F.3d at 250 (finding common interest in being defendants in common).

Also in *Strougo*, the information at issue when the common interest doctrine was found by that court was attorney-authored marginalia on draft minutes and a fax coversheet. *Id.* The court required the investment adviser to produce the document save for the attorney-authored marginalia. *Id.* And while the *Strougo* court found that the common interest doctrine applied, it did not find that it applied to board meeting minutes before the litigation began. In this case, 112 documents on the Defendants' privilege log predate the filing of the Complaint.

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 3

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

If the independent trustees and Defendants indeed had a common legal interest when the board and committee meetings were taking place, they could have prepared a formal agreement stipulating the privileged materials would be shared because of a common interest. This did not occur, and no showing can be made to that effect. Indeed, this would have been most unusual, as the trustees are supposed to be independent of the fund adviser. As noted in Plaintiffs' Memorandum in Support of Motion to Compel Discovery, these two parties are actually contractual counterparties within the framework of the funds at issue. Defendants and Trustees claim that they have a common interest undermines the independence and conscientiousness of a fund's trustees. To now suggest that in fact they have had a common interest and a joint defense strategy in place that spanned from 2001 to the present that would allow them to collude and maintain attorney-client privilege despite having third parties with separate interests present at board meetings and in deposition prep meetings is simply an ex post facto attempt to protect information that is properly discoverable.

The *Strougo* court also required that in order for the attorney-client privilege to apply to board meeting minutes, the Defendant-investment adviser had the burden of showing that the presence of individuals outside the attorney-client relationship was necessary for the client to receive informed advice. 199 F.R.D. at 525. The Defendants here can make no showing that the presence of the independent trustees at the trustee meetings was necessary for employees of the investment adviser to receive legal advice from its own counsel.

### III. The redactions of the board and committee meeting minutes are not protected by the common interest doctrine, SOX Rule 205 or attorney work product doctrine.

The board meeting minutes produced by Defendants constitute a Bates number range of about 28,000 pages, and the noted bases for redaction are typically terse, e.g. "regulatory requirements." Dozens of the redactions are of multiple pages. *See* Affidavit of Matthew J.

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 4

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Tuttle, June 21, 2007, Ex. 15, at 8, 11 & 13. It is impossible for Plaintiffs to evaluate the basis of each individual redaction; alleged advice regarding "regulatory requirements" may address myriad issues ranging from whether an immaterial arithmetic error is reportable to the receipt of improper gifts and gratuities, for which Defendants received a Wells notice and were fined by the NASD. Defendants also criticize Plaintiffs for their inability to "not address[ing] the particular merits of any specific redaction," which is of course the case since Defendants have redacted the necessary basis for addressing the merits.

Defendants' assertion of the common interest doctrine is improper, for the reasons set forth above. In addition Defendants rely on selective quotation of the Securities and Exchange Commission's ("SEC") "Standards of Professional Conduct for Attorneys Appearing and Practicing before the Commission in the Representation of an Issuer," 17 C.F.R. pt. 205 (2006) ("SOX Rule 205"), and the SEC's proposing and implementing releases to support their claim of common interest with the Trustees. SOX Rule 205 is completely inapposite.

The rule was promulgated in reaction to the securities fraud scandals of the late 1990s and early 2000s. It imposes on attorneys who represent securities issuers before the SEC a duty to 'report up' material securities law violations. *Id.* §§ 205.2(a) & 205.3. The purpose of language that Defendants cite out of context is only to sweep, into that duty, attorneys for investment advisers. Otherwise those attorneys might avoid the rule's coverage by claiming that they represent only the investment adviser (not an issuer) and not the advised mutual fund or other entity (an issuer).

Returning Defendants' selective quotations to their original context makes this clear.

- The definition that Defendants cite, Defs.' Mem. 15, from 17 C.F.R. § 205.2(g) is prefaced by "For the purposes of this part, the following definitions apply." *Id.* §

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 5

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

205.2.   The SEC is not rewriting the attorney-client privilege doctrine.  Indeed it clarified that the narrow SOX Rule 205 and state rules should not cross-pollinate:

> The Commission intends that the issue whether an attorney-client relationship exists for purposes of this part will be a federal question and, in general, will turn on the expectations and understandings between the attorney and the issuer. Thus, whether the provision of legal services under particular circumstances would or would not establish an attorney-client relationship under the state laws or ethics codes of the state where the attorney practices or is admitted may be relevant to, but will not be controlling on, the issue under this part.

Implementation of Standards of Professional Conduct for Attorneys, Release Nos. 33-8185, 34-47276, IC-25929, 2003 SEC LEXIS 256, at *17 (Jan. 29, 2003) ("Final Release").

- Defendants conveniently omit the eight words between their two quotations from the Final Release.  See Defs. Mem. 15.  The SEC's position is that, for SOX Rule 205 purposes, the provision of services to an investment company by an attorney employed by the investment adviser has "***the logical implication*** . . . that the attorney employed by the investment adviser is accordingly representing the investment company ***before the Commission***."  Final Release, 2003 SEC LEXIS 256, *47-48 (emphasis added).  The ambit of the cited portion of the Final Release and SOX Rule 205 is the duty of the investment adviser's attorney under SEC rules, not whether an attorney-client relationship exists.

Defendants' reading of SOX Rule 205 is overstretched.  The rule does not contemplate at all attorney-client privilege or its exceptions.  The only purpose of the phrases that Defendants selectively quote is to prevent Defendants' – and other investment advisers' – attorneys from circumventing the SEC's 'reporting up' requirements on the hypertechnical basis that they do not represent the advised issuer.

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 6

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants work product claims as to the board and committee minutes fail, because the minutes are not work product "prepared in anticipation of litigation." *In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 357 (D. Mass. 2003) (quoting *United States v. Randall*, 194 F.R.D. 369, 373 (D. Mass. 1999)).  As noted in *In re Raytheon*, "[i]n limiting work product to materials prepared 'in anticipation of litigation,' the drafters of Rule 26(b)(3) excluded from the rule's protection 'materials assembled in the ordinary course of business, *or pursuant to public requirements unrelated to litigation*, or for other non-litigation purposes.'"  *Id.* at 359 (quoting *Martin v. Bally's Park Place Hotel*, 983 F.2d 1252, 1260-61 (3d Cir. 1993)).  The minutes of the board and committee meetings occur regularly, in the ordinary course of Defendants' business, and amount to approximately 28,000 pages in Defendants' document production.  These are not occasional attorney memoranda.

The minutes also are not work product because they were not "prepared in anticipation of litigation" under either the "primary motivation" test or the more expansive "because of" test.  *See In re Raytheon*, 218 F.R.D. at 357-58.  The minutes are prepared with a "primary motivation" to memorialize the proceedings of meeting of the board of trustees and its subcommittees.  "[I]f the primary motivating purpose behind the creation of the document is not to assist in pending or impending litigation, then a finding that the document enjoys work product immunity is not mandated."  *Id.* at 357 (citation and internal quotes omitted).  The "because of" test requires that "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation."  *Id.* at 358 (quoting 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2024 at 343 (1994)).  If the Court chooses to apply the "because of" test, we respectfully submit that the required factual determination

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 7

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

cannot be argued by counsel for Plaintiffs and is properly made by this Court by *in camera* review.

Further, the "fiduciary exception" is also applicable to defeat Defendants' claims of attorney-client privilege as to the redaction of the board meeting minutes at least prior to the commencement of this lawsuit. *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1102-04 (5th Cir. 1970), *cert. denied*, 401 U.S. 974 (1971). As noted in *Strougo*, the "fiduciary exception" to attorney-client privilege permits disclosure of attorney-client privileged communications in proper circumstances because the fiduciary is expected to act for the benefit of shareholders, and disclosure furthers that goal. 199 F.R.D. 524. However, the fiduciary exception does not apply to communications regarding defense of a lawsuit. *Id.* As such, the fiduciary exception here is applicable to 112 documents on Defendants' Redacted Document Draft Privilege Log, as those documents pre-date filing of the complaint in this case. The complaint was filed May 3, 2004, and as such, Defendants' arguments that the 'fiduciary exception' are inapplicable necessarily fail as to those documents, as nothing prior to that date could have been regarding defense of this lawsuit.

### IV. The Levels of Portfolio Manager Compensation Are Highly Probative Evidence, the Confidentiality of Which Can Be Amply Protected by the Confidentiality Order and Practices Followed in this Case

To be clear, Defendants have not produced any documents that disclose anything about the specific levels of compensation paid to the portfolio managers of the Five Funds. Defendants have produced nothing to suggest the magnitude of a manager's compensation, whether that compensation went up or down from one year to the next, or the relative levels of compensation among different managers or for different funds. The documents and deposition testimony cited in Defs. Mem. on the issue of compensation reveal little more than the various potential

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 8

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

components of a managers' compensation and other peripheral information. *See* Defs. Mem. 117-18. Even then, a number of the cited documents are outdated as they only relate to compensation issues from the 1990's and very early 2000's. Finally, the deposition sections cited by Defendants actually show how little has been revealed by Defendants and its managers on the issue of compensation. Each witness was instructed not disclose actual amounts of compensation. When asked, the managers could not remember the magnitude of compensation changes over time, whether their compensation increased or decreased in relation to their assets under management, or even whether their compensation went up or down from one year to the next. *See, e.g.*, Stansky Dep. at 117-12.

Although the compensation information may be sensitive, it is centrally relevant to a key issue in this case. As discussed more fully in Plaintiffs' Memorandum, portfolio compensation has been cited by Defendants, in its documents and in the testimony of its fund Trustees, as a primary reason why the largest of the Defendants funds do not enjoy economies of scale and actually are subject to diseconomies of scale. As Trustee Marie Knowles explained, a fund may become more expensive to manage as it grows because the largest funds must hire the most expensive portfolio managers to run them. Knowles Dep. at 289-92 (Tuttle Affid., Ex. 18). Without knowing the actual compensation paid to the portfolio managers of the five funds, Plaintiffs will have no way to address Defendants' assertion concerning the lack of economies of scale in its largest funds.

The single case cited by Defendants on the discovery of portfolio manager compensation, *Strigliabotti v. Franklin Resources, Inc.*, No. C 04-0883 SI, slip op. (N.D. Cal. Oct. 24, 2006), is of no moment because it does not involve the issue present here of whether and to what extent the portfolio managers' compensation impacts (or reverses) economies of scale in the large funds

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 9

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

at issue.  In addition, the testimony of fund Trustees, cited by Defendants, stating that they did not review the actual compensation of portfolio managers begs the ultimate question.  Depending on what the compensation information reveals about actual economies of scale, the compensation information may have been the very type of information that should have been provided by Defendants for consideration by the Trustees.

On the issue of confidentiality, Plaintiffs recognize that the portfolio managers' compensation is considered highly confidential by Defendants, similar in nature to information about the compensation packages paid to all sorts of other high-level employees in countless other businesses around the world.  It is commonplace for relevant information of this nature to be disclosed in litigation pursuant to a confidentiality order, and the Court has entered a comprehensive one negotiated by the parties in this case.  If Defendants is seeking even further protection for this information, the Plaintiffs previously in this case have not objected to following special procedures for testimony and information that Defendants has considered exceptionally confidential.  For example, in particularly sensitive areas of Trustee depositions, Fidelity employees and in-house counsel have been asked to temporarily leave the room, and those portions of testimony have been separately transcribed.  There is no reason why Fidelity cannot employ similar procedures with respect to the disclosure of compensation information in depositions, if it considers it necessary.

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 10

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## V.  Conclusion

For the reasons set forth in the Memorandum in Support of Plaintiffs' Motion to Compel Discovery as well as the foregoing reasons, Plaintiffs' Motion to Compel should be granted.

DATED this 17th day of July, 2007.

KELLER ROHRBACK L.L.P.


/s/ Laura R. Gerber
Lynn Lincoln Sarko *(pro hac vice)*
Michael D. Woerner *(pro hac vice)*
Tana Lin *(pro hac vice)*
Gretchen F. Cappio *(pro hac vice)*
Laura R. Gerber *(pro hac vice)*
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Gary Gotto
Ron Kilgard
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Suite 900
Phoenix, AZ  85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

Michelle H. Blauner, BBO #549049
SHAPIRO HABER & URMY LLP
Exchange Place
53 State Street, 37th Floor
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Michael J. Brickman *(pro hac vice)*
James C. Bradley *(pro hac vice)*
Nina H. Fields *(pro hac vice)*
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 11

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

        174 East Bay Street
        Charleston, SC  29401
        Telephone: (843) 727-6500
        Facsimile: (843) 727-3103

        Guy M. Burns *(pro hac vice)*
        Jonathan S. Coleman *(pro hac vice)*
        Becky Ferrell-Anton *(pro hac vice)*
        JOHNSON, POPE, BOKOR, RUPPEL &
        BURNS, L.L.P.
        100 North Tampa Street, Ste. 1800
        Tampa, FL  33602
        Telephone: (813) 225-2500
        Facsimile: (813) 223-7118

        Robert D. Friedman
        Harris S. Miller
        Matthew J. Tuttle
        Joshua N. Cook
        BURNS & LEVINSON LLP
        125 Summer Street
        Boston, MA 02110
        Telephone: (617) 345-3000
        Facsimile: (617) 345-3299

        *Attorneys for Plaintiffs*

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 12

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, caused a true and correct copy of the above and foregoing PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY to be served via U.S. Mail and email transmission this 17th day of July, 2007, upon:

James N. Benedict
jbenedict@milbank.com
Sean M. Murphy
smurphy@milbank.com
Robert J. Liubicic
rliubicic@milbank.com
MILBANK TWEED HADLEY & MCCLOY, LLP
One Chase Manhattan Plaza
New York, NY 10005-1413

David S. Cohen
dcohen2@milbank.com
Donna F. Mulvihill
dmulvihill@milbank.com
MILBANK TWEED HADLEY & MCCLOY, LLP
International Square Building
1850 K Street, N.W.
Washington, DC 20006

James S. Dittmar
jdittmar@goodwinprocter.com
David S. Apfel
dapfel@goodwinprocter.com
Sarah Heaton concannon
sconcannon@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109

/s/ Laura R. Gerber
Attorney for the Plaintiffs

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY (CIVIL NO. 1:04-cv-11651-MLW) Page - 13

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

PLAINTIFFS' MEM. IN REPLY TO DEFENDANTS' MEM. OF
LAW IN OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCOVERY
(CIVIL NO. 1:04-cv-11651-MLW) Page - 14

N:\CLIENTS\26488\1\PLEADINGS\PLREPLYMTCDISC071707.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384