**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of THE FIDELITY MAGELLAN FUND, FIDELITY CONTRAFUND, FIDELITY GROWTH & INCOME PORTFOLIO I FUND, FIDELITY BLUE CHIP GROWTH FUND, and FIDELITY LOW-PRICED STOCK FUND, <br><br>  Plaintiffs, <br><br> vs. <br><br> FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC., <br><br>  Defendants. | CIVIL NO. 1:04-cv-11651-MLW (Lead Case) <br><br> CIVIL NO. 1:04-cv-11756-MLW (Consolidated Case) |

**DECLARATION OF RUSSELL F. PEPPET**

Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, I, Russell F. Peppet, hereby declare as follows:

1.   I make this declaration in support of Defendants' Opposition to Plaintiffs' Renewed Motion to Compel Discovery, which seeks information identifying the total compensation paid by Fidelity to each of the portfolio managers of the funds that are the subject of this litigation.

2.   I am a Certified Public Accountant, and have designed and installed cost accounting systems for over forty years. I have consulted with, and designed fund profitability systems for, numerous mutual fund groups. I have also testified as an expert concerning fund profitability systems in two prior cases brought under Section 36(b) of the Investment Company Act of 1940 alleging excessive management fees: *Gartenberg v. Merrill Lynch Asset Management, Inc.*, and *Krinsk v. Fund Asset Management, Inc*.

3.   I have been retained by counsel to Defendants as a consulting expert in connection with issues relating to the Fund Profitability systems in place at Fidelity Management and Research Company

1

2

("FMR Co."). I have reviewed Plaintiffs' Renewed Motion to Compel Discovery, the Declaration of Laura R. Gerber, and the documents attached thereto. I have also reviewed the Declarations of James D. Lamb, Plaintiffs' consulting expert with regard to cost accounting issues, and Steve Pomerantz, Plaintiffs' consulting expert with regard to economies of scale.

4. Mr. Lamb contends that, from a cost accounting perspective, "[i]t is impossible to determine the true profitability of the mutual funds" unless Fidelity produces compensation figures for individual portfolio managers. Lamb Decl. ¶ 6. Dr. Pomerantz, too, opines that this information is necessary in order to analyze fund profitability. Pomerantz Decl. ¶ 12.

5. I disagree with Mr. Lamb and Dr. Pomerantz with respect to whether the details of individual portfolio manager compensation are relevant to an analysis of fund profitability.

6. The purpose of a cost accounting system is to ensure that there is a reasonable and logical basis for identifying a company's revenue and cost items and aggregating and allocating those items in a manner that provides a reasonable depiction of the profitability to the company of a particular product, service, function, department, branch, etc. A cost accountant should ensure that the accounting for and inclusion of various costs are appropriate, that the method by which the system aggregates cost items (*i.e.*, what detailed line items are included in which cost pools) is proper, and that the allocation methodologies used to distribute costs incurred by the company to the various products of that entity are reasonable and logical. If an item of expense (*e.g.*, employee cost data) incurred by a company is accounted for in the books and records of that entity and reported in accordance with suitable, professional standards, then the amount of one component of that item of expense is not relevant to the determination of whether the accounting itself was proper.

7. I understand that the Plaintiffs in this case have been provided with Fidelity's aggregate cost data. I also understand from the declaration of Dr. Pomerantz that Plaintiffs have been provided with the allocation methodology Fidelity uses to allocate the cost of portfolio managers' compensation within FMR Co. to a particular fund. Pomerantz Decl. ¶ 13 n.4.

2

8.  In light of the above, the magnitude of individual portfolio manager compensation is not relevant to forming an opinion of whether that compensation is a cost element that is properly attributed to the funds at issue. Similarly, so long as one knows the method by which individual portfolio manager compensation is allocated, the magnitude of that compensation is not relevant to formulating an opinion as to whether the allocation is logical and reasonable.

9.  Therefore, it is my opinion that individual portfolio manager compensation information is not relevant to a determination of whether portfolio manager compensation can properly be allocated to a particular fund or whether the allocation methodologies used by Fidelity to calculate individual fund profitability are fair and reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of October, 2007.

_____
Russell F. Peppet