# EXHIBIT 1

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

September 21, 2007



BY FEDERAL EXPRESS

Nina H. Fields, Esq.
Richardson Patrick Westbrook & Brickham
174 East Bay Street (29401
Charleston, SC 29402

Becky Ferrell-Anton
Johnson Pope Bokor Ruppel & Burns LLP
403 E. Madison St. Suite 400
Tampa, FL 33602

Matt Tuttle
Burns & Levinson LLP
125 Summer St.
Boston, MA 02110-1624

## Bennett v. Fidelity Management & Research Co.

Dear Ms. Ferrell-Anton, Ms. Fields & Mr. Tuttle:

Enclosed please find documents produced by Donald J. Kirk, pursuant to our agreement in the above matter (Bates Range DJK00000001-00005882). The production consists of documents collected in 2005 and responsive to the subpoenas served on the Independent Trustees in this matter that are relevant to the complex-wide questions and five funds at issue in the litigation. We appreciate your extension of the date for production, per my conversation with Ms. Fields earlier this week.

Certain material in the production has been designated "Confidential Information" pursuant to the August 3, 2006 Stipulation and Protective Order in this matter, and is subject to the limitations on access and non-disclosure provisions contained therein. Material designated "Outside Counsels' Eyes Only" is subject to the limitations on access and non-disclosure provisions accorded Confidential Information, and is provided with the additional expectation that you agree to limit access to or disclosure of such material to outside counsel to the parties in this litigation and their authorized secretarial, office,

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

Becky Ferrell-Anton                    2                    September 21, 2007

and legal assistant staffs, any independent experts or consultants retained by such counsel to assist in the prosecution or defense of this litigation, and the Court.

Among the documents responsive to the subpoena that are relevant to the five funds or to complex-wide issues, and in the possession, custody or control of Mr. Kirk, were documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or other applicable privileges. Such documents were withheld from production in whole or in part and are identified, along with the privilege asserted and its basis, in a log which will be provided to you separately.

Sincerely,

Shannon Rose Selden

cc:    James N. Benedict, Esq.
       James S. Dittmar, Esq.

Enclosures

# EXHIBIT 2

LAW OFFICES OF

# KELLER ROHRBACK L.L.P.

| | | | |
|---|---|---|---|
| LAURIE B. ASHTON ③ ④ ⑥ ❶ | RAYMOND J. FARROW | THOMAS E. LOESER ③ ❷ | MARGARET E. WETHERALD ⑧ |
| IAN S. BIRK | DANIEL S. FRIEDBERG ❸ | JOHN MELLEN ⑧ | AMY WILLIAMS-DERRY ⑧ |
| STEPHEN R. BOATWRIGHT ① ⑥ ❸ | GLEN P. GARRISON ⑤ | GRETCHEN S. OBRIST | MICHAEL WOERNER |
| KAREN E. BOXX ❷ | LAURA R. GERBER | ROBERT S. OVER ⑦ ❷ | BENSON D. WONG |
| JOHN H. BRIGHT | GARY A. GOTTO ③ ⑥ ❸ | AMY PHILLIPS | |
| GRETCHEN FREEMAN CAPPIO | MARK A. GRIFFIN | LORRAINE LEWIS PHILLIPS | ① ADMITTED IN ARIZONA |
| JASON P. CHUKAS | GARY D. GREENWALD ❶ ⑥ ❸ | ERIN M. RILEY ❶ | ② ALSO ADMITTED IN ARIZONA |
| DAVID Y. CHEN ⑥ | AMY N.L. HANSON ❷ | DAVID J. RUSSELL | ③ ALSO ADMITTED IN CALIFORNIA |
| T. DAVID COPLEY ② | IRENE M. HECHT | MARK D. SAMSON ③ ⑥ ❸ | ④ ALSO ADMITTED IN COLORADO |
| ALICIA M. CORBETT ① ⑥ ❸ | SCOTT C. HENDERSON | LYNN LINCOLN SARKO ❷ ❸ | ⑤ ALSO ADMITTED IN IDAHO |
| CLAIRE CORDON ❷ | RON KILGARD ❶ ⑥ ❸ | FREDERICK W. SCHOEPFLIN | ⑥ ALSO ADMITTED IN ILLINOIS |
| SHANE P. CRAMER ② | BENJAMIN J. LANTZ | WILLIAM C. SMART | ⑦ ALSO ADMITTED IN MARYLAND |
| ROB J. CRICHTON ⑧ | HEIDI LANTZ | THOMAS A. STERKEN | ⑧ ALSO ADMITTED IN MICHIGAN |
| CHLOETHIEL W. DEWEESE | CARI CAMPEN LAUFENBERG | RYAN J. STRAUS | ⑨ ALSO ADMITTED IN NEW YORK |
| MAUREEN M. FALECKI ③ | ELIZABETH A. LELAND | KARIN B. SWOPE | ❶ ALSO ADMITTED IN OHIO |
| JULI FARRIS ③ ❷ | TANA LIN ⑧ ❷ | BRITT L. TINGLUM ❷ | ❷ ALSO ADMITTED IN WASHINGTON, D.C. |
| TYLER L. FARMER ③ ❷ ❶ | DEREK W. LOESER | LAURENCE R. WEATHERLY | ❸ ALSO ADMITTED IN OREGON |
| | | | ❹ ALSO ADMITTED IN WISCONSIN |
| | | | ❺ NOT ADMITTED IN WASHINGTON |
| | | | ❻ OF COUNSEL |

September 28, 2007

<u>*Via email*</u>

Mr. John S. Kiernan
Ms. Shannon R. Selden
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022

Mr. James N. Benedict
Mr. Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005-1413

Mr. James S. Dittmar
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109

Re:    *Bennett v. Fidelity Management & Research Company and FMR Co., Inc.,*
       <u>Nos. 04-cv-11651-MLW (Lead case) & 04-cv-11756-MLW (Consolidated case)</u>

Dear Counsel:

After reviewing Donald Kirk's documents, we have determined that we need to depose Mr. Kirk in relation to this matter.

September 28, 2007                                              KELLER ROHRBACK L.L.P.
Page 2


        As Nina Fields indicated to you in her letter of August 10, 2007, our consideration of
whether to depose Mr. Kirk was conditioned on our review of his documents.  We understood
from conversations and emails between Shannon Selden and Nina Fields, including the email
dated August 29, 2007, from Shannon Selden to Nina Fields that production of Mr. Kirk's
documents would take place by September 17, 2007, if not earlier. We subsequently learned on
September 17, 2007, as a result of a telephone conversation between Nina Fields and Shannon
Selden that an extension was necessary to September 19, 2007. As you know, the production was
not sent out until late on September 21, 2007. However, the result of the delays, as well as a
misrouting of the documents to counsel who had previously withdrawn from the case, was that
counsel at Keller Rohrback did not receive the 5882 pages of Mr. Kirk's documents until
September 25, 2007. These delays in production were more than reasonably accommodated.

        Discovery is to conclude for most purposes in this matter on September 30, 2007; it is
unreasonable to arrange for Mr. Kirk's deposition before September 30; and Local Rule
26.1(a)(2) provides that the parties may not stipulate to modify discovery procedures ordered by
the court.  Consequently, we ask you to work cooperatively with us to schedule a mutually
agreeable date for Mr. Kirk's deposition and file a joint stipulated motion with us to enlarge the
discovery limit imposed by the court to allow Mr. Kirk's deposition after September 30.

        We are available to confer about this issue at your convenience.  Please let me know your
availability.



                        Very Truly Yours,


                        David Chen


                        David Y. Chen


DYC:lg
cc:      Co-counsel

# EXHIBIT 3

# MILBANK, TWEED, HADLEY & McCLOY LLP

### 1 CHASE MANHATTAN PLAZA
#### NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

SEAN M. MURPHY
PARTNER
DIRECT DIAL NUMBER
212-530-5688
FAX: 212-822-5688
E-MAIL: smurphy@milbank.com

LOS ANGELES
213-892-4000
FAX: 213-629-5063

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
020-7615-3000
FAX: 020-7615-3100

FRANKFURT
49-69-71914-3400
FAX: 49-69-71914-3500

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

BEIJING
8610-5123-5120
FAX: 8610-5123-5191

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

TOKYO
813-3504-1050
FAX: 813-3595-2790

October 5, 2007

**VIA EMAIL**

David Y. Chen, Esq.
Keller Rohrback LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101

Re:     *Bennett, et al. v. Fidelity* and *Haugen v. Fidelity, et al.*
        (Consolidated Action)  No. 1: 04-cv-11756-MLW

Dear David:

        We are in receipt of your letter dated September 28, 2007 in which you request the deposition of Donald Kirk.  We do not think that the deposition of Mr. Kirk is appropriate and will resist any efforts on your part to depose him.  As you well know, all fact discovery was to be completed by September 30, 2007.  Plaintiffs have known of Mr. Kirk and his position on the Board since the inception of this action, almost four years ago, and you did not even advise us of your intention to take his deposition until Friday, September 28th.  As of today, you still have not served a deposition notice.

        In addition, the deposition of Mr. Kirk does not make sense for a host of other reasons as well:

- Mr. Kirk is a non party witness who retired from the Fidelity Board on December 31, 2004 – almost three full years ago;

- Plaintiffs have already deposed Marie Knowles, the current Chair of the Audit Committee.  Ms. Knowles has been on the Audit Committee since January 2001 and was in a position to respond to any and all inquiries related to the Audit Committee during the entire period of time at issue in this litigation;

NY2:#4759269

October 5, 2007
Page 2

- In addition to Ms. Knowles, Plaintiffs have already taken the depositions of 4 other Independent Trustees;

- Plaintiffs have not identified any subject relevant to this litigation in which Mr. Kirk has any unique knowledge, and we know of none;

- In a letter dated July 5, 2007, Mr. Woerner stated that Plaintiffs would not depose Mr. Kirk if Defendants would confirm that he would not be called by Defendants as a witness at trial. I responded to Mr. Woerner by letter dated July 12, 2007, confirming that Mr. Kirk would not be called by Defendants as a witness at trial; and

- The Joint Motion filed on September 10, 2007 indicated that the extension of discovery to October 31, 2007 was limited to the completion of the three Fidelity depositions previously noticed (i.e., Drew Lawton, JS Wynant, and Abby Johnson), and that all other depositions would be completed by September 30, 2007. Mr. Dittmar's letter to Magistrate Judge Bowler made this point crystal clear and Plaintiffs did not raise any objections to the letter.

Please feel free to give me a call if you would like to discuss this issue further.

Very truly yours,

Sean M Murphy/s

Sean M. Murphy

Copies to:

James S. Dittmar, Esq.
John S. Kiernan, Esq.
James N. Benedict, Esq.
Michelle Blauner, Esq.
Matthew Tuttle, Esq.
Michael Woerner, Esq.

NY2:#4759269

# EXHIBIT 4

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel   212 909 6000
www.debevoise.com

John S. Kiernan
Partner
Tel   212 909 6692
Fax  212 521 7692
jskiernan@debevoise.com

October 8, 2007

BY ELECTRONIC & FIRST CLASS MAIL

David Y. Chen, Esq.
Keller Rohrback LLP
1201 Third Ave.
Suite 3200
Seattle, Washington 98101-3052

**Bennett v. Fidelity Management & Research Co.**

Dear David:

  I write to object to your proposal that Donald Kirk be produced for a deposition in this matter.

  We received your emailed letter requesting a deposition of Mr. Kirk, who is not a party to this litigation and has been retired from the Fidelity Board of Trustees for nearly three years, after 5:00 p.m. on Friday, September 28, 2007, the last business day before the court-ordered close of discovery on Sunday, September 30, 2007. A request not delivered until after the close of business on the last business day of a long discovery period is simply too late to be reasonable. Even if you had subpoenaed Mr. Kirk through us on that date and time, such a subpoena plainly would not have satisfied the requirement of Fed. R. Civ. P. 45(c)(3)(A)(i) that a non-party deposition subpoena provide a "reasonable time for compliance," since it was already too late to produce Mr. Kirk before the discovery deadline.

  Mr. Kirk is not a newly-discovered witness whose role has only just come to light. Plaintiffs have known for most or all of the time this case has been pending about Mr. Kirk's role as one of Fidelity's independent trustees during the relevant period. Plaintiffs were fully aware of him long before January of this year, when plaintiffs identified the six current or former independent trustees plaintiffs sought to depose but elected not to include him.

  To our knowledge, Mr. Kirk was not seriously mentioned as a potential deponent until August 10, 2007, when your former co-counsel first requested production of documents from him. If those documents were crucial to plaintiffs' determination

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

David Y. Chen, Esq.                     2                     October 8, 2007

whether to depose him, plaintiffs readily could have subpoenaed and reviewed them earlier. Despite the unexpected nature of plaintiffs' request late in the discovery period, we expended substantial efforts to locate and process Mr. Kirk's documents and produced them to you by overnight delivery on September 21, 2007. While this production was made four days after our initial estimate of September 17, the untimeliness of plaintiffs' request for Mr. Kirk's deposition is not attributable to that short delay.

Mr. Kirk's testimony does not fall within any category of special need that might be thought to justify excusing the untimeliness of the deposition request. Plaintiffs have already extensively deposed five independent trustees, including the current Chair of the Audit Committee and the current and former lead independent trustees, at least one of whom was serving on the Board at all times relevant to the complaint.

There is a particular personal burden associated with requiring a person who is not a party to this dispute and has been retired and away from the facts for several years to undergo the substantial effort of refamiliarizing himself with detailed facts and presenting himself for rigorous deposition in a dispute like this. Given the untimeliness of your request and the absence of need for Mr. Kirk's testimony, we believe that Mr. Kirk should not be required to proceed in this way.

Sincerely yours,

John S. Kiernan

cc:    James N. Benedict, Esq.
       Sean M. Murphy, Esq.
       James S. Dittmar, Esq.