UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. BENNETT, GUY E. MILLER, NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of THE FIDELITY MAGELLAN FUND, FIDELITY CONTRAFUND, FIDELITY GROWTH & INCOME PORTFOLIO I FUND, FIDELITY BLUE CHIP GROWTH FUND, and FIDELITY LOW-PRICED STOCK FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC., <br><br> Defendants. | No. 04-cv-11651-MLW (Lead Case) <br><br> No. 04-cv-11756-MLW (Consolidated Case) |

### DECLARATION OF NINA H. FIELDS

Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, I, Nina H. Fields, hereby declare as follows:

1. I make this Declaration in support of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Enlarge the Period for Discovery for the Limited Purpose of Conducting a Half-Day Deposition of Donald Kirk.

2. I was counsel of record in this case until September 17, 2007. I was one of the attorneys who represented Plaintiffs Nancy Haugen, Michael F. Magnan, Karen O. Magnan, Presley C. Phillips, Andrea M. Phillips, and Cindy Schurgin.

3. On August 10, 2007, I wrote a letter to Shannon Selden and John Kiernan of Debevoise & Plimpton, LLP ("Debevoise") indicating Plaintiffs' need for relevant documents from

Robert Gates and Donald Kirk—two of the independent trustees of the Fidelity mutual funds. *See* N. Fields to J. Kiernan & S. Selden, dated August 10, 2007 (attached hereto as Exhibit A). In my letter, I explained that a review of Mr. Kirk's documents would enable Plaintiffs to determine whether his deposition would be necessary. *See id.* I also specifically requested guidance as to whether formal subpoenas would be required or whether Debevoise would prefer for Plaintiffs to seek relevant documents in a more informal matter. *Id.*

4.   On August 17, 2007, I received a call from Shannon Selden of Debevoise in response to my August 10, 2007 letter. At that time, Ms. Selden indicated her willingness to produce Mr. Kirk's documents.[1] She stated during our conversation that Debevoise intended to produce the Kirk documents on September 17, 2007.

5.   I spoke with Ms. Selden again on Monday, August 27, 2007. It was my understanding from this conversation with Ms. Selden that a subpoena would not be necessary for Mr. Kirk's documents, in part, because the documents Plaintiffs were requesting of Mr. Kirk were the same categories of documents that Plaintiffs previously had requested of other trustees in the *Bennett* case. Following our August 27, 2007 telephone conversation, I sent an email to Ms. Selden to confirm my understanding from our August 17, 2007 and August 27, 2007 conversations that the Kirk documents would be produced to Plaintiffs no later than September 17, 2007 without a subpoena. *See* N. Fields email to S. Selden, dated August 27, 2007 (attached hereto as Exhibit B).

6.   On August 29, 2007, I received an email from Ms. Selden in response to my August 27, 2007 email in which she provided confirmation that Debevoise expected to produce Mr.

---

[1] Ms. Selden and I also discussed the Robert Gates documents; however, those documents are not at issue here.

Kirk's documents by September 17, if not earlier. *See* S. Selden email to N. Fields, dated August 27, 2007 (attached hereto as Exhibit B).

7. On September 17, 2007, Ms. Selden telephoned me to request additional time to produce the Kirk documents due to her having been out of town for family reasons. I agreed that the production could be delayed until later that week. It was my understanding that Ms. Selden anticipated producing the documents on September 19, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of October, 2007.

/s/ Nina H. Fields
Nina H. Fields

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent on October 22, 2007 to the following attorneys indicated as non-registered participants:

    Robert J. Liubicic
    MILBANK TWEED HADLEY & MCCLOY, LLP
    One Chase Manhattan Plaza
    New York, NY 10005-1413

    David S. Cohen
    Donna F. Mulvihill
    MILBANK TWEED HADLEY & MCCLOY, LLP
    International Square Building
    1850 K Street, N.W.
    Washington, DC 20006

                                                /s/ David Chen
                                                David Chen

# EXHIBIT A



**Nina H. Fields, Esquire**
Direct: 843.727.6542
Email: nfields@rpwb.com

Daniel M. Bradley
James C. Bradley
Michael J. Brickman
Elizabeth Middleton Burke
J. David Butler
William M. Connelly
Aaron R. Dias
Jerry Hudson Evans
Nina H. Fields
Thomas P. Gressette, Jr.
H. Blair Hahn
Daniel S. Haltiwanger
Matthew D. Hamrick
Christian H. Hartley
Gregory A. Lofstead
Christiaan A. Marcum
Daniel O. Myers
Karl E. Novak
Kimberly Keevers Palmer
Charles W. Patrick, Jr.
Gordon C. Rhea (CA, DC & USVI only)
Terry E. Richardson, Jr.
Thomas D. Rogers
A. Hoyt Rowell, III
Matthew J. Thiesing
T. Christopher Tuck
Robert M. Turkewitz
James L. Ward, Jr.
Edward J. Westbrook
Kenneth J. Wilson
Robert S. Wood
Walter McBrayer Wood

Of Counsel:
James H. Rion, Jr.
David L. Suggs (MN & NY only)

August 10, 2007

**Via Email & U. S. Mail**

John S. Kiernan, Esquire
Shannon R. Selden, Esquire
Debevoise & Plimpton, LLP
919 Third Avenue
New York, New York 10022
Email: jskiernan@debevoise.com
        srselden@debevoise.com

Re:   Bennett et al. v. Fidelity Management & Research Co., et al.
      Civil Action No.: 04-cv-11651 (Lead Case)
      Haugen et al. v. Fidelity Management & Research Co., et al.
      Civil Action No.: 04-cv-11756 (Consolidated Case)

Dear Counsel:

With fact discovery nearing a close in this case, we are evaluating the status of discovery to date. As part of that evaluation, we have recently reviewed Defendants' initial disclosures again. Among the individuals listed as possessing relevant information are former independent trustees, Robert Gates and Donald Kirk. It is our understanding that Defendants do not intend to call these gentlemen as witnesses at trial. However, not only were they identified by Defendants as possessing relevant information, discovery has revealed that both men served in key leadership roles related to the renewal of the Funds' contracts. In particular, Mr. Gates served as Chairman of the non-interested trustees and Chairman of the Operations Committee, and Mr. Kirk was Chairman of the Audit Committee. Given their knowledge of critical matters at issue in this case, Plaintiffs require, at a minimum, any relevant documents in the possession of either of these gentlemen. As such, we intend to seek of Mr. Gates and Mr. Kirk the categories of documents requested of other independent trustees in this case.

With respect to Mr. Kirk, a review of his documents will enable us to determine whether his deposition is necessary. Although Plaintiffs have no intention to depose Mr. Gates given his current position as Secretary of Defense, Plaintiffs are entitled to the relevant documents within his possession.

174 EAST BAY ST, CHARLESTON SC 29401    P.O. BOX 879, CHARLESTON, SC 29402    PH: 843.727.6500    FAX: 843.727.3103    WWW.RPWB.COM
Offices also in Barnwell, SC & Mt. Pleasant, SC                              ATTORNEYS ALSO LICENSED IN: AZ, CA, DC, FL, GA, IL, KS, MI, MN, MO, NC, NY, TX, US-VI, WI & WV

John S. Kiernan, Esquire
Shannon R. Selden, Esquire
August 10, 2007
Page 2

      While we intend to obtain all documents necessary for the effective prosecution of this litigation, we desire to minimize any potential burden on either Mr. Gates or Mr. Kirk. Thus, we are willing to work with you as to both the manner and time period for the production of responsive documents. To that end, we request guidance from you as to whether you will require formal subpoenas or whether you would prefer for Plaintiffs to seek relevant documents in a more informal manner. Similarly, we ask that you provide us with a reasonable time frame for the production of relevant documents.

      Given the approaching fact discovery deadline, we would appreciate a response as soon as possible. If we do not hear from you by August 17, 2007, we will assume it is necessary to issue formal subpoenas. We look forward to hearing from you.

Sincerely,

Nina H. Fields

NHF/ld
cc:   James Benedict, Esquire
       Sean Murphy, Esquire
       James Dittmar, Esquire
       Robert D. Friedman, Esquire
       Harry S. Miller, Esquire
       Matthew Tuttle, Esquire
       Michelle H. Blauner, Esquire
       Michael Woerner, Esquire
       Laura Gerber, Esquire
       David Chen, Esquire
       Becky Ferrell-Anton, Esquire
       Michael Brickman, Esquire
       James Bradley, Esquire

# EXHIBIT B

## Nina Fields

**From:** Selden, Shannon R. [srselden@debevoise.com]
**Sent:** Wednesday, August 29, 2007 12:44 PM
**To:** Nina Fields
**Cc:** Mike Woerner; Michelle Blauner; Laura Gerber; David Chen; Matthew J. Tuttle; Michael Brickman
**Subject:** RE: Bennett v. Fidelity: Kirk and Gates Documents

Nina -

As I mentioned on the phone, we expect to be able to produce Mr. Gates's documents by the end of September. He was only able to locate a small number of post-2005 documents, but to the extent they fall within the relevant non-privileged categories, we will include them with the earlier material. We expect to be able to produce Mr. Kirk's relevant, non-privileged documents by September 17 but if we can send them earlier, we will.

I have one question on a separate matter: If you, or one of your colleagues, could send me with the names of anyone who intends to attend Mr. McCoy's deposition at our offices tomorrow, I will provide them to lobby security.
Regards,
Shannon

**From:** Nina Fields [mailto:nfields@rpwb.com]
**Sent:** Monday, August 27, 2007 3:01 PM
**To:** Selden, Shannon R.
**Cc:** Mike Woerner; Michelle Blauner; Laura Gerber; David Chen; Matthew J. Tuttle; Michael Brickman
**Subject:** Bennett v. Fidelity: Kirk and Gates Documents

Shannon,

I am writing to follow up on our conversation this morning regarding the Kirk and Gates documents. We are cognizant of Mr. Gates' current position and, as such, are willing to limit the production of his documents to those materials that cover a time period through the summer of 2005 (i.e., the materials you have already gathered) and the reasonably accessible file that you referenced during our call, which contains materials that post-date the summer of 2005. Please let me know when you expect to be able to produce those to us.

With respect to Mr. Kirk's documents, it is my understanding that you will produce these documents no later than September 17, 2007. However, I reiterate my request that you attempt to produce them earlier.

I understand that you will produce documents for both Mr. Kirk and Mr. Gates without a subpoena.

Please let me know if you have any questions. I look forward to hearing back from you.

Nina


Nina H. Fields
Attorney
Richardson, Patrick, Westbrook & Brickman, LLC
174 East Bay Street
Post Office Box 879
Charleston, South Carolina 29402
Telephone: 843-727-6542
Fax: 843-727-3103
Email: nfields@rpwb.com


10/19/2007