```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

CYNTHIA BENNETT, et al.         )
                                )
                                )
        v.                      )   C.A. NO. 04-11651-MLW
                                )
FIDELITY MANAGEMENT & RESEARCH  )
COMPANY, et al.                 )

                    MEMORANDUM AND ORDER

WOLF, D.J.                                        June 27, 2008

Plaintiffs have filed objections to two orders of Magistrate Judge Marianne Bowler that, among other things, granted Defendants' Motion for a Protective Order to Quash the Deposition Notice of Edward C. Johnson 3d and denied Plaintiffs' Renewed Motion to Compel Discovery concerning the amount of compensation paid to certain investment fund managers. Magistrate Judge Bowler's pretrial orders are reversible only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Auto Europe, LLC v. Conn. Indem. Co., 321 F.3d 60, 64 (1st Cir. 2003).

As to the deposition of Edward Johnson III, it is uncontested that plaintiffs did not use all the depositions to which they were entitled and declined to depose lower-level executives whom defendants claim had relevant knowledge concerning Fidelity's unusual fee structure and potential conflicts of interest. Johnson filed an affidavit in which he stated that he did not recall specific details relating to the fee structure. The court therefore finds that Magistrate Judge Bowler's conclusions that a deposition

of Johnson would be unduly burdensome, unreasonably cumulative or duplicative, and largely obtainable from less burdensome sources is not clearly erroneous or contrary to law.

Regarding the other objection, the parties do not dispute that the requested information on compensation to individual investment managers is extremely sensitive from a competitive standpoint. Plaintiffs' experts have testified in similar cases in the past that this information would not affect their conclusions about the reasonableness of fees. Magistrate Judge Bowler held a lengthy hearing and considered the issue on at least two occasions. Since Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), does not at the very least unambiguously refer to the type of payments about which plaintiffs seek discovery, Magistrate Judge Bowler's ruling on this issue is likewise not clearly erroneous or contrary to law.

Therefore, it is hereby ORDERED that Plaintiffs' objections (Docket Nos. 131 and 133) are DENIED.

                                        /s/ Mark L. Wolf
                               UNITED STATES DISTRICT JUDGE