UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA BENNETT, et al | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|       v. | ) | C.A. No. 04-11651-MLW |
| | ) | (Lead case) |
| | ) | |
| FIDELITY MANAGEMENT & RESEARCH | ) | C.A. No. 04-11756-MLW |
| CO., et al | ) | (Consolidated case) |
|     Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                              January 10, 2011

Defendants manage five mutual funds (the "Funds") in which plaintiffs own shares.  Plaintiffs allege that defendants charged the Funds excessive fees in violation of §36(b) of the Investment Company Act of 1940 ("§36(b)"), codified at 15 U.S.C. §80a-35(b). After the parties filed and briefed opposing motions for summary judgment, the Supreme Court granted certiorari in Jones v. Harris Associates L.P.  See 129 S. Ct. 1579 (2009).  The instant case was stayed pending a decision in Jones.  See Aug. 11, 2009 Order.  The Supreme Court issued its decision in Jones on March 30, 2010, see 130 S. Ct. 1428 (2010), and the stay was lifted.  The parties submitted supplemental briefing on their motions for summary judgment in light of Jones.  A hearing was held on January 7, 2011.

At the hearing, plaintiffs confirmed that they are withdrawing their Motion for Partial Summary Judgment.  This oral motion to withdraw is being allowed.  The parties also confirmed that their Joint Motion Concerning Summary Judgment Materials Under Seal ("Joint Motion") renders moot plaintiffs' previous Motion for

Reconsideration of Orders to File Summary Judgment Materials Under Seal ("Motion for Reconsideration").   Accordingly, the parties Joint Motion is being allowed, and plaintiffs' Motion for Reconsideration is moot.

At the hearing, the parties presented argument with regard to defendants' Motion for Summary Judgment.  Throughout, both parties made reference to a small number of exhibits that were scattered throughout the voluminous record.   It became clear that although the parties had refocused their legal arguments after Jones, they continued to rely on pre-Jones filings that had not presented the evidence in a similar manner.  The purposes of Rule 56.1 of the Local Rules of the United States District Court for the District Court of Massachusetts are not satisfied by the existing submissions.  Therefore, additional submissions are being ordered.

After Jones, the ultimate standard of liability under §36(b) is whether an investment adviser charged a fee that was so disproportionately large that it bore no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining.   See Jones, 130 S. Ct. at 1426; see also Gartenberg v. Merrill Lynch Asset Mgmt., 694 F.2d 923, 928 (2d Cir. 1982).  Plaintiffs bear the burden of proof.  Jones, 130 S. Ct. at 1427.

To determine if a defendant's fees were "so disproportionately large," courts must examine all pertinent facts, including specific

factors, first articulated in <u>Gartenberg</u>. <u>Id.</u> at 1425.  The
Supreme Court enumerated those factors as follows: (1) the
adviser's cost in providing services; (2) the extent to which the
adviser realized and shared economies of scale; (3) the volume of
orders that the adviser had to process; (4) comparisons between the
challenged fees and fees charged to competitor mutual funds and/or
to the adviser's non-mutual fund clients; (5) the nature and
quality of the services provided to the mutual fund and its
shareholders; (6) the profitability of the mutual fund to the
adviser; (7) any "fall-out financial benefits" that accrued to the
adviser as a result of its relationship with the mutual fund; and
(8) the independence, expertise, care, and conscientiousness of the
mutual fund's board of trustees in evaluating the challenged fees.
<u>See</u> <u>id.</u> at 1425-26 & n.5.

In the summary judgment context, the court must consider "all
the competent evidence and attendant reasonable inferences . . .
assessed in the light most favorable to the nonmoving party."
<u>Gonzalez v. El Dia, Inc.</u>, 304 F.3d 63, 68 (1st Cir. 2002).  "When
a party fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party bears the burden of proof at trial, there can no
longer be a genuine issue as to any material fact . . . and the
moving party is entitled to judgment as a matter of law." <u>Smith v.
Stratus Computers, Inc.</u>, 40 F.3d 11, 12 (1st Cir. 1994).

Accordingly, plaintiffs are being ordered to, in no more than 40 pages, identify the evidence they rely upon to place in genuine dispute each applicable <u>Gartenberg</u> factor, and then address why those disputed factors would, if decided in plaintiffs' favor, be sufficient to persuade a reasonable finder of fact that the challenged fees were so disproportionately large that they bore no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining.   In response, defendants shall explain, in no more than 40 pages, why the evidence identified by plaintiffs either is not admissible, does not raise genuine issues of fact material to the existence of the factor at issue, and why the factors in genuine dispute are insufficient in aggregate to permit a reasonable finder of fact to conclude that plaintiffs are entitled to prevail.   Plaintiffs may submit a reply of no more than 15 pages.   The submissions shall include copies of the documentary evidence on which the parties rely, assembled in an accessible form.

The parties' submissions shall also address: (i) the relevance and scope of the transfer agent agreement(s) with regard to the provision of services to the Funds; (ii) the degree, if any, to which the court is required, either on summary judgment or at trial, to consider the issues concerning each of the five Funds separately; and (iii) whether any particular Fund's asset levels increased at the same time that Fidelity's complex-wide asset

levels fell, and, if so, whether that resulted in a disproportionately large fee for that Fund that was unlawful under §36(b).

Accordingly, it is hereby ORDERED that:

1.   Plaintiffs' Motion to Withdraw their Motion for Partial Summary Judgment, made orally at the January 7, 2011 hearing, is ALLOWED, and plaintiffs' Motion for Partial Summary Judgment (Docket No. 153) is WITHDRAWN.

2.   The parties' Joint Motion Concerning Summary Judgment Materials Under Seal (Docket No. 249) is ALLOWED.   Except for Exhibit 92 (Docket No. 207-18), all sealed documents are UNSEALED. By February 4, 2011, the parties shall file a redacted version of Exhibit 92 for the public record.

3.   Plaintiffs' Partially Assented-To Motion for Reconsideration of Orders to File Summary Judgment Materials Under Seal (Docket No. 243) is MOOT.

4.   The parties shall order the transcript of the January 7, 2011 hearing.

5.   By January 26, 2011, the parties shall meet to discuss settlement and report whether they have agreed to settle this case. If no settlement has been reached, the parties shall report: (i) whether they request more time to continue their discussions; (ii) wish to engage in mediation by this court, a magistrate judge, or a private mediator; or (iii) wish to make their supplemental

submissions on the schedule established by this Order.

6.    Plaintiffs shall make the supplemental submission regarding summary judgment described herein above by February 4, 2011.  Defendants shall respond by February 25, 2011.  Plaintiffs shall file any reply by March 11, 2011.  These submissions shall be made in the form required by Local Rule 56.1.

7.  A hearing on defendants' Motion for Summary Judgment will be held on March 23, 2011, at 2:00 p.m.  Representatives of each party with full settlement authority shall attend.


                              _____/s/ Mark L. Wolf_____
                              UNITED STATES DISTRICT JUDGE